EXHIBIT "A"

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California 91367
   Tel:   (818) 347-3333
4  Fax:  (818) 347-4118

5

6

7

8

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 30 2021

BY _____
EDUARDO HERNANDEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 9  CANDIDO SESMA and CECILIA<br>10  SESMA, individually and as successors<br>in interest to CHARLES SESMA,<br>11  deceased,<br><br>12  Plaintiffs,<br><br>13  vs.<br><br>14  STATE OF CALIFORNIA; and DOES<br>15  1-20, inclusive,<br><br>16  Defendants. | Case No. **CIV SB 2 1 2 0 2 0 7**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Fourteenth Amendment—Substantive Due Process<br>5. Battery (wrongful death and survival)<br>6. Negligence (wrongful death and survival)<br>7. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Candido Sesma and Cecilia Sesma, individually and as successors in interest to DECEDENT Charles Sesma, for their Complaint against Defendants State of California, and Does 1-20, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

2.     Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because Defendants reside in the County of San Bernardino, California.

## INTRODUCTION

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal California Highway Patrol officer-involved shooting of the decedent, Charles Sesma, on August 6, 2020.

## PARTIES

4.     At all relevant times, DECEDENT was an individual residing in the City of Murrieta, California.

5.     Plaintiff CANDIDO SESMA ("CANDIDO") is and was, at all times pertinent hereto, an individual residing in the City of Murrieta, California, and is DECEDENT's natural father. CANDIDO brings claims under state and federal law

1  in his individual capacity. CANDIDO seeks damages to the extent permitted by

2  law.

3    6.    Plaintiff CECILIA SESMA ("CECILIA") is and was, at all times

4  pertinent hereto, an individual residing in the City of Murrieta, California, and is

5  DECEDENT's natural mother. CECILIA brings claims under state and federal law

6  in her individual capacity. CECILIA seeks damages to the extent permitted by law.

7    7.    At all relevant times, Defendant STATE OF CALIFORNIA

8  ("STATE") is a duly created and existing public entity. The STATE operates and

9  manages the California Highway Patrol ("CHP") and is and at all relevant times was

10 responsible for the management and overseeing of the CHP, for the actions or

11 inactions of the Defendants DOES 1-20, and for the policies, practices and/or

12 customs relating to the CHP. At all relevant times, STATE was the employer of

13 Defendants DOES 1-20.

14   8.    Defendants DOES 1-15 ("DOE CHP OFFICERS") are officers

15 working for the CHP and the State of California. At all relevant times, DOE CHP

16 OFFICERS were acting under color of law within the course and scope of their

17 duties as officers for the CHP. At all relevant times, DOE CHP OFFICERS were

18 acting with the complete authority and ratification of their principal, Defendant

19 STATE.

20   9.    Defendants DOES 15-20 are managerial, supervisorial, and

21 policymaking employees of the CHP, who were acting under color of law within the

22 course and scope of their duties as managerial, supervisorial, and policymaking

23 employees for the CHP and the STATE. DOES 15-20 were acting with the

24 complete authority and ratification of their principal, Defendant STATE.

25   10.   On information and belief, DOES 1-20 were residents of the County of

26 San Bernardino.

27

28

11.     In doing the acts and filing and omitting to act as hereinafter described, Defendants DOE CHP OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 15-20.

12.     In doing the acts and filing and omitting to act as hereinafter described, Defendants DOES 1-20 were acting on the implied and actual permission and consent of the STATE.

13.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-20, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend their complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

16.     DOES 1-20 are sued in their individual capacities.

17.     On November 11, 2020, Plaintiffs CANDIDO and CECILIA filed comprehensive and timely claims for damages with the STATE pursuant to applicable sections of the California Government Code.  These claims were rejected by STATE on February 12, 2021.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17 of their Complaint with the same force and effect as if fully set forth herein.

19.    At the time of the shooting incident giving rise to this lawsuit, DECEDENT was a 44 year-old male.

20.    On August 6, 2020, DECEDENT was at or near the intersection of Haven Avenue and Guasti Road in the City of Ontario, California.

