ROB BONTA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6509
  Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,**<br><br>                              Plaintiffs,<br><br>      v.<br><br>**STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,**<br><br>                              Defendants. | 5:21-cv-1694-JWH (KKx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          October 21, 2022<br>Time:          9:00 a.m.<br>Courtroom:  9D<br><br>Judge:        The Honorable John W. Holcomb<br><br>Trial Date:  December 12, 2022<br>Action Filed: July 30, 2021 |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN:**

    **PLEASE TAKE NOTICE** that on October 21, 2022, at 9:00 a.m or as soon

thereafter as counsel may be heard, in Courtroom 9D of the above-entitled court,

located at 411 W. 4th Street, Santa Ana, California 92701-4516, Defendants State

of California and Andrew Ornelas will and hereby do move the Court for summary

judgment in favor of Defendants and against Plaintiffs because Plaintiffs cannot establish the existence of a genuine issue of material fact as to any claim asserted against Defendants, and Defendants are entitled to judgment as a matter of law.

If, for any reason, summary judgment cannot be had, Defendants move for partial summary judgment as to the following claims and issues:

(1)    Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Second Cause of Action pursuant to 42 U.S.C. section 1983 based on unreasonable use of force because the uncontroverted facts establish that his use of force was objectively reasonable.

(2)    Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Second Cause of Action pursuant to 42 U.S.C. section 1983 based on unreasonable use of force because there is no evidence showing that he violated any rights that were clearly established at the time of the alleged violation, and he is therefore entitled to qualified immunity.

(3)    Officer Ornelas is entitled to judgment in his favor as to plaintiffs' Fourth Cause of Action pursuant to 42 U.S.C. section 1983 based on a violation of plaintiffs' substantive due process rights because there is no evidence that Officer Ornelas acted with a purpose to harm unrelated to a legitimate law enforcement objective.

(4)    Officer Ornelas is entitled to judgment in his favor as to plaintiffs' Fourth Cause of Action pursuant to 42 U.S.C. section 1983 based on a violation of plaintiffs' substantive due process rights because there is no evidence showing that he violated any rights that were clearly established at the time of the alleged violation, and he is therefore entitled to qualified immunity.

(5)    Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Fifth Cause of Action for battery because his use of force was objectively reasonable.

//

(6)     Defendant State of California is entitled to judgment in its favor as to Plaintiffs' Fifth Cause of Action for battery because Officer Ornelas is not liable. Cal. Gov. Code § 815.2.

(7)     Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Sixth Cause of Action for negligence because the uncontroverted facts establish that his use of force was objectively reasonable under the totality of the circumstances.

(8)     Defendant State of California is entitled to judgment in its favor as to Plaintiffs' Sixth Cause of Action for negligence because Officer Ornelas is not liable.  Cal. Gov. Code § 815.2.

(9)     Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Seventh Cause of Action based on Civil Code section 52.1 because he did not violate any constitutional right and there is no evidence that he acted with a specific intent to violate any constitutional right.  Cal. Gov. Code § 815.2.

(10)    Defendant State of California is entitled to judgment in its favor as to Plaintiffs' Seventh Cause of Action based on Civil Code section 52.1 because Officer Ornelas is not liable.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 9, 2022.  During the conference of counsel, plaintiffs agreed to dismiss their First and Third Causes of Action.  Counsel were unable to resolve any other issues related to this motion.

This Motion is and will be based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Andrew Ornelas, Jason Steen, Jason Nichols, William Kwon, Rocky Edwards, Parris Ward, and Donna M. Dean, the concurrently filed Statement of Undisputed Facts in Support of Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment, the concurrently lodged evidence provisionally under seal, oral argument at any hearing on the motion, and all other papers and pleadings on file herein.

1    Dated:  September 14, 2022              Respectfully submitted,

2                                           ROB BONTA
                                            Attorney General of California
3                                           ELIZABETH S. ANGRES
                                            Supervising Deputy Attorney General
4
                                            s/ Donna M. Dean
5
6                                           DONNA M. DEAN
                                            Deputy Attorney General
7                                           *Attorneys for Defendants*
                                            *State of California and*
8                                           *Andrew Ornelas*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

INTRODUCTION .......................................................................................... 1

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT ................................................................................................. 5

I.   Officer Ornelas Is Entitled to Judgment as to Plaintiffs' Second Cause of Action Based on Unreasonable Use of Force ........................ 5

    A.   The Uncontroverted Facts Establish That Officer Ornelas's Use of Force Was Objectively Reasonable ................ 5

    B.   Officer Ornelas Did Not Violate Clearly Established Law ...... 10

II.   Officer Ornelas Is Entitled to Judgment as to Plaintiffs' Fourth Cause of Action For Violation of Substantive Due Process Rights ................................................................................................. 13

    A.   There Is No Evidence That Officer Ornelas Acted With a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective ............................................................. 13

    B.   Officer Ornelas Did Not Violate Clearly Established Law ...... 14

III.   Officer Ornelas Is Entitled to Judgment in His Favor as to Plaintiffs' Fifth Cause of Action for Battery Because the Uncontroverted Facts Establish That His Use of Force Was Objectively Reasonable ............................................................. 14

IV.   Officer Ornelas Is Entitled to Judgment as to Plaintiffs' Sixth Cause of Action for Negligence Because the Uncontroverted Facts Establish That His Use of Force Was Objectively Reasonable Under the Totality of the Circumstances ......................... 15

