LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>                Plaintiffs,<br><br>   vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>                Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DECEDENT'S USE OF DRUGS AND ALCOHOL**<br><br><br>Judge: Hon. John W. Holcomb<br>Hearing: May 24, 2024, 9:00 a.m.<br>Court: Ronald Reagan Federal Building,<br>      411 W. 4th Street, Santa Ana, CA<br>Courtroom: 9D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 24, 2024, or as soon thereafter as this matter may be heard in Courtroom 9D of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this motion in limine to exclude any evidence, testimony, argument, or reference at trial to the trace amounts of marijuana found in Decedent Charles Sesma's system at the time of his death and any reference to Sesma's past use of drugs or alcohol, including but not limited to hospital records from Canyon Ridge Hospital, Pomona Valley Hospital, and Temecula Valley Hospital.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: April 26, 2024,          **LAW OFFICES OF DALE K. GALIPO**
                                */s/    Cooper Alison-Mayne*
                                Dale K. Galipo
                                Cooper Alison-Mayne
                                *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil rights and state tort lawsuit arises out of the fatal shooting of Charlse Sesma by Defendant Andrew Ornelas. The key issue in this case is whether the shooting was excessive and unreasonable. Evidence pertaining to the drug and/or alcohol use by Sesma, both on the date of the incident and prior to the incident, has no bearing on whether the shooting was excessive and unreasonable and does not make the material disputed facts more or less probable. Furthermore, the information that Plaintiffs seek to exclude is highly prejudicial and is too speculative to be relevant for a damages inquiry. Thus, Plaintiffs respectfully request an order excluding any evidence of trace amounts of marijuana found in Decedent Charles Sesma's system at the time of his death and any evidence of Sesma's past use of drugs or alcohol, including but not limited to hospital records from Canyon Ridge Hospital, Pomona Valley Hospital, and Temecula Valley Hospital.

## II.   ARGUMENT

### A.   Evidence Of Drug and/or Alcohol Use Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 401, 402.

Federal Rules of Evidence, Rule 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than if would be without the evidence. The main contention of the Defendants is that the shooting was reasonable because they claim that Officer Ornelas faced an immediate threat from Sesma, who was allegedly running towards him with a metal pipe, justifying the use of lethal force in self-defense and under the protection of qualified immunity. On the other hand, the Plaintiffs contend that the shooting was not reasonable, arguing that the evidence, including video from the scene, does not conclusively show that Sesma was armed or close enough to

Officer Ornelas to pose an imminent threat of severe bodily injury or death to him.

Whether Sesma had a trace amount of marijuana in his system at the time of the incident is entirely irrelevant to this dispute and would only serve to confuse the jury rather than aid them in determining the critical factual questions in this case. Evidence of Sesma's history of alcohol use prior to the incident also has no bearing on the central dispute in this case.

Any evidence of the trace amount of marijuana in Sesma's system or his history of alcohol or drug use should also be excluded under Rule 403. *See generally, Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *Id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."). The Ninth Circuit has explained that evidence of a decedent's drug or alcohol use has "marginal, if any probative value as to damages, and none as to liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016). Evidence of drug or alcohol use by Sesma is highly likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of Mr. Murillo's drug and/or alcohol use as a reason justifying the use of force or limiting Plaintiffs' damages on an improper basis.

This evidence is not relevant to Plaintiffs' claim to survival damages for the violations of Sesma's civil rights. Plaintiffs' excessive force claim focuses on the circumstances surrounding the use of deadly force and the nature of Sesma's pain and suffering before his death. As the Ninth Circuit articulated in *Diaz, supra,* this evidence is not relevant to Plaintiffs' claim for damages based on wrongful death.

PLAINTIFFS' MOTION IN LIMINE NO. 1

840 F.3d at 603. Any effect Sesma's alleged alcohol use may have had on his life outcomes, including his relationship with his mother and his productivity, is purely speculative. Furthermore, Sesma's alleged alcohol use does not imply that he had a poor relationship with Plaintiffs or that they loved him any less. Such an assertion would be highly speculative.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence of trace amounts of marijuana found in Decedent Charles Sesma's system at the time of his death and any evidence to Sesma's past use of drugs or alcohol, including but not limited to hospital records from Canyon Ridge Hospital, Pomona Valley Hospital, and Temecula Valley Hospital.


Respectfully submitted,
DATED: April 26, 2024,                    **LAW OFFICES OF DALE K. GALIPO**

                                          */s/    Cooper Alison-Mayne*
                                          Dale K. Galipo
                                          Cooper Alison-Mayne
                                          *Attorney for Plaintiffs*