ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
EMILY WILLIAMS
Deputy Attorney General
State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
 Ph: (619) 738-9733
 Fax: (916) 731-2120
 E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,**<br><br>Defendants. | 5:21-cv-1694-JWH (KKx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE GRUESOME POST-MORTEM PHOTOGRAPHS OF THE DECEDENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID KLEHM IN SUPPORT THEREOF**<br><br>Date:          May 24, 2024<br>Time:         9:00 a.m.<br>Courtroom: 9D<br><br>Judge:        The Honorable John W. Holcomb<br><br>Trial Date: July 1, 2024<br>Action Filed: July 30, 2021 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on May 24, 2024, at 9:00 a.m. or as soon thereafter as counsel may be heard in in Courtroom 9D of the United States District Court located at 411 W. 4th Street, Santa Ana, California, Defendants State of

1  California and Andrew Ornelas will and hereby do move the Court for an order in
2  limine excluding gruesome post-mortem photographs, including autopsy
3  photographs of the decedent. Alternatively, if the court is inclined to allow such
4  photographs, defendants request that the number of photographs be limited, that
5  duplicative photographs be excluded, and that the photographs be displayed to the
6  jury only as, when, and for how long as is necessary – rather than giving them
7  repeated and prolonged viewings of the evidence – to limit the risk of inflaming the
8  passions of the jury.

    This motion is based on Federal Rules of Evidence 401, 402, and 403, on the grounds that such photographs lack probative value, are highly inflammatory, and substantially more prejudicial than probative. As such, they would mislead and unfairly prejudice the jury.

    This motion is based upon this notice of motion, the attached memorandum of points and authorities, the attached declaration of David Klehm, all pleadings and records on file in this action, and on such further authority, evidence, or argument as may be presented at or before the time of any hearing on this motion.

    This Motion is made following a conference of counsel pursuant to L.R. 7-3 and L.R. 16-2.6, which took place on April 26, 2024.

Dated: April 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputy Attorney General
*Attorneys for Defendants
State of California and Andrew Ornelas*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This lawsuit arises out of the shooting of Decedent Charles Sesma by California Highway Patrol (CHP) Officer Andrew Ornelas. The central issue in this case is whether Officer Ornelas was justified in using deadly force when decedent ran at Officer Ornelas while armed with a pipe.

Plaintiffs seek to introduce photographs depicting the decedent post-mortem, including autopsy photographs, which are gruesome, gory, and bloody. Any probative value of the photographs would be minimal at best. The probative value of the photographs would be substantially outweighed by their prejudicial and inflammatory effect. Accordingly, defendants request that such evidence be excluded.

## ARGUMENT

### I. THE COURT HAS THE POWER TO GRANT THIS MOTION IN LIMINE BASED UPON ITS INHERENT POWER TO MANAGE THE COURSE OF TRIALS

Motions in limine are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States,* 529 U.S. 753, 758 (2000); and *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce v. United States,* 469 U.S. 38, 41 (1984). Pursuant to the arguments set forth below, defendants request that this Court grant their motion and exclude the evidence at issue.

### II. GRUESOME, GORY AND GRAPHIC PHOTOGRAPHS OF THE DECEDENT'S BODY ARE IRRELEVANT TO THE ISSUES BEFORE THE COURT

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence. See Fed. R. Evid. Rule 401.

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). In doing so, the court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. Rule 401, Adv. Comm. Note. Indeed, the court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" *Id*.

The central liability issue in this case is whether Officer Ornelas used excessive force during their encounter with the decedent. Graphic photographs of the decedent's body following the subject incident have no relevance to the issues of liability or damages. Defendants' ballistics experts will rely on diagrams and photographs of the scene and other items rather than post-mortem photographs of decedent. Klehm Decl., ¶ 2. Plaintiffs did not designate a ballistics expert. *Id*. While photographs of the locations of physical evidence will give context to the testimony of experts and percipient witnesses, the use of merely bloody or gruesome photographs do not give any such context. Accordingly, such photographs should be excluded as irrelevant.

**II. GRUESOME, GORY AND GRAPHIC PHOTOGRAPHS DEPICTING THE BLOODY BODY OF THE DECEDENT FOLLOWING THE SUBJECT INCIDENT ARE SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE**

Federal Rules of Evidence, Rule 403 requires the exclusion of the photographs when their "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403; see *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In *Liew v.*

4

*Official Receiver and Liquidator*, 685 F.2d 1192 (9th Cir. 1982), the Ninth Circuit held that trial courts have "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal."

Citing to *Ballou v. Henri Studios*, 656 F.2d 1147 (5th Cir. 1981), the Advisory Committee note to Rule 403 states:

> Unfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence ... "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material . . . Unfair prejudice within the context of Rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."

