LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DISTRICT ATTORNEY'S DECISION NOT TO PRESS CHARGES AGAINST DEFENDANT ORNELAS**<br><br>Judge: Hon. John W. Holcomb<br>Hearing: May 24, 2024, 9:00 a.m.<br>Court: Ronald Reagan Federal Building, 411 W. 4th Street, Santa Ana, CA<br>Courtroom: 9D |

**1**

PLAINTIFFS' MOTION IN LIMINE NO. 3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to the results of the Ontario Police Department's investigation into the incident including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges. Plaintiffs also move to exclude the findings and conclusions of the California Highway Patrol's internal Critical Incident Investigation Team report regrading Defendant Andrew Ornelas's use of force.  Plaintiffs make this Motion pursuant to Federal Rules of Evidence 402 and 403.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: April 26, 2024,         **LAW OFFICES OF DALE K. GALIPO**
                               */s/    Cooper Alison-Mayne*
                               Dale K. Galipo
                               Cooper Alison-Mayne
                               *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to the results of the Ontario Police Department's investigation into the incident including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges against Defendant Andrew Ornelas. Plaintiffs also move to exclude the findings and conclusions of the California Highway Patrol's internal Critical Incident Investigation Team report regrading Defendant Andrew Ornelas's use of force. Plaintiffs make this Motion pursuant to Federal Rules of Evidence 402 and 403.

## II. ARGUMENT

At trial, the jury must determine whether Defendant Ornelas used unreasonable or excessive force against Charles Sesma. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Thus, only evidence of facts and circumstances known to the Defendant during his encounter with the Decedent is relevant and therefore admissible. *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

The subsequent findings and conclusions of the Ontario Police Department, the California Highway Patrol, or any other investigatory body are in no way probative of the factual circumstances confronting the Defendant Officers at the time of the incident. Accordingly, this evidence is irrelevant to questions of Defendants' liability for constitutional violations. *See Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal

investigation "states only a conclusion and does not provide much additional probative information . . . It merely presents the question the jury was tasked with answering."). Because evidence of investigatory bodies' determinations is not probative of any fact of consequence to the determination of the action, the evidence should be excluded under Rule 402.

Even if the evidence has some speculative probative value, it should be excluded under Rule 403 of the Federal Rules of Evidence because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. Determining the reasonableness of Defendant Ornelas' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of a governmental body. The jury might feel bound to abide by the conclusions of the Ontario Police Department, the District Attorney's office, or the California Highway Patrol, rather than reaching its own independent conclusions based on all of the evidence. *See Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying 'this has already been decided and here is the decision.'").

Any investigation or conclusion that the California Highway Patrol internally reviewed Defendant Ornelas use of force and found that he acted reasonably, justly, and within policy is irrelevant to the issue at the heart of this case, which is whether Defendant Officers' conduct amounted to a constitutional violation. Adherence to or deviation from municipal policy is not evidence of a constitutional violation. When balanced against the substantial risk that these findings may influence the jury to reach a verdict based on an improper legal

standard and thus invite juror error, this evidence should be excluded pursuant Federal Rule of Evidence 403.

Moreover, the Ontario Police Department and the District Attorney's Office investigate and make a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, rather than the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the District Attorney chose not to prosecute Defendant Ornelas could improperly persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the Defendant Ornelas. Thus, considering these substantial risks of confusing the issues and inviting juror error, this evidence should be excluded pursuant to Rule 403.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence of the results of the Ontario Police Department's investigation into the incident including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges against Defendant Andrew Ornelas and the findings and conclusions of the California Highway Patrol's internal Critical Incident Investigation Team report regrading Defendant Andrew Ornelas's use of force.

Respectfully submitted,
DATED: April 26, 2024,               **LAW OFFICES OF DALE K. GALIPO**

                                     */s/     Cooper Alison-Mayne*
                                     Dale K. Galipo
                                     Cooper Alison-Mayne
                                     *Attorney for Plaintiffs*