LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DECEDENT'S MENTAL HEALTH ISSUES**<br><br>Judge: Hon. John W. Holcomb<br>Hearing: May 24, 2024, 9:00 a.m.<br>Court: Ronald Reagan Federal Building, 411 W. 4th Street, Santa Ana, CA<br>Courtroom: 9D |

**1**

PLAINTIFFS' MOTION IN LIMINE NO. 4

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 24, 2024, or as soon thereafter as this matter may be heard in Courtroom 9D of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this motion in limine to exclude information unknown to Defendant Andrew Ornelas at the time he shot Decedent Charles Sesma. Specifically, Plaintiffs seek to exclude any evidence of Sesma's history of mental illness, including but not limited to hospital records from Canyon Ridge Hospital, Pomona Valley Hospital, and Temecula Valley Hospital, and the notebooks found in Decedent's vehicle after the incident, which show that he may have been suffering from delusions.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: April 26, 2024,                    **LAW OFFICES OF DALE K. GALIPO**
                                          */s/     Cooper Alison-Mayne*
                                          Dale K. Galipo
                                          Cooper Alison-Mayne
                                          *Attorneys for Plaintiffs*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting-death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). The United States Supreme Court reiterated that this standard is an objective one. *Kingsley v. Hendrickson*, 576 U. S. 389, 402 (2015).

In *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011), the Ninth Circuit stated that information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered. In *Glenn*, officers used a beanbag gun to shoot a man with a knife who was threatening suicide. Unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. The Ninth Circuit flatly rejected the District Court's "suggestion that, . . . these statements provide 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement." *Glenn v. Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011). The Court reiterated that "[w]e cannot consider evidence of which the officers were unaware--the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id*., citing *Graham*, 490 U.S. at 396.

Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the

20/20 vision of hindsight." *Id*.; Ninth Circuit Model Jury Instruction 9.22; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

## I.  INFORMATION UNKNOWN TO THE DEFENDANTS AT THE TIME OF THEIR USE OF EXCESSIVE FORCE IS IRRELEVANT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Here, the relevant legal issue is whether Defendant Ornelas' use of force against Charles Sesma was " 'objectively reasonable' in light of the facts and circumstances confronting them." See *Graham v. Connor*, 490 U.S. 386, 397 (1989). The reasonableness analysis must be "based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001); see *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force").

Here, Defendant Ornelas shot and killed Decedent Charles Sesma based on observing him moving toward him, allegedly carrying a pipe in his hand. There is no evidence that Defendant Ornelas knew Sesma prior to the incident. Most importantly, Defendant Ornelas had no knowledge of Sesma's mental health history, prior bad acts, arrests, drug history, or criminal history.

Allowing the jury to hear evidence based on information the Defendant Ornelas was not confronted with or that was otherwise unknown to him at the time he made the decision to use excessive force against Sesma would be improper. Any attempts by Defendants to present evidence of Sesma's mental health issues, prior bad acts, arrests, history of alcohol use and criminal history attempts to extend the scope of the excessive force analysis under *Graham*. As such, any evidence unknown to Defendant Ornelas at the time excessive force was used is not relevant and should be excluded as it would not make a fact that is of

consequence in determining this action more or less probable. Fed R. Evid. 401.

Evidence of Semsa's past struggles with his mental health is entirely irrelevant to the critical dispute in this case and would serve to confuse the jury. Further, there is still a strong stigma against people with mental illness, and introducing such evidence risks subjecting the jury's verdict to possible influence of such biases. Allowing evidence of Sesma's history of mental health struggles in would improperly shift the focus of the trial from the constitutionality of Defendant Ornelas' actions to the mental condition of the decdent. *Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of evidence about an excessive force plaintiff's mental illness and likelihood someone with that condition would act aggressively, because it would shift focus from plaintiff's actions to his condition).

