|   |   |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | DONNA M. DEAN<br>Supervising Deputy Attorney General |
| 3 | DAVID KLEHM<br>Deputy Attorney General |
| 4 | State Bar No. 165302<br>EMILY WILLIAMS |
| 5 | Deputy Attorney General<br>State Bar No. 316724 |
| 6 | 600 W Broadway, Ste 1800<br>San Diego, CA 92101-3375 |
| 7 | Ph: (619) 738-9733<br>Fax: (916) 731-2120 |
| 8 | E-mail: David.Klehm@doj.ca.gov |
| 9 | *Attorneys for Defendants*<br>*State of California and Andrew Ornelas* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,**<br><br>                              Defendants. | 5:21-cv-1694-JWH (KKx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO BIFURCATE PUNITIVE DAMAGES CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         May 24, 2024<br>Time:        9:00 a.m.<br>Courtroom: 9D<br><br>Judge:       The Honorable John W. Holcomb<br><br>Trial Date: July 1, 2024<br>Action Filed: July 30, 2021 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:** **PLEASE TAKE NOTICE THAT** on May 24, 2024, at 9:00 a.m. or as soon thereafter as counsel may be heard in in Courtroom 9D of the United States District Court located at 411 W. 4th Street, Santa Ana, California,

1

1  Defendants State of California and Andrew Ornelas will and hereby do move the
2  Court for an order under Federal Rules of Civil Procedure 42(b) bifurcating the
3  issue of punitive damages for a separate trial to be held only if the jury reaches a
4  plaintiffs' verdict on the threshold issue(s) of liability under plaintiffs' federal and
5  state law claims.
6      This motion is made upon the grounds that unless bifurcation is ordered,
7  defendants would be subjected to severe and unfair prejudice which could not be
8  cured by any subsequent curative instruction from the court.
9      This motion is and will be based upon this notice of motion, the attached
10 memorandum of points and authorities, all pleadings and records on file in this
11 action, and on such further authority, evidence, or argument as may be presented at
12 or before the time of any hearing on this motion.
13     This Motion is made following a conference of counsel pursuant to L.R. 7-3
14 and L.R. 16-2.6, which took place on April 26, 2024.

Dated: April 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputy Attorney General
*Attorneys for Defendants State of California and Andrew Ornelas*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This lawsuit arises out of the shooting of Decedent Charles Sesma by California Highway Patrol (CHP) Officer Andrew Ornelas. The central issue in this case is whether Officer Ornelas was justified in using deadly force when decedent ran at Officer Ornelas while armed with a pipe.

Plaintiffs seek punitive damages based on their causes of action under both federal and state law. The standard of proof for awarding punitive damages is different under federal and state law, which could cause confusion to the jury in deciding the issue of whether punitive damages should be awarded. In addition, the introduction of evidence of Officer Ornelas's financial information before liability is determined would result in prejudice and violate the privacy rights of Officer Ornelas and third parties – especially if the jury determines that Officer Ornelas is not liable. Accordingly, defendants request that the trial be bifurcated into a liability phase followed by a punitive damages phase, if necessary.

### ARGUMENT

**I.   THE ISSUE OF LIABILITY SHOULD BE BIFURCATED FROM PUNITIVE DAMAGES**

Federal Rules of Civil Procedure 42(b) provides, in pertinent part:

> The court in furtherance of convenience or to avoid prejudice, or when separate trial will be conducive to expedition and economy, may order separate trial or any claim, cross-claim, counterclaim, or third-part claim, or of any separate issue ...

The standard of proof for punitive damages is different under federal and state law, which could result in confusion. To establish a right to punitive damages under federal law, plaintiff must establish, by a preponderance of the evidence, that defendant acted maliciously, recklessly or with a conscious disregard for plaintiffs'

3

or decedent's rights. 9th Circuit Model Jury Instruction (Civil) 5.5. Under California law, proof of the requisite maliciousness or recklessness must be shown by clear and convincing evidence. Cal. Civ. Code., § 3294(a); CACI 3941. Until the jury determines that Officer Ornelas committed any actionable misconduct – and specifies the violation – the applicable standard of proof to award punitive damages may be unclear. Bifurcation of liability and punitive damages would avoid confusion about the standard of proof.

Moreover, if Officer Ornelas is found to be not liable, or, even if liable, he did not act with malice/oppression/reckless disregard, then there would be no need to proceed to punitive damages. 9th Circuit Model Jury Instruction (Civil) 5.5. To award punitive damages, the jury must "…use reason in setting the amount." *Id.* Evidence of a defendant's financial condition may be offered, which is an invasion of financial privacy as well as the privacy rights of third-parties. Bifurcating the trial so that any consideration of punitive damages is deferred until liability is determined would avoid prejudice to the improvident and impermissible early exploration of Officer Ornelas' personal finances and best serve judicial economy in the event that the jury finds no liability.

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Based on the foregoing, defendants respectfully request that the court bifurcate any punitive damages phase from the trial on individual liability and damages.

Dated:  April 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputy Attorney General
*Attorneys for Defendants State of California and Andrew Ornelas*

LA2021603706

5