**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>　　　　　Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1**<br><br>Judge: Hon. John W. Holcomb<br>Hearing: May 24, 2024, 9:00 a.m.<br>Court: Ronald Reagan Federal Building, 411 W. 4th Street, Santa Ana, CA<br>Courtroom: 9D |

**1**

PLAINTIFFS' MOTION IN LIMINE NO. 1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs do not intend to introduce more than a few photos of Mr. Sesma after he was shot. Plaintiffs also do not intend to show photos that are unnecessarily bloody, depict Mr. Sesma's genitalia, or that show Mr. Sesma's open cavity during autopsy. Plaintiffs agree that these types of photos can inflame and or unnecessarily disturb jurors.

However, this is a wrongful death case. Officer Ornelas shot and killed Mr. Sesma, and did so intentionally. Mr. Sesma did not die instantly; he cried out in pain for several minutes after being shot. Plaintiffs seek survival damages, which include damages for Mr. Sesma's pre-death pain and suffering. Therefore, it is important for the jury to have some idea of the extent of Mr. Sesma's injuries, and one or two photos of the severity of the wounds caused my Mr. Ornelas' shooting Mr. Sesma seven times (twice in the head) would be more probative on this issue than prejudicial.

Further, there is a dispute as to Mr. Sesma's body position when he was shot and autopsy photographs of the bullet path are probative as to bullet trajectory, which will show the body position of Mr. Sesma at the time he was shot, and the body position of Mr. Sesma relative to where Officer Ornelas was standing at the time of the shots.

Plaintiffs have offered and will provide defendants with the proposed photos that they intend to use in an effort to reach a stipulation. For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion in Limine No. 1 in its entirety.

Defendants' claim of unfair prejudice is contradicted by a long line of federal and state cases holding that danger of unfair prejudice or inflaming the jury did not substantially outweigh the probative value of relevant autopsy and crime scene photographs, even when the photographs were far more gruesome than the

ones at issue here.  *See, e.g., United States v. Mitchell*, 502 F.3d 931, 968 (9th Cir. 2007) (district court did not err in admitting photographs of the post-mortem decapitation and dismemberment of murder victims); *Maxwell v. United States*, 368 F.3d 735, 748-49 (9th Cir. 1966); *People v. Booker*, 51 Cal. 4th 141, 170 (2011) (trial court did not abuse its discretion in admitting over 100 crime scene photographs, some of which graphically depicted knife wounds to the victims' throats); *People v. Ramirez*, 39 Cal. 4th 398, 455 (2009) (trial court did not abuse its discretion in admitting photograph showing victim with her eyes cut out); *People v. Pride*, 3 Cal. 4th 195 (1992) (trial court did not err in admitting crime scene photographs of murder victims posed in sexually provocative positions); *People v. Martinez*, 31 Cal. 4th 673, 692 (2003) (trial court did not abuse discretion in admitting autopsy photograph of victim with his chest surgically opened and a probe inserted to show the bullet's trajectory).

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine No. 1.

Respectfully submitted,
DATED: May 7, 2024,

**LAW OFFICES OF DALE K. GALIPO**

*/s/     Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*