**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to Charles Sesma, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; ANDREW ORNELAS; and DOES 2-20, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-1694- JWH (KKx)<br><br>[*Hon. John W. Holcomb*]<br><br>**DECLARATION OF COOPER ALISON-MAYNE** |

## <u>DECLARATION OF COOPER ALISON-MAYNE</u>

I, Cooper Alison-Mayne, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in relation to the parties joint report filed concurrently. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Attached hereto as "Exhibit 1" is a true and correct copy of the relevant pages of the expert report of Defendants' police practices expert Mr. Chapman.

1  3. Attached hereto as "Exhibit 2" is a true and correct copy of the relevant pages of the transcript of the deposition of Mr. Chapman, taken on August 23, 2022 in this matter.

4. Attached hereto as "Exhibit 3" is a true and correct copy of the relevant pages of the transcript of the deposition of Andrew Ornelas, taken on May 19, 2022 in this matter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 5th day of May 2024, in Los Angeles, California.

                */s/ Cooper Alison-Mayne*
                Cooper Alison-Mayne

# EXHIBIT 1

NATIONAL JUSTICE CONSULTANTS, INC.

1507 7th Street, Suite 350, Santa Monica, CA 90401 ○ 310.429.2940 ○ crchapman@earthlink.net

Donna M. Dean, DAG
Department of Justice
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013

Federal Rule of Civil Procedure 26 (a)(2)(B)
REPORT OF DEFENDANTS' POLICE PRACTICES EXPERT

Re:   *Candido Sesma, et al., v. State of California, et al.*
      U.S.D.C. Central District of California Case No.: 5:21-cv-1694-JWH (KKx)

Dear Ms. Dean,

Per my retention agreement in this case, the following is a preliminary report based on my review and evaluation of the below-listed case materials. Upon receipt of additional information and/or materials on which to opine, I reserve the right to modify my findings and conclusions accordingly.

As a police practices expert in law enforcement policies, procedures, training, and tactics in the area of the use of deadly force, the focus of this report will be to formulate opinions regarding the actions of the California Highway Patrol (*hereinafter CHP*) Officer Andrew Ornelas (*hereinafter Officer Ornelas*) in the shooting incident involving Charles Sesma (*hereinafter Sesma*).

In my analysis of this case, I did not assign credibility to any statements or testimony of Defendants, or witnesses. My conclusions and opinions are based on the facts presented in this case and applied against the backdrop of contemporary police training, policies and best practices in the area of police use of deadly force. Additionally, all the opinions expressed herein are derived from the foundation of my training, education, and over 50 years of experience as a career law enforcement officer, POST instructor,[1] Chief of Police, Deputy United States Marshall, and police practices consultant at the local, State, and federal levels.

---

[1] California Commission on Peace Officer Standards and Training

*Candido Sesma, et al., v. State of California, et al.*
*Report of Police Practices Expert Clarence R. Chapman*
*U.S.D.C. Central District of California Case No. 5:21-cv-1694-JWH (KKx)*

_____

9. CHP HPM 70.6 Chapter 1 Use of Force
10. POST LD #20 – "Three Phases" to a Use of Force
11. County of Los Angeles Department of Medical Examiner Coroner Gunshot Residue (GSR) Analysis Report – 2020-07117
12. Deposition of Officer Jason Nichols
13. Deposition of Officer Andrew Ornelas

III. <u>Exhibits to be Used in Support of Opinions</u>:

1. Peace Officer Standards and Training (POST) Learning Domain #20: <u>Use of Force</u>
2. Peace Officer Standards and Training (POST) Learning Domain #23: <u>Crimes in Progress</u>
3. Peace Officer Standards and Training (POST) Learning Domain #37: <u>People with Disabilities</u>

IV. <u>Opinions</u>:

1. Officer Ornelas had probable cause to contact and arrest Sesma based on reliable information received from CHP dispatch that Sesma was endangering the lives of citizens in his numerous vehicle attacks on the I-10 freeway.

2. ==The use of force by Defendant Officer Ornelas was objectively reasonable in the immediate defense of his life from a deadly attack by Sesma.==

3. It is my opinion that the tactics and ultimate use of deadly force by Officer Ornelas was consistent with that of any other well-trained and competent police officer similarly situated and faced with an immediate deadly life-threatening armed attack.

4. I found that Officer Ornelas's defensive actions were based on contemporary national standards and best practices, CHP policies, and California POST guidelines in regard to police use of deadly force in the immediate defense of life.