21.    Defendants DOE CHP OFFICERS spotted DECEDENT and approached him.  On information and belief, at the time of their contact with DECEDENT, DOE CHP OFFICERS did not have reasonable suspicion to believe that DECEDENT had violated the law, and they did not have any legitimate law enforcement purpose in contacting DECEDENT.

22.    On information and belief, DOE CHP OFFICERS approached DECEDENT who was experiencing a mental health crisis.

23.    On information and belief, DOE CHP OFFICERS ignored clear signs of DECEDENT's mental state and failed to de-escalate this situation involving an individual with severe emotional distress.

24.    While acting under color of state law and in the course and scope of their duties as law enforcement officers for the CHP, DOE CHP OFFICERS fired multiple shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him.

25.    At all relevant times, including during all of the shots, DECEDENT was not holding a gun or a knife and posed no immediate threat of death or serious bodily injury.  Therefore, the shooting was excessive and unreasonable.  There were also less than lethal alternative to detain or arrest the Decedent.

26.    On information and belief, DOE CHP OFFICERS failed to give DECEDENT a warning that deadly force would be used prior to shooting.  The

-4-
COMPLAINT FOR DAMAGES

1  shooting violated DOE CHP OFFICERS' training and standard police officer
2  training, including violating training with respect to the use of deadly force.

3      27.    On information and belief, after being shot with rounds from a lethal
4  firearm, DECEDENT was immobile, bleeding profusely, and in obvious and critical
5  need of emergency medical care and treatment. Defendants did not timely summon
6  medical care or permit medical personnel to treat DECEDENT. The delay of
7  medical care to DECEDENT caused DECEDENT extreme physical and emotional
8  pain and suffering, and was a contributing cause of DECEDENT'S death.

9      28.    Plaintiffs CANDIDO and CECILIA are DECEDENT's successor in
10  interest as defined in Section 377.11 of the California Code of Civil Procedure and
11  succeeds to DECEDENT's interest in this action as the parents of DECEDENT.

12      29.    Plaintiffs incurred funeral and burial expenses as a result of the
13  shooting.
14
15                    **FIRST CLAIM FOR RELIEF**
16          **Unreasonable Search and Seizure –Detention and Arrest**
17                       **(42 U.S.C. § 1983)**
18          **( By All Plaintiffs against Defendants DOE CHP OFFICERS)**
19      30.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
20  through 29 of this Complaint with the same force and effect as if fully set forth
21  herein.

22      31.    The Fourth Amendment of the United States Constitution guarantees
23  all persons the right to be free from unreasonable detention in violation of their right
24  to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which
25  violates this right. DOE CHP OFFICERS violated DECEDENT's right to be free
26  from unreasonable search and seizures, which is guaranteed to him by the Fourth
27
28

1   Amendment to the United States Constitution and applied to state actors by the

2   Fourteenth Amendment.

3        32.    At all relevant times, the DOE CHP OFFICERS acted under color of

4   state law.  DOE CHP OFFICERS had no reasonable suspicion to approach

5   DECEDENT, detain him, and attempted an arrest without probable cause.  In

6   addition to the detention itself being unreasonable, the scope and manner of the

7   detention was unreasonable.  It was not necessary to use force against DECEDENT

8   in order to take him into custody, if that were even necessary.

9        33.    The conduct of the DOE CHP OFFICERS was willful, wanton,

10  malicious, and done with an evil motive and intent and a reckless disregard for the

11  rights and safety of DECEDENT and therefore warrants the imposition of

12  exemplary and punitive damages as to the DOE CHP OFFICERS.  As a direct result

13  of the unreasonable detention, DECEDENT experienced severe pain, suffering and

14  the loss of life and enjoyment of life, for which he, through his successor in interest,

15  is entitled to recover damages.

16       34.    Plaintiffs bring this claim as successors-in-interest to DECEDENT.

17  Plaintiffs seek survival damages on this claim, including for DECEDENT's injuries,

18  pre-death pain and suffering and loss of life and loss of enjoyment of life.  Plaintiffs

19  also seek attorney's fees under this claim.