V.   Officer Ornelas Is Entitled to Judgment as to Plaintiffs' Seventh Cause of Action Pursuant to Civil Code Section 52.1 Because There is No Evidence That He Violated Decedent's Constitutional Rights or Acted With a Specific Intent to Violate Decedent's Right to Freedom From Unreasonable Seizure .............. 16

VI.   Defendant State of California Is Entitled to Judgment in Its Favor as to Plaintiffs' Fifth, Sixth, and Seventh Causes of Action Because the Officer Ornelas Is Not Liable .............................. 17

CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

**Page**

CASES

*A.D. v. Markgraf*
    712 F.3d 446 (9th Cir. 2012) ............................................................................ 13

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) ...................................................................... 10, 11, 12

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................. 10

*Barber v. City of Santa Rosa*
    No. C-08-5649 MMC, 2010 WL 5069868 (N.D. Cal. Dec. 7, 2010) .................. 7

*Brown v. Ransweiler*
    171 Cal. App. 4th 516 (2011) ................................................................ 14, 15

*Buchanan v. City of San Jose*
    782 Fed.App'x 589 (9th Cir. 2019) ........................................................... 6

*Chavez v. Las Vegas Metro. Police Dep't.*
    No. 2:11-CV-01445-LRH, 2014 WL 374444 (D. Nev. Feb. 3, 2014) ............... 8

*City & County of San Francisco v. Sheehan*
    575 U.S. 600 (2015) ................................................................................. 6

*City of Escondido v. Emmons*
    139 S. Ct. 500 (2019) ............................................................................... 11

*Davis v. Scherer*
    468 U.S. 183 (1984) ................................................................................. 10

*Estate of Ford v. Ramirez-Palmer*
    301 F.3d 1043 (9th Cir. 2001) .................................................................. 12

*Estate of Garcia Toribio v. City of Santa Rosa*
    381 F.Supp.3d 1179 (N.D. Cal. 2019) ...................................................... 6

*Estate of Larsen ex rel. Sturdivan v. Murr*
    511 F.3d 1255 (10th Cir. 2008) …………………………………………………8

ii

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Estate of Yanira Serrano v. Trieu*
   No. C-14-4081 MMC, 2016 WL 1089225 (N.D. Cal. Mar. 21,
   2016) ...................................................................................................... 7

*Fewell v. California*
   No. CV161934DSFJEMX, 2017 WL 6043080 (C.D. Cal. Apr. 11,
   2017) .................................................................................................... 13

*Garcia v. United States*
   826 F.2d 806 (9th Cir. 1987) .................................................................. 7

*George v. Morris*
   736 F.3d 829 (9th Cir. 2013) .................................................................. 6

*Gonzalez v. City of Anaheim*
   747 F.3d 789 (9th Cir. 2014) ................................................................ 13

*Gonzalez v. County of Los Angeles*
   No. 218CV09117ODWASX, 2021 WL 2224262 (C.D. Cal. June 2,
   2021) .................................................................................................... 15

*Graham v. Connor*
   490 U.S. 386 (1989) ........................................................................... 5, 6

*Han v. City of Folsom*
   551 Fed.App'x 923 (9th Cir. 2014) ......................................................... 7

*Hayes v. County of San Diego*
   57 Cal. 4th 622 (2013)......................................................................... 15

*Hughes v. Kisela*
   841 F.3d 1081 (9th Cir. 2016) ................................................................ 9

*Kisela v. Hughes*
   138 S. Ct. 1148 (2018) ........................................................................ 11

*Lal v. State of California*
   746 F.3d 1112 (9th Cir. 2014) ................................................................ 6

*Lam v. City of Los Banos*
   976 F.3d 986 (9th Cir. 2020) ............................................................... 13

iii

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

4

*MacEachern v. City of Manhattan Beach*
    623 F.Supp.2d 1092 (C.D. Cal. 2009) ................................................. 7

5

6

*Mitchell v. Forsyth*
    472 U.S. 511 (1985) ............................................................... 10

7

8

*Munoz v. City of Union City*
    120 Cal. App. 4th 1077 (2004) ................................................. 14, 15

9

*Munoz v. Olin*
    24 Cal. 3d 629 (1979) ............................................................. 15

10

11

*Norton v. City of S. Portland*
    831 F.Supp.2d 340 (D. Me. 2011) ................................................. 8

12

13

*Ochoa v. City of Mesa*
    26 F.4th 1050 (9th Cir. 2022) ..................................................... 13

14

15

*Pearson v. Callahan*
    555 U.S. 223 (2009) ............................................................... 10

16

17

*Porter v. Osborn*
    546 F.3d 1131 (9th Cir. 2008) ..................................................... 13

18

19

*Reese v. County of Sacramento*
    888 F.3d 1030 (9th Cir. 2018) ................................................. 12, 16

20

21

*Reichle v. Howards*
    566 U.S. 658 (2012) ............................................................. 10, 11

22

*S.B. v. County of San Diego*
    864 F.3d 1010 (9th Cir. 2017) ..................................................... 6

23

24

25

*Samuel v. City of Broken Arrow*
    No. 10-CV-683-GKF-TLW, 2011 WL 6029677 (N.D. Okla. Dec. 5,
    2011) ............................................................................. 8

26

27

*Sandoval v. County of Sonoma*
    912 F.3d 509 (9th Cir. 2018) ..................................................... 16

28

1
2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3
4

*Shafer v. County of Santa Barbara*
868 F.3d 1110 (9th Cir. 2017) ...................................................... 10

5
6

*Sharp v. County of Orange*
871 F.3d 901 (9th Cir. 2017) ....................................................... 12