Fed. R. Evid. 403, Adv. Comm. Note (citing *Ballou*, 656 F.2d 1147 (emphasis added)). Under some circumstances, the admission of evidence that is so inflammatory and irrelevant can constitute reversible error. *See Brandom v. United States*, 431 F.2d 1391, 1398 (7th Cir. 1970).

Photographs, in particular, can be unfairly prejudicial if they are "sufficiently shocking or repulsive" enough to necessarily elicit an emotional response from the jury. *See United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir. 1978); *Rivers v. United States*, 270 F.2d 435, 437 (9th Cir. 1959) ("A good statement of the rule commonly accepted is ... as follows: 'Such photographs should be excluded where their principal effect would be to inflame the jurors against the defendant because of the horror of the crime; on the other hand, if they have a probative value with respect to a fact in issue that outweighs the danger of prejudice to the defendant, they are admissible, and the resolution of this question is primarily for the trial court in the exercise of its discretion.'") (quoting *People v. Chavez*, 50 Cal.2d 778, 792 (1958) (emphasis added); *United States v. Souffront*, 338 F.3d 809, 825 (7th

Cir. 2003). In *Spears v. Mullin*, 343 F.3d 1215 (10th Cir. 2003) the Tenth Circuit stated:

> Although there are no clearly defined legal elements, the fundamental-fairness inquiry requires us to look at the effect of the admission of the photographs within the context of the entire second stage .... We consider the relevance of the photographs and the strength of the aggravating evidence against Spears and Powell as compared to the mitigating evidence in their favor and decide whether admission of the photographs could have given the State an unfair advantage. Ultimately, we consider whether the jury could judge the evidence fairly in light of the admission of the photographs.

*Id*. at 1226.

Indeed, other circuits are in agreement that gruesome photographs with minimal probative value should be excluded under Rule 403. *See United States v. Katz*, 178 F.3d 368, 374 (5th Cir. 1999) (upholding district court's exclusion of a GIFs portraying minor pornography even where the offering party sought to use the GIFs to prove the minor's age); *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999) (reversing lower court's admittance of bloody photographs of spouse on Rule 403 grounds, stating that the "evidence in this case was particularly likely to incite the jury to an irrational decision because it was graphic and arresting."); *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930-931 (1st Cir. 1991) (finding that stillborn photographs, aimed at proving the cause of death of the fetus, were properly excluded where the "district court was of the opinion that the photographs would have a serious impact on the jury, and would unfairly prejudice the [defendants].")

Here, unlike other cases where courts have found gruesome photographs admissible to prove the merits, the probative value of the photographs depicting the decedent's bloody body is vastly outweighed by their prejudicial effect. Cf. *United*

1 | *States v. Mitchell*, 502 F.3d 931, 968 (9th Cir. 2007) (finding that photographs were
2 | relevant to show motive, premeditation, and consciousness of guilt, as it tended to
3 | show that defendant needed to, and tried to, obscure the identity of his victims);
4 | *United States v. Brown*, 441 F.3d 1330, 1362-1363 (11th Cir. 2006) (finding that
5 | during guilt phase of criminal trial photographs were probative of fact of death,
6 | number and nature of stab wounds, and presence of aggravating factor of
7 | heinous/cruel manner of offense).
8 |     Defendants contend that the sole reason plaintiffs would submit post-mortem
9 | photographs of the decedent as evidence would be to inflame the passions of the
10 | jury. As discussed above, such photographs are of minimal, if any, probative value.
11 | With minimal probative value to be weighed against, the mere threat of tainting the
12 | jury's perceptions to the point of irrational decision-making is significant. As such,
13 | this Court is respectfully requested to exclude such evidence as it is unduly
14 | prejudicial under the circumstances.
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 |

## CONCLUSION

Based on the foregoing, defendants respectfully request that the court exclude post-mortem photographs of the decedent. Alternatively, if the court is inclined to allow such photographs, defendants request that the number of photographs be limited, that duplicative photographs be excluded, and that the photographs be displayed to the jury only as, when, and for how long as is necessary – rather than giving them repeated and prolonged viewings of the evidence – to limit the risk of inflaming the passions of the jury.

Dated: April 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputy Attorney General
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

**DECLARATION OF DAVID KLEHM**

I, David Klehm, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent defendants in the above-captioned action. I make this declaration in support of the attached motion. The facts set forth herein are within my personal knowledge.

2. Defendants contend that the sole reason plaintiffs would submit post-mortem photographs of the decedent as evidence would be to inflame the passions of the jury. Defendants' ballistics expert will rely on diagrams, photographs of the scene, and photographs of other items rather than post-mortem photographs of decedent. Plaintiffs did not designate a ballistics expert. Therefore, post-mortem photographs of decedent are of minimal, if any, probative value. Accordingly, defendants request that the Court exclude post-mortem photographs of decedent because such evidence is unduly prejudicial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 26, 2024, at San Diego, California.

/s/ David Klehm
David Klehm

LA2021603706