## II. CONDITIONAL REQUEST FOR BIFURCATION

As described in the instant motion in limine and Plaintiffs' motion in limine to exclude Sesma's criminal history and prior bad acts, including his history of alcohol use, filed concurrently herewith, Plaintiffs anticipate that Defendants will seek to admit negative evidence regarding Rivera that has no bearing on liability. Plaintiffs do not presently seek to bifurcate liability and damages. Plaintiffs believe that the evidence can be presented efficiently in a single phase and that the jurisprudence weighs in favor of excluding the evidence identified in Plaintiffs' motions in limine. However, if the Court rules that any of this evidence is admissible because the Court finds it relevant to damages, then Plaintiffs respectfully request that they be afforded the opportunity to seek to bifurcate liability from compensatory damages.

In police misconduct civil rights cases, courts routinely sever trials to protect against prejudice to defendant police officers where the plaintiffs seek to admit evidence of past conduct, prior instances of excessive force, prior complaints and other civil lawsuits against the officers and the law enforcement agency. *See e.g.*,

*Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (trial of the individual police officers bifurcated from the Chief and City to avoid prejudice where plaintiff sought to introduce evidence of police dog attacks on others); *Larez v. City of Los Angeles*, 946 F.2d 630, 634 (9th Cir. 1991) (bifurcated trial of the individual officers from the Chief and the City); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 518 (9th Cir. 1999); *Phillips v. City of New York*, 871 F. Supp. 2d 200 (E.D.N.Y. 2012); *Brunson v. City of Dayton*, 163 F. Supp. 2d 919, 925 (S.D. Ohio 2001). As a corollary, the same protection against prejudice should be afforded to the plaintiffs when defendant officers seek to introduce prejudicial evidence that is (arguably) relevant to damages but is wholly irrelevant to liability.

If the jury were to hear testimony about Sesma's mental health history, his history of alcohol use, and his prior aggressive acts, then Defendants' case would not focus on the objective facts known to Defendant Ornelas during this incident, and the jury would be unable to adhere to the *Graham* analysis. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 600-601 (9th Cir. 2016) ("*Diaz*").

In *Diaz*, the Ninth Circuit ruled that the trial court erred in failing to bifurcate liability from compensatory damages. *Id*. at 601. The *Diaz* court stated, "the evidence of Diaz's drug use and gang affiliation has marginal, if any, probative value as to damages, and none as to liability. On retrial, the district court should closely review this evidence under Federal Rules of Evidence 401 and 403, and should ensure that such evidence is admitted only to the degree that the testimony is connected up with Ms. Huizar's reaction to her son's death." *Id*. at 603. The *Diaz* court concluded:

> To avoid the runaway case—like this one, where the Defendants and their witnesses repeatedly overstepped the judge's rulings—courts should use bifurcation to corral lawyers and witnesses, so the jury hears only evidence relevant to the issues at hand. Here, that was

> whether [the shooting officer] acted lawfully when he shot [the decedent]. Because the jury heard considerable and inflammatory evidence that had nothing to do with that question, we REVERSE and REMAND this case for a new trial.

*Id*. at 606.

Based on the foregoing, Plaintiff respectfully reserves her right to request an order that the liability phase of the trial in this matter be bifurcated from the compensatory damages phase, depending on this Court's ruling on Plaintiff's motions *in limine*.

### III. CONCLUSION

Plaintiffs respectfully request that this Court exclude any reference, testimony or argument related to information and facts unknown to Defendant Andrew Ornelas when excessive force was used, including any evidence of Sesma's history of mental illness, such as hospital records from Canyon Ridge Hospital, Pomona Valley Hospital, and Temecula Valley Hospital, and the notebooks found in Decedent's vehicle after the incident, which show that he may have been suffering from delusions.

Respectfully submitted,
DATED: April 26, 2024,                    **LAW OFFICES OF DALE K. GALIPO**

                                          */s/    Cooper Alison-Mayne*
                                          Dale K. Galipo
                                          Cooper Alison-Mayne
                                          *Attorney for Plaintiffs*