# EXHIBIT 2

```
 1                  UNITED STATES DISTRICT COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3

 4   CANDIDO SESMA and CECILIA SESMA,      )
     individually and as successors in     )
 5   interest to CHARLES SESMA, deceased,  )
                                           )
 6                  Plaintiffs,            )
                                           )
 7                  vs.                    )Case No.
                                           )5:21-CV-1694-JWH(KKx)
 8   STATE OF CALIFORNIA, ANDREW ORNELAS,  )
     and DOES 2-20, inclusive,             )
 9                                         )
                    Defendants.            )
10   _____)

11

12

13

14          REMOTE VIDEOCONFERENCE DEPOSITION OF

15                     CLARENCE CHAPMAN

16                TUESDAY, AUGUST 23, 2022

17

18

19

20

21

22

23   Reported Stenographically By:

24   Jinna Grace Kim, CSR No. 14151

25   Job No.:  414413
```

1   ten or 20 cases with him back in the day and deposed him a
2   few times, but haven't seen him much recently.
3       A.   I think he is semi-retired.  I'm not sure.
4            He testified in a case not long ago, but I think
5   that New York Times article pretty much did him in.
6       Q.   Okay.  If after the first group of shots, if there
7   no longer existed an immediate threat of death or serious
8   bodily injury, my hypothetical, then you would agree that the
9   second group the shots would have been inappropriate; is that
10  fair?
11      A.   Yes.  If there is no threat, the second volley of
12  shots would have been inappropriate.  I agree with you.
13      Q.   And the threat for deadly force has to be an
14  immediate threat of death or serious bodily injury; is that
15  also correct?
16      A.   Yes, correct.
17           MR. GALIPO:  Donna, do you have any questions of
18  Clarence today?
19           MS. DEAN:  Just one quick one.
20           Are you finished?
21           MR. GALIPO:  Pretty much, but we can talk about
22  other stuff if Clarence wants.
23           But go ahead.
24                          EXAMINATION
25  BY MS. DEAN:

# EXHIBIT 3

```
 1                    UNITED STATES DISTRICT COURT

 2                    CENTRAL DISTRICT OF CALIFORNIA

 3

 4   CANDIDO SESMA and CECILIA SESMA,     )
     individually and as successors in    )
 5   interest to CHARLES SESMA, deceased, )
                                          )
 6                  Plaintiffs,           )
                                          )
 7                vs.                     )Case No.
                                          )5:21-CV-1694-JWH(KKx)
 8   STATE OF CALIFORNIA, ANDREW ORNELAS, )
     and DOES 2-20, inclusive,            )
 9                                        )
                    Defendants.           )
10   _____)

11

12

13

14            REMOTE VIDEOCONFERENCE DEPOSITION OF

15                        ANDREW ORNELAS

16                    THURSDAY, MAY 19, 2022

17

18

19

20

21

22

23   Reported Stenographically By:

24   Jinna Grace Kim, CSR No. 14151

25   Job No.:  397702
```

```
 1   from you?
 2       A.   I don't recall which distance I had gave.
 3       Q.   When you reviewed your statement recently, did you
 4   see the estimates that you gave?
 5       A.   I did, but I don't recall the number.
 6       Q.   Okay.  Now, your training with respect to the use of
 7   deadly force, were you trained that deadly force can be used
 8   if there is an immediate or imminent threat of death or
 9   serious bodily injury to yourself or others?
10       A.   I was.
11       Q.   Were you trained that if there is not an immediate
12   or imminent threat of death or serious bodily injury to
13   yourself or others, you should not use deadly force?
14       A.   I was.
15       Q.   Were you trained that you should give a verbal
16   warning before using deadly force when feasible?
17       A.   I was.
18       Q.   Were you trained that in terms of using deadly force
19   you're responsible to justify every shot?
20       A.   I was.
21       Q.   When you went to the academy did you have to study
22   POST Learning Domains?
23       A.   Yes.
24       Q.   Do you recall the context of deadly force being it
25   should only be used as a last resort in a life-threatening
```

1   situation?

2       A.   Yes.

3       Q.   Do you recall the discussion about reverence for

4   human life in the context of using deadly force?

5       A.   Yes.

6       Q.   Okay.

7            MR. GALIPO:  Donna, do you have any questions for

8   this gentleman today?

9            MS. DEAN:  Yes.  I do have a few follow-ups.

10           MR. GALIPO:  Okay.  You might have to get just a

11  little bit closer or keep your voice up so that Jinna can

12  hear you.

13           MS. DEAN:  Okay.

14                          EXAMINATION

15  BY MS. DEAN:

16      Q.   First, when you were asked about estimates you using

17  yards in your statement to the Ontario Police Department, if

18  you stated that he was 20 yards when you fired the second

19  time, was that an error?

20      A.   Yeah.  I believe that's an error in my units of

21  measurements.

22      Q.   So you believe that you probably meant feet instead

23  of yards?

24      A.   I think I was a little confused when I think of --

25  again, it's a mix-up on the wording when I was trying to