20

21                    **SECOND CLAIM FOR RELIEF**

22   **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

23        **(By All Plaintiffs Against Defendants DOE CHP OFFICERS)**

24       35.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

25  through 34 of their Complaint with the same force and effect as if fully set forth

26  herein.

27

28

36.    On August 6, 2020, DECEDENT was at or near the intersection of Haven Avenue and Guasti Road, Ontario, California, when DOE CHP OFFICERS spotted and approached him.

37.    On information and belief, DOE CHP OFFICERS approached DECEDENT who was showing clear signs of mental crisis.  DOE CHP OFFICERS ignored the clear signs of DECEDENT's mental crisis and also failed to de-escalate this situation involving a mentally distressed individual.

38.    While acting under color of state law and in the course and scope of their duties as law enforcement officers for the CHP, DOE CHP OFFICERS fired multiple shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him.

39.    At all relevant times, including during all of the shots, DECEDENT was not armed with a gun or a knife at any point during the incident and posed no immediate threat of death or serious bodily injury to the officers or anyone else around him.  Therefore, the shooting was excessive and unreasonable.  There were also less than lethal alternatives to detain or to take the Decedent into custody.

40.    On information and belief, DOE CHP OFFICERS failed to give DECEDENT a warning that deadly force would be used prior to shooting.  The shooting violated DOE CHP OFFICERS' training and standard police officer training, including violating training with respect to the use of deadly force and with respect to the use of special approaches that needs to be used when contacting with people with mental crisis.

41.    Defendants' unjustified shooting and other uses of force against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.   As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death at the hospital after the shooting, loss of enjoyment of life, loss of life, and lost earning capacity.

43.   The conduct of DOE CHP OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the DOE CHP OFFICERS.

44.   Plaintiffs bring this claim as successors-in-interest to DECEDENT. Plaintiffs seek survival damages on this claim, including for DECEDENT's injuries, pre-death pain and suffering and loss of life and loss of enjoyment of life.  Plaintiffs also seek attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

### (By All Plaintiffs against DOE CHP OFFICERS)

45.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 44 of their Complaint with the same force and effect as if fully set forth herein.

46.   On information and belief, after being shot with a lethal firearm, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT's death.

47.   The denial of medical care by DOE CHP OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches

1    and seizures as guaranteed to him under the Fourth Amendment to the United States

2    Constitution and applied to state actors by the Fourteenth Amendment.

3        48.    As a result of the foregoing, DECEDENT suffered great physical pain

4    and emotional distress up to the time of his death, loss of enjoyment of life, loss of

5    life, and loss of earning capacity.

6        49.    DOE CHP OFFICERS knew that failure to provide timely medical

7    treatment to DECEDENT could result in further significant injury or the

8    unnecessary and wanton infliction of pain, but disregarded that serious medical

9    need, causing DECEDENT great bodily harm and death.

10        50.    DECEDENT survived for a period of time after incident. He was

11    transported from the scene of the shooting to the hospital, where he died on the date

12    of the shooting.

13        51.    The conduct of DOE CHP OFFICERS was willful, wanton, malicious,

14    and done with reckless disregard for the rights and safety of DECEDENT and

15    therefore warrants the imposition of exemplary and punitive damages as to DOE

16    CHP OFFICERS.

17        52.    As a result of their misconduct, Defendants DOE CHP OFFICERS are

18    liable for DECEDENT's injuries, either because they were integral participants in

19    the use of excessive force and denial of medical care, or because they failed to

20    intervene to prevent these violations.

21        53.    Plaintiffs bring this claim as successors-in-interest to DECEDENT.

22    Plaintiffs seek survival damages on this claim, including for DECEDENT's injuries,

23    pre-death pain and suffering and loss of life and loss of enjoyment of life. Plaintiffs

24    also seek attorney's fees under this claim.

25

26

27

28

## **FOURTH CLAIM FOR RELIEF**

**Fourteenth Amendment-Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against DOE CHP OFFICERS)

54.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.     DOE CHP OFFICERS acted under color of state law at all relevant times.

56.     Plaintiff CANDIDO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff CANDIDO's familial relationship with his son, DECEDENT.