7
8

*Sigman v. Town of Chapel Hill*
161 F.3d 782 (4th Cir. 1998) ......................................................... 8

9

*Smith v. City of Hemet*
394 F.3d 689 (9th Cir. 2005) ......................................................... 6

10
11

*Tennessee v. Garner*
471 U.S. 1 (1985) ....................................................................... 12

12
13
14

*Watkins v. City of San Jose*
No. 15-CV-05786-LHK, 2017 WL 1739159 (C.D. Cal May 4,
2017) ..................................................................................... 6, 7

15
16

*Wilkinson v. Torres*
610 F.3d 546 (9th Cir. 2010) ....................................................... 12

17

*Woodward v. City of Tucson*
870 F.3d 1154 (9th Cir. 2017) ..................................................... 12

18
19

**STATUTES**

20

California Gov. Code
§ 815.2 .................................................................................... 17

21
22

California Civil Code
§ 52.1 ............................................................................ 1, 2, 16, 17

23
24

California Vehicle Code
§ 20002 ..................................................................................... 3

25

**CONSTITUTIONAL PROVISIONS**

26
27

Fourth Amendment ........................................................ 2, 5, 11, 12, 15

Fourteenth Amendment ........................................................ 2, 13, 14

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs filed the instant lawsuit alleging, *inter alia*, that California Highway Patrol (CHP) Officer Andrew Ornelas used "excessive force" against Charles Sesma (Decedent) during a law enforcement encounter on August 6, 2020, on a railroad trestle above Haven Avenue in Ontario, California. Officer Ornelas and other CHP officers attempted to contact Decedent who was suspected of multiple hit-and-run accidents on the I-10 freeway. Decedent left the freeway, crashed his truck through a fence, and then took off on foot. Decedent repeatedly ignored officer commands, and, at one point, armed himself with a heavy pipe with a jagged edge. The officers lost sight of Decedent for a few minutes, and then Officer Ornelas located him sitting on a train trestle after Officer Ornelas climbed up to the tracks to look for him. When Officer Ornelas radioed that he had located Decedent, Decedent suddenly, and without provocation, charged at Officer Ornelas while armed with the pipe. In an effort to prevent Decedent from attacking him with the pipe, Officer Ornelas fired his duty weapon at Decedent. Officer Ornelas, who was standing on gravel on an incline between a railroad car and a fence, had no choice but to use deadly force to prevent his own death or serious bodily injury at the hands of Decedent. After Officer Ornelas's initial volley of shots, Decedent rose up and began charging at Officer Ornelas again while still holding the pipe. Officer Ornelas fired again. After Decedent fell again, Officer Ornelas, a former emergency medical technician, and other CHP officers immediately began to render first aid and called for emergency medical services. Decedent died from his injuries.

Plaintiffs allege causes of action under federal law for unreasonable use of force and violation of substantive due process rights, and under state law for battery, negligence, and violation of California Civil Code section 52.1 (the Bane Act).

The central issue in this motion is whether Officer Ornelas was justified in using deadly force when Decedent charged at him while armed with the pipe. The uncontroverted facts establish that Officer Ornelas's use of force was objectively reasonable under the totality of the circumstances because he had probable cause to believe Decedent posed an imminent threat of serious bodily injury or death. Accordingly, Officer Ornelas is entitled to judgment as to Plaintiffs' Second Cause of Action based on unreasonable use of force. For the same reasons, plaintiffs' battery and negligence claims fail. Officer Ornelas is entitled to judgment as to plaintiffs' substantive due process claim because there is no evidence that his use of force was for a purpose to harm unrelated to the legitimate law enforcement objective of self-defense. Plaintiffs' claims for violation of the Fourth and Fourteenth Amendments are also barred by qualified immunity, as Officer Ornelas did not violate any "clearly established" law. There is no evidence Officer Ornelas violated any constitutional rights or acted with a specific intent to violate any such right; therefore, plaintiffs' California Civil Code section 52.1 claim fails. Defendant State of California is entitled to judgment in its favor because Officer Ornelas is not liable under any of plaintiffs' state law claims. Accordingly, Defendants respectfully request that the court enter summary judgment, or, in the alternative, partial summary judgment, in their favor.[1]

## STATEMENT OF FACTS

On August 6, 2020, just after 4:00 p.m., Officer Ornelas responded to a call regarding a collision on the eastbound I-10 freeway near the Haven Avenue exit in the city of Ontario. Statement of Undisputed Facts in Support of Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment (SUF) No. 1. Officer Ornelas was wearing a blue uniform with yellow CHP insignia and badge. SUF No. 2. CHP Officers Jason Nichols and Jason Steen assisted with the

---

[1] Plaintiffs agreed to dismiss their First and Third Causes of Action. See, Dkt. No. ___.

call.  SUF No. 3.  As the officers were driving to the scene of the collision, they were further advised by dispatch that there were additional collisions and that the collisions were reportedly caused by a white Chevrolet Silverado truck.  SUF No. 4. The officers were also told that the driver of the white Chevrolet Silverado truck, later identified as Decedent, was a Hispanic male adult wearing brown pants and a brown shirt.  SUF No. 5.  In addition, the officers were advised that Decedent had fled on foot, and, therefore, the call became a call for violation of California Vehicle Code section 20002, misdemeanor hit-and-run.  SUF No. 6.

Officer Nichols was the first to spot Decedent.  SUF No. 7.  Officer Nichols reported Decedent's location over the radio, telling the other officers Decedent was near the Costco parking lot and was hopping a fence to the railroad tracks and headed toward another nearby parking lot.  SUF No. 8.  Officer Nichols gave the other officers Decedent's description as a Hispanic male with scruffy hair, a dirty white shirt, and brown pants.  SUF No. 9.