57.     Plaintiff CECILIA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff CECILIA's familial relationship with her son, DECEDENT.

58.     By engaging in the foregoing conduct, DOE CHP OFFICERS deprived Plaintiffs of their rights to a familial relationship with DECEDENT in such a manner as to shock the conscience, including by using excessive and unreasonable deadly force against him and by denying him medical care, all of which caused injuries that resulted in DECEDENT's death.  This conduct violated Plaintiffs' rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

59.     By engaging in the foregoing conduct, DOE CHP OFFICERS acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement

objective. DOE CHP OFFICERS is liable to Plaintiffs for the interference with their familial relationship.

60.     As a direct and proximate cause of the acts of DOE OFFICERS, all Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

61.     All Plaintiffs bring this claim individually and seek wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §820 and California Common Law)**

**(Wrongful death and survival claim)**

(By all Plaintiffs against DOE CHP OFFICERS and STATE)

62.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 61 of their Complaint with the same force and effect as if fully set forth herein.

63.     DOE CHP OFFICERS, while working and acting within the course and scope of their duties as law enforcement officers for the CHP shot DECEDENT.  At the time of the shooting, DECEDENT was not armed with a firearm or a knife and posed no immediate threat of death or serious bodily injury.  As such, the shooting was excessive and objectively unreasonable.

64.     As a direct and proximate result of the shots fired by DOE CHP OFFICERS as alleged above, DECEDENT sustained injuries, died from his injuries and also lost his earning capacity.  As a direct and proximate result of DOE CHP OFFICERS' shots and other misconduct as set forth herein, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

65.    The State is vicariously liable for the wrongful acts of DOE CHP OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66.    The conduct of DOE CHP OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as the successors in interest to DECEDENT, to an award of exemplary and punitive damages as to DOE CHP OFFICERS.

67.    Plaintiff CANDIDO brings this claim individually and as a successor-in-interest to DECEDENT.  Plaintiff CANDIDO seeks wrongful death and survival damages on this claim, including for DECEDENT's loss of life and loss of enjoyment of life.

68.    Plaintiff CECILIA brings this claim individually and as a successor-in-interest to DECEDENT.  Plaintiff CANDIDO seeks wrongful death and survival damages on this claim, including for DECEDENT's loss of life and loss of enjoyment of life.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(Wrongful death and survival claim)

(Against all Defendants)

69.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 68 of their Complaint with the same force and effect as if fully set forth herein.

70.    Police officers, including DOE CHP OFFICERS, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

71.    DOE CHP OFFICERS breached this duty of care.  The actions and inactions of Defendants DOE CHP OFFICERS were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use deadly force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)    the negligent use of deadly force against DECEDENT, including negligently shooting at an individual experiencing mental crisis;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise DOE CHP OFFICERS with respect to the use of deadly force;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(g)    the negligent communication of information during the incident.

72.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love,

companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

73.    The STATE is vicariously liable for the wrongful acts of Defendants DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74.    Plaintiffs CANDIDO and CECILIA bring this claim individually and as successors-in-interest to DECEDENT.  Plaintiffs seek wrongful death damages, including funeral and burial expenses, and survival damages on this claim, including for DECEDENT's loss of life and loss of enjoyment of life.

## SEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against all the Defendants)

75.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 74 of their Complaint with the same force and effect as if fully set forth herein.

76.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from intentionally interfering with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights.  Here, DOE CHP OFFICERS acted with a reckless disregard for DECEDENT's constitutional rights when they shot him, which shows DOE CHP OFFICERS' intent to violate DECEDENT's constitutional rights.

77.    On information and belief, DOE CHP OFFICERS, while working for the CHP and the STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against

DECEDENT, including fatally shooting him with a firearm without justification or excuse and denying him necessary medical care, to prevent DECEDENT from exercising his right to be free from excessive force or to retaliate against DECEDENT for having exercised his constitutional rights.

78.    When DOE CHP OFFICERS fatally shot DECEDENT with a firearm, they intentionally interfered with DECEDENT's constitutional rights to be free from excessive force by demonstrating a reckless disregard to DECEDENT's rights.