Officers Ornelas and Steen drove to the parking lot identified by Officer Nichols and spotted Decedent walking near the railroad tracks located adjacent to the parking lot.  SUF No. 10.  Officers Ornelas and Steen stopped their marked CHP patrol vehicles, stepped out of their vehicles, and told Decedent to stop.  SUF No. 11.  At that location, a chain link fence topped with barbed wire separated the officers from Decedent.  SUF No. 12.  Decedent looked at the officers but did not comply.  SUF No. 13.  Decedent then picked up a long, rusted metal pipe with a jagged edge.  SUF No. 14.  The pipe was approximately 10¾ inches long and 1¾ inches in diameter.  SUF No. 15.  Officers Ornelas and Steen gave Decedent orders to drop the pipe.  SUF No. 16.  Decedent did not drop the pipe.  SUF No.17. Decedent instead began walking away from the officers.  *Id*.  Officers Ornelas and Steen told Decedent to stop walking away, drop the pipe, and come their direction. SUF No. 18.  As the officers continued ordering Decedent to stop, Decedent continued to walk away, heading westbound on the south side of the train tracks

1   toward the railway overcrossing bridge above Haven Avenue.  SUF No. 19.

2       Officer Steen remained in the parking lot to keep an eye on Decedent while

3   Officer Ornelas got into his vehicle and drove toward Haven Avenue to stop

4   Decedent there.  SUF No. 20.  Officer Ornelas stopped his vehicle on Haven

5   Avenue below the railway overcrossing bridge.  SUF No. 21.  Officer Ornelas did

6   not initially see Decedent after he stopped on Haven Avenue.  SUF No. 22.  Officer

7   Ornelas got out of his vehicle and climbed up the embankment on the east side of

8   Haven Avenue to the railway overcrossing bridge to locate Decedent.  SUF No. 23.

9   As Officer Ornelas was approaching the top of the bridge, Officer Nichols arrived

10  and stopped his patrol vehicle near Officer Ornelas's patrol unit.  SUF No. 24.

11      After Officer Ornelas reached the top of the bridge, he located Decedent

12  sitting down on the railway bridge over Haven Avenue.  SUF No. 25.  When

13  Officer Ornelas reported over the radio that he had located the subject, Decedent

14  quickly got up with the metal pipe in his hand and began running toward Officer

15  Ornelas.  SUF No. 26.  Decedent's upper body and head can be seen on video as he

16  runs across the railway bridge on the video.  *Id*.  Officer Ornelas was standing on an

17  inclined surface of crushed stone.  SUF No. 27.  To Officer Ornelas's left was the

18  sloping embankment and a fence, and to his right were stopped rail cars.  SUF No.

19  28.  Officer Ornelas drew his handgun and gave Decedent orders to stop and to

20  drop the pipe.  SUF No. 30.  Decedent did not comply with these commands but

21  instead continued running toward Officer Ornelas with the pipe in his hand.  SUF

22  No. 31.  Officer Ornelas fired his handgun at Decedent.  SUF No. 32.  Decedent

23  was approximately 20 to 25 feet away from Officer Ornelas, and closing the

24  distance between them, when Officer Ornelas fired.  SUF No. 33.  Decedent fell,

25  but then quickly got back up, still holding the pipe, and began to run toward Officer

26  Ornelas again.  SUF No. 34.  Officer Ornelas initially believed that Decedent had

27  not been struck by any bullets when he got back up.  SUF No. 35.  Officer Ornelas

28  fired two additional rounds at Decedent and Decedent again fell.  SUF No. 36.

Decedent was approximately 20 feet away from Officer Ornelas when he fired the second time.  SUF No. 37.  Decedent fell about 15 feet away from Officer Ornelas.  SUF No. 38.  From the time Decedent began running toward Officer Ornelas until the last shot was fired, less than 20 seconds had passed.  SUF No. 39.

Officer Nichols drew his handgun when Decedent began running toward Officer Ornelas's location.  SUF No. 40.  Officer Nichols did not fire his handgun for fear that bullets could ricochet off the railroad car and hit Officer Ornelas or the other officers on scene.  SUF No. 41.

Officer Ornelas, aided by Officers Nichols, Officer Steen, and other officers, approached Decedent and ordered him to stay down on the ground.  SUF No. 42.  Officer Ornelas, a former emergency medical technician, and other officers immediately began administering first aid to Decedent.  SUF No. 43.  Officer Steen immediately requested emergency medical services.  SUF No. 44.  Paramedics arrived and took over Decedent's care.  SUF No. 45.  Officer Ornelas did nothing to delay or prevent the medical treatment by the paramedics.  SUF No. 46.  Decedent died from his injuries.  SUF No. 47.  The pipe was recovered at the scene of the incident.  SUF No. 48.

## ARGUMENT

I.   **OFFICER ORNELAS IS ENTITLED TO JUDGMENT AS TO PLAINTIFFS' SECOND CAUSE OF ACTION BASED ON UNREASONABLE USE OF FORCE**

A.   **The Uncontroverted Facts Establish That Officer Ornelas's Use of Force Was Objectively Reasonable**

An excessive force claim against a police officer is considered a seizure and analyzed under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  Courts should analyze reasonableness from the perspective of a reasonable officer on the scene and a totality-of-the-circumstances analysis with then-existing facts and circumstances, rather than with the benefit of 20/20 hindsight.  *Id.* at 396-397.  In addition, a court must make "allowance for the fact that police officers are often forced to make

split-second judgments in circumstances that are tense, uncertain, and rapidly evolving." *Id*. at 397.