79.    The conduct of DOE CHP OFFICERS was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

80.    The STATE is vicariously liable for the wrongful acts of Defendants DOES 1-15 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Defendants DOES 16-20 are vicariously liable under California law and the doctrine of *respondeat superior*.

81.    The conduct of DOE CHP OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to DOE CHP OFFICERS.

82.    Plaintiffs bring this claim as successors-in-interest to DECEDENT. Plaintiffs seek survival damages on this claim.

83.    Plaintiffs also seek attorney's fees and a multiplier under this claim pursuant to Cal. Civ. Code §52 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Candido Sesma and Cecilia Sesma request entry of judgment in their favor and against Defendants State of California, and Does 1-20, inclusive, as follows:

     A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

     B.    For funeral and burial expenses, and loss of financial support;

     C.    For punitive damages against the individual defendants in an amount to be proven at trial;

     D.    For interest;

     E.    For reasonable attorneys' fees, including litigation expenses;

     F.    For costs of suit; and

     G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 30, 2021          LAW OFFICES OF DALE K. GALIPO

                            Dale K. Galipo
                            *Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: July 30, 2021                LAW OFFICES OF DALE K. GALIPO

Dale K. Galipo

*Attorney for Plaintiffs*

-17-
COMPLAINT FOR DAMAGES

EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE OF CALIFORNIA; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 1 3 2021

BY _____
EDUARDO HERNANDEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino County Superior Court<br>247 West Third Street, San Bernardino, CA 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVSB 2120207 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale K. Galipo, Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Ste. 310, Woodland Hills, CA 91367
Phone: (818) 347-3333

| DATE:<br>*(Fecha)* AUG 16 2021 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)*<br>EDUARDO HERNANDEZ |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **State of California**

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412/20, 465 |
|---|---|---|

EXHIBIT "C"

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CANDIDO SESMA, et al.

vs.

STATE OF CALIFORNIA, et al.

Case No.: CIV SB 2 1 2 0 2 0 7

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☐ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Civil Rights | The injury occurred within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Intersection of Haven Ave. and Guasti Road in the City of Ontario, CA          Haven Ave. and Guasti Road
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                                ADDRESS

Ontario                              CA                              91761
CITY                                 STATE                           ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 24, 2021 _____ at Woodland Hills _____ California.

_____
Signature of Attorney/Party

EXHIBIT "D"



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Candido Sesma and Cecilia Sesma -v- State of California et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number <br> CIVSB2120207 |

LAW OFFICES OF DALE K. GALIPO
21800 BURBANK BLVD
SUITE 310
WOODLAND HILLS CA  91367

This case has been assigned to:  Gilbert Ochoa in Department S24 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 02/14/2022  at 9:00 AM in Department S24 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 8/16/2021                                        Nancy CS Eberhardt, Court Executive Officer

By: _____
          Eduardo Hernandez, Deputy Clerk

---

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐   A copy of this notice was given to the filing party at the counter.

☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  8/16/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 8/16/2021 at San Bernardino, CA.

By: _____
          Eduardo Hernandez, Deputy Clerk

EXHIBIT "E"

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.<br>E-MAIL ADDRESS<br>ATTORNEY FOR (Name)<br>FAX NO. (Optional) | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE _____<br>LIMITED CASE _____ | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |

Form # 13-09001-360          INITIAL TRIAL SETTING CONFERENCE STATEMENT
Mandatory Form

EXHIBIT "F"

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Dale K. Galipo, Esq. SBN 144074
Law Offices of Dale K. Galipo
21800 Burbank Blvd. Suite 310. Woodland Hills, CA 91367

TELEPHONE NO.: 818-347-3333          FAX NO. *(Optional):* 818-347-4118
ATTORNEY FOR *(Name):* Plaintiffs

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 30 2021

BY _____
EDUARDO HERNANDEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME:

CASE NAME: Candido Sesma and Cecilia Sesma, individually and as successors in interest to Charles Sesma, deceased. v. State of California; and Does 1-20, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2120207 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: July 30, 2021

Dale K. Galipo
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California                    **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10