The Ninth Circuit has repeatedly emphasized that the most important factor in analyzing an officer's use of force is "whether the suspect posed an immediate threat to the safety of the officers or others." *See, S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). The Ninth Circuit has also emphasized that, as a matter of common sense, an armed criminal suspect represents the paradigm threat to officer safety. *See, Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) ("[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force."). "If the person is armed – or reasonably suspected of being armed – a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat." *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *see also, Watkins v. City of San Jose,* No. 15-CV-05786-LHK, 2017 WL 1739159, at *8 (N.D. Cal. May 4, 2017), *aff'd sub nom. Buchanan v. City of San Jose,* 782 Fed.App'x 589 (9th Cir. 2019) (*citing Smith, supra*, with approval); *see also, Estate of Garcia Toribio v. City of Santa Rosa*, 381 F.Supp.3d 1179, 1189 (N.D. Cal. 2019) (collecting cases finding that "[a]pproaching, attacking, or threatening police officers with a knife or knives can be the basis for an objectively reasonable determination that a suspect poses a threat of serious physical harm.").

Officer Ornelas had compelling justification for his use of deadly force. Officer Ornelas perceived an agitated man, who had ignored commands by uniformed law enforcement officers, advancing quickly toward him with a pipe. The danger presented to Officer Ornelas was real and immediate. In these types of fact patterns, courts have consistently found that an officer's use of deadly force is reasonable. *See, e.g., City & County of San Francisco v. Sheehan*, 575 U.S. 600, 612-613 (2015) (holding officers were justified in using deadly force against a mentally ill person who was advancing on officers with a knife); *Lal v. State of*

*California*, 746 F.3d 1112, 1114-1115, 1117 (9th Cir. 2014) (affirming summary judgment and holding officers reasonably believed that advancing subject armed with a football-sized rock posed an immediate threat to the safety of the officers); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (use of deadly force was reasonable where decedent advanced on a border patrol agent armed with a rock and stick); *Han v. City of Folsom*, 551 Fed.App'x 923, 925-927 (9th Cir. 2014) (affirming summary judgment when officers shot mentally-ill suspect advancing toward them in close quarters with a knife, despite repeated commands to drop the weapon); *Watkins, supra*, 2017 WL 1739159, at *8-9 (holding officers had probable cause to believe decedent posed an immediate threat of death or serious bodily injury when decedent walked toward officers with a knife in his hand, ignored commands to stop, and then began running at officers); *Estate of Yanira Serrano v. Trieu*, No. C-14-4081 MMC, 2016 WL 1089225, at *6-8 (N.D. Cal. Mar. 21, 2016), *aff'd sub nom. Estate of Serrano v. Trieu*, 713 Fed.App'x 631 (9th Cir. 2018) (granting summary judgment in favor of officer's use of deadly force when officer shot mentally disturbed, overweight woman who was limping toward officers with a knife); *Barber v. City of Santa Rosa*, No. C-08-5649 MMC, 2010 WL 5069868, at *6 (N.D. Cal. Dec. 7, 2010) (deadly force found reasonable when suspect armed with knife advanced on police); *MacEachern v. City of Manhattan Beach*, 623 F.Supp.2d 1092, 1103-1104 (C.D. Cal. 2009) (deadly force found reasonable when suspect armed with knife advanced on police).

Also weighing in favor of the reasonableness of the officers' use of force is the close proximity of Decedent to Officer Ornelas when force was applied. First, law enforcement nationwide has been trained that when an armed suspect gets within approximately 21 feet of the officer, that suspect poses a risk of death or serious physical injury. *See, e.g., Watkins, supra*, 2017 WL 1739159, at *16-17 (noting "the fact that the officers were trained that a suspect with a knife poses an imminent danger of harm when within 21 feet of the officers"); *Estate of Yanira Serrano,*

*supra*, 2016 WL 1089225, at *6 (noting training provided to law enforcement regarding dangers of armed subjects in close proximity to officers and granting summary judgment where deadly force was used on knife-wielding subject who was fifteen-to-twenty feet from shooting officer); *Chavez v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-01445-LRH, 2014 WL 374444, at *8 (D. Nev. Feb. 3, 2014), aff'd, 648 F. App'x 657 (9th Cir. 2016) (noting officer training manual counsels that once "individual[] with [an] edged weapon[], such as [a] knife[ ]. .. gets within 21 feet, the individual poses a risk of death or serious physical injury"); *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260-1261, n.1 (10th Cir. 2008) (affirming summary judgment when officer shot knife-wielding subject, noting that the Denver "use of force" training manual instructs that knife-wielding persons within 21 feet pose an "imminent threat" to officers "based on the time in which the distance can be closed in an attack."); *Norton v. City of S. Portland*, 831 F.Supp.2d 340, 363 (D. Me. 2011) ("The undisputed evidence additionally establishes that officers are trained to use twenty-one feet as a guideline for when to use lethal force against a person armed with a knife."); *Samuel v. City of Broken Arrow,* No. 10-CV-683-GKF-TLW, 2011 WL 6029677, at *4 (N.D. Okla. Dec. 5, 2011), *aff'd*, 506 Fed.App'x 751 (10th Cir. 2012) (28 foot distance justifies use of deadly force where "Broken Arrow police officers are trained in the '21-foot rule,' a guideline reflecting the minimum distance in which an officer can recognize and respond to threats.  An individual armed with an edge weapon within 21 feet of an officer 'is able to advance [to] the officer and attack with a knife and the officer does not have the time to recognize the threat, determine his course of action, and then to implement that action.'"); *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 788 (4th Cir. 1998) (discussing "training rule that an officer may use deadly force to stop a threatening individual armed with an edged weapon when that individual comes within 21 feet.  As the basis for this rule, the department identified studies which have shown that an assailant with an edged weapon within 21 feet of an

8

1  armed police officer can kill the officer before the officer can get off a disabling

2  shot.").

3      Decedent was about 20 to 25 feet away from Officer Ornelas, and continuing

4  to close the distance, when Officer Ornelas fired the first time.  SUF No. 33.

5  Officer Ornelas initially believed that Decedent had not been struck by any bullets

6  when he got up and began charging at him again.  SUF No. 35.  Decedent fell the

7  second time approximately 15 feet from Officer Ornelas.  SUF Nos. 36-38.  Thus,

8  Officer Ornelas had probable cause to believe that Decedent posed an immediate

9  threat of serious injury or death when Decedent ran at him while armed with the

10  pipe and when he got up after being shot and started to charge again at Officer

11  Ornelas with the pipe, ignoring commands to stay down.

12      When evaluating force, courts often look to whether the officer had alternative

13  methods available to subdue the subject.  *See, e.g.*, Ninth Circuit Model Civil Jury

14  Instruction 9.25.  While officers "need not avail themselves of the least intrusive

15  means of responding to an exigent situation," the case for reasonableness of deadly

16  force improves when less than lethal options are objectively precluded or have

17  proved ineffective.  *See, Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir. 2016).

18  Officer Ornelas was standing on an inclined surface of loose crushed stone, which

19  did not provide solid footing.  SUF No. 27.  To the left of his location was sloping

20  terrain (an embankment) and a fence, and to the right were stopped rail cars.  SUF

21  No. 28.  Thus, Officer Ornelas had no safe route for retreat. Given the

22  circumstances, the use of a taser would not have been appropriate.  SUF No. 29.

23      In addition, courts should consider "the amount of time and any changing

24  circumstances during which the officer had to determine the type and amount of

25  force that appeared necessary."  9th Cir. Model Jury Instr. 9.22.4.  In this case,

26  Decedent suddenly escalated the situation when he began advancing toward Officer

27  Ornelas with the pipe.  The time from when Decedent rapidly escalated the

28  situation to the time shots were fired was mere seconds, giving Officer Ornelas very

9

1   little time to respond to the threat posed by Decedent.  SUF Nos. 26-39.

2       Based on the totality of the circumstances, Officer Ornelas's use of force was

3   reasonable, and he is entitled to judgment as to Plaintiffs' Second Cause of Action.

4       **B.   Officer Ornelas Did Not Violate Clearly Established Law**

5       The doctrine of qualified immunity shields a government official from liability

6   for monetary damages unless the plaintiff establishes "(1) that the official violated a

7   statutory or constitutional right, and (2) that the right was 'clearly established' at

8   the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)

9   (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Courts have the discretion

10  to decide which prong of this analysis to address first under the circumstances of a

11  particular case.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  A decision in the

12  defendant's favor on either prong establishes qualified immunity, even without

13  consideration of the other prong.  *See Reichle v. Howards*, 566 U.S. 658, 663

14  (2012); *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017),

15  *cert. denied sub nom. Shafer v. Padilla*, 138 S. Ct. 2582 (2018), citing *Pearson*, 555

16  U.S. at 236.

17      Qualified immunity grants officials "breathing room to make reasonable but

18  mistaken judgments about open legal questions" and "properly applied, it protects

19  all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*,

20  563 U.S. at 743.  The purpose of qualified immunity is to ensure public officials

21  will not be unduly hampered by fear of lawsuits when carrying out their duties to

22  the public, and that peace officers in particular will not always err on the side of

23  caution for fear of being held financially liable. *Mitchell v. Forsyth*, 472 U.S. 511,

24  526 (1985); *Davis v. Scherer*, 468 U.S. 183, 196 (1984).  Qualified immunity

25  accomplishes these objectives by serving as "both a defense to liability and limited

26  'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v.*

27  *Iqbal*, 556 U.S. 662, 672 (2009).

28  //

To determine whether a right was "clearly established," a court must first define the right at the appropriate level of specificity – a right must be established "in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Reichle*, 566 U.S. at 665 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  For that to be true, "existing precedent must have placed the . . . constitutional question beyond debate." *Id.* (citation omitted).  This requires either "controlling authority" or "a robust 'consensus of cases of persuasive authority'" establishing that the official's conduct was unconstitutional.  *al-Kidd*, 563 U.S. at 741-742 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

In the recent case of *City of Escondido v. Emmons,* 139 S. Ct. 500 (2019), the Supreme Court once again emphasized that:

> Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. Use of excessive force is an area of the law in which the result depends very much on the facts of each case ....

*Id.* at 503 (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018).  This specificity is necessary because "[p]recedent involving similar facts can help move a case beyond the otherwise 'hazy border between excessive and acceptable force' and thereby provide an officer notice that a specific use of force is unlawful." *Kisela*, 138 S. Ct. at 1153 (quoting *Mullenix v. Luna,* 577 U.S. 7, 18, 136 S. Ct. 305, 312 (2015)).  The Court in *Kisela* held – and the Court in *City of Escondido* reiterated – that officers are entitled to qualified immunity where there is no existing precedent that "squarely governs" the specific facts at issue. *Kisela*, 138 S. Ct. at 1153; *City of Escondido*, 139 S. Ct. at 503.

The Ninth Circuit also recently explained the importance of the specificity required by the Supreme Court in the Fourth Amendment context as follows:

In other words, Plaintiffs must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful.

*Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (emphasis in original); *Reese v. County of Sacramento*, 888 F.3d 1030, 1038 (9th Cir. 2018).

After framing the right at the appropriate level of specificity, a court must analyze whether "controlling authority" or "a robust 'consensus of cases of persuasive authority'" establish that the official's conduct was unconstitutional. *al-Kidd*, 563 U.S. at 741-742.  This standard is particularly important for peace officers, who are required to make constitutional rights decisions in the midst of rapidly-developing and dangerous circumstances using imperfect information. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2001).

It is well-established that where a suspect threatens an officer with a weapon or where the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010).  It is *not* clearly established that using deadly force in the situation faced by Officer Ornelas would constitute excessive force under the Fourth Amendment.  Neither Supreme Court nor Ninth Circuit precedent would have put a reasonable officer in Officer Ornelas's position on notice that using force in the particular circumstances each of them faced would violate the Fourth Amendment.  In fact, the authority cited in Section II.A demonstrates that the use of force was reasonable.  Indeed, an officer faced with an armed and advancing suspect with no reasonable means of retreat does not violate clearly established law by using deadly force in self-defense. *Woodward v. City of Tucson*, 870 F.3d 1154, 1162-1163 (9th Cir. 2017) (holding law not clearly established where officers used deadly force on a suspect armed with a broken

hockey stick).  As such, Officer Ornelas is entitled to judgment in his favor as to Plaintiffs' Second Cause of Action.

## II.  OFFICER ORNELAS IS ENTITLED TO JUDGMENT AS TO PLAINTIFFS' FOURTH CAUSE OF ACTION FOR VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS

### A.  There Is No Evidence That Officer Ornelas Acted With a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective

A claim against a police officer for substantive due process rights under the Fourteenth Amendment considers the subjective intent of the officer.  *A.D. v. Markgraf*, 712 F.3d 446, 453 (9th Cir. 2012).  In circumstances with "constant flux" that require officers to make "snap judgments", substantive due process violations exist only when the officer "shocks the conscience", or intends to "harm, terrorize or kill" the suspect without a legitimate law enforcement objective.  *Porter v. Osborn*, 546 F.3d 1131, 1140-1141 (9th Cir. 2008) (applying a "purpose to harm" standard, reasoning that when the use of force against a suspect is only meant to "teach him a lesson" or "get even", officers would not be shielded from liability.)  "Legitimate law enforcement objectives [include] arrest, self-defense, or the defense of others."  *Fewell v. California*, No. CV161934DSFJEMX, 2017 WL 6043080, at *6 (C.D. Cal. Apr. 11, 2017), aff'd, 738 F. App'x 552 (9th Cir. 2018).  Summary judgment for the officer is appropriate when there is no evidence of an ulterior motive.  *Gonzalez v. City of Anaheim*, 747 F.3d 789, 798-799 (9th Cir. 2014); *Ochoa v. City of Mesa*, 26 F.4th 1050, 1058 (9th Cir. 2022).

The facts unearthed in discovery to date do not evidence any motivation for Officer Ornelas's use of force other than self-preservation and protection of the public.  *See, Gonzalez*, 747 F.3d at 798 (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have evidence of officer's ulterior motive(s) for using force); *Lam v. City of Los Banos*, 976 F.3d 986, 1004 (9th Cir. 2020) (finding no Fourteenth Amendment violation where no evidence to support that an officer acted to "bully a suspect or get even").  Officer Ornelas made the

decision to use force under rapidly-evolving and dangerous circumstances where he was under threat and in a situation that did not allow for safe retreat.  SUF Nos. 26-41.  Under these circumstances, the "purpose to harm" standard is not met, and Officer Ornelas did not commit a substantive due process violation.  Thus, Officer Ornelas is entitled to summary judgment as to Plaintiffs' Fourth Cause of Action based on the Fourteenth Amendment.

## B.   Officer Ornelas Did Not Violate Clearly Established Law

Given the authority cited in Section IV.A., above, Officer Ornelas did not violate clearly established law concerning plaintiffs' substantive due process rights. Plaintiffs cannot show that there existed clearly established law such that every reasonable officer would have understood that his use of force in the circumstances Officer Ornelas faced was unlawful under the Fourteenth Amendment.  Thus, Officer Ornelas is entitled to summary judgment on plaintiffs' Fourth Cause of Action based on qualified immunity.

## III.   OFFICER ORNELAS IS ENTITLED TO JUDGMENT IN HIS FAVOR AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION FOR BATTERY BECAUSE THE UNCONTROVERTED FACTS ESTABLISH THAT HIS USE OF FORCE WAS OBJECTIVELY REASONABLE

Under California law, a state battery cause of action, similar to the federal excessive force claim discussed in Section I, above, requires proof of unreasonable force.  *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2011).  Police are not treated as ordinary battery defendants as they are charged with protecting public peace and order and use force as part of their duties.  *Id*.  Police are therefore "entitled to the even greater use of force than might be in the same circumstances required for self-defense."  *Id.*  An officer's use of force is reasonable if the officer "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."  *Id.* at 528 (quoting *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1103 (2004)).  The reasonableness analysis is "highly deferential to the police officer's need to protect himself and others."

1   *Munoz v. City of Union City*, 120 Cal. App. 4th at 1103.

2       Officer Ornelas had probable cause to believe Decedent posed an immediate

3   and significant threat of death or serious physical injury.  SUF Nos. 26-41.  As

4   discussed in Section I, above, Officer Ornelas was forced to make quick decisions

5   in the field, and acted in self-defense.  *Id*.  As such, Officer Ornelas's actions were

6   reasonable and did not constitute a battery.  Accordingly, Officer Ornelas is entitled

7   to summary judgment on plaintiffs' Fifth Cause of Action based on battery.

8   **IV.   OFFICER ORNELAS IS ENTITLED TO JUDGMENT AS TO PLAINTIFFS'**

9   **SIXTH CAUSE OF ACTION FOR NEGLIGENCE BECAUSE THE UNCONTROVERTED FACTS ESTABLISH THAT HIS USE OF FORCE WAS OBJECTIVELY REASONABLE UNDER THE TOTALITY OF THE**

10   **CIRCUMSTANCES**

11       Under California law, officers have a duty to use deadly force in a reasonable

12   manner.  *Munoz v. Olin*, 24 Cal. 3d 629, 634 (1979).  But an officer will not be

13   liable for negligence as long as his conduct falls "within the range of conduct that is

14   reasonable under the circumstances," and officers are not required to choose the

15   "most reasonable" action.  *Hayes v. County of San Diego*, 57 Cal. 4th 622, 632

16   (2013) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th at 537-538).  Courts must

17   analyze the reasonableness of the officer's conduct using the totality of the

18   circumstances and from the perspective of a reasonable officer on the scene, and

19   not with the benefit of 20/20 hindsight.  *Id*.  A finding of "reasonableness" as to

20   Officer Ornelas's actions forecloses recovery on plaintiffs' negligence claims.

21   *Gonzalez v. County of Los Angeles*, No. 218CV09117ODWASX, 2021 WL

22   2224262, at *12 (C.D. Cal. June 2, 2021) (stating plaintiffs' negligence claim flows

23   "from the same facts as the alleged Fourth Amendment violation for excessive

24   force and are measured by the same reasonableness standard of the Fourth

25   Amendment" and granting summary judgment where force used was deemed

26   reasonable).

27       As discussed in Section I, Officer Ornelas's conduct and use of force was

28   objectively reasonable and falls within the range of reasonable conduct and

permitted discretion given the circumstances.  SUF No. 26-41.  Officer Ornelas had to act quickly while under threat of attack with a pipe by Decedent with no safe route for retreat.  *Id*.  Accordingly, Officer Ornelas is entitled to summary judgment on plaintiffs' Sixth Cause of Action based on negligence.

**V.   OFFICER ORNELAS IS ENTITLED TO JUDGMENT AS TO PLAINTIFFS' SEVENTH CAUSE OF ACTION PURSUANT TO CIVIL CODE SECTION 52.1 BECAUSE THERE IS NO EVIDENCE THAT HE VIOLATED DECEDENT'S CONSTITUTIONAL RIGHTS OR ACTED WITH A SPECIFIC INTENT TO VIOLATE DECEDENT'S RIGHT TO FREEDOM FROM UNREASONABLE SEIZURE**

Civil Code section 52.1 (the Bane Act) creates liability on persons who interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.  Cal. Civ. Code § 52.1(a).  For the reasons discussed above, Officer Ornelas did not violate any constitutional rights; therefore, plaintiffs' Bane Act claim fails.

In addition, to prove a Bane Act claim based on excessive force, a plaintiff must prove not only a constitutional violation, but also "a specific intent to violate the arrestee's right to freedom from unreasonable seizure."  *Reese v. Cty of Sacramento*, 888 F.3d at 1043 (quoting *Cornell v. City and County of San Francisco*, 17 Cal. App. 4th 766, 801-802 (2017)); *see also*, *Sandoval v. County of Sonoma*, 912 F.3d 509, 519-520 (9th Cir. 2018).  A mere intention to use force that a jury may ultimately find unreasonable is insufficient.  *Id*. at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).  Rather, a plaintiff must prove that the defendants "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances."  *Id*.

Plaintiffs can provide no evidence of any specific intent by Officer Ornelas to violate Decedent's constitutional rights.  Accordingly, Officer Ornelas is entitled to summary judgment on plaintiffs' Seventh Cause of Action pursuant to California Civil Code Section 52.1.

1  **VI.    DEFENDANT STATE OF CALIFORNIA IS ENTITLED TO JUDGMENT IN ITS FAVOR AS TO PLAINTIFFS' FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION BECAUSE THE OFFICER ORNELAS IS NOT LIABLE**

3          Given that Officer Ornelas is not liable for battery, negligence, or violation of

4  the Bane Act as discussed in Sections V, VI, and VII, Defendant State of California

5  is not liable.  Cal. Gov. Code § 815.2.  Accordingly, Defendant State of California

6  is entitled to judgment as to Plaintiffs' Fifth, Sixth, and Seventh Causes of Action.

7                                              **CONCLUSION**

8          Based on the foregoing, Defendants respectfully request that the court enter

9  summary judgment, or, in the alterative, partial summary judgment, in their favor.

11  Dated:  September 14, 2022                    Respectfully submitted,

12                                                ROB BONTA
                                                  Attorney General of California
13                                                ELIZABETH S. ANGRES
                                                  Supervising Deputy Attorney General
14
                                                  s/ Donna M. Dean
15
                                                  DONNA M. DEAN
16                                                Deputy Attorney General
                                                  *Attorneys for Defendants*
17                                                *State of California and*
                                                  *Andrew Ornelas*
18  LA2021603706
19  65416143.docx

17