1  ROB BONTA
   Attorney General of California
2  DONNA M. DEAN
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4  State Bar No. 165302
   EMILY WILLIAMS
5  Deputy Attorney General
   State Bar No. 316724
6   600 W Broadway, Ste 1800
    San Diego, CA 92101-3375
7   Ph: (619) 738-9733
    Fax:  (916) 731-2120
8   E-mail:  David.Klehm@doj.ca.gov
   *Attorneys for Defendants*
9  *State of California and Andrew Ornelas*

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,** | 5:21-cv-01694-JWH-DTB |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DECEDENT'S CRIMINAL HISTORY AND PRIOR BAD ACTS** |
| **v.** | |
| **STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,** | Date:        May 24, 2024<br>Time:        9:00 a.m.<br>Courtroom:  9D<br>Judge:       The Honorable John W. Holcomb |
| Defendants. | Trial Date:  July 1, 2024<br>Action Filed: 7/30/2021 |

23

24              **MEMORANDUM OF POINTS AND AUTHORITIES**

25       **I. Preliminary Statement**

26       This lawsuit arises out of the shooting of Decedent Charles Sesma (Decedent)

27   by California Highway Patrol Officer Andrew Ornelas. Plaintiffs' Motion in

28   Limine No. 2 seeks to exclude Decedent's criminal history and prior bad acts.

1

Through this litigation, Defendants have learned about Decedent's criminal history. Plaintiffs, Decedent's parents, seek to recover wrongful death damages based upon their relationship with Decedent. Where, as here, a successor-in-interest seeks "wrongful death" type damages, a decedent's criminal history is both relevant and admissible to speak to the life expectancy of the decedent, and the quality and nature of the plaintiff and decedent's relationship. *Fritsch v. City of Chula Vista,* 196 F.R.D. 562, 569 (S.D. Cal. 1999). Decedent's criminal history, prior contacts with law enforcement, and prior bad acts is therefore relevant and admissible in this suit, since it speaks to life expectancy and speaks directly to the quality of Plaintiffs' relationship with Decedent.

**II**. **Evidence of Decedent's Criminal History, Prior Contacts with Law Enforcement, and Prior Bad Acts is Relevant to Plaintiffs' Damages Claims**

Plaintiffs seek wrongful death damages. Plaintiffs' claims are blunted by Decedent's criminal history for at least two reasons. First, Decedent's criminal history and arrest records are relevant to a jury's fair assessment of Decedent's life expectancy. Second, this evidence is also relevant and probative of the nature, depth and quality of Plaintiffs' relationship with Decedent. Accordingly, Plaintiffs' Motion in Limine should be denied. Indisputably, Decedent's life expectancy is at issue in this "wrongful death" case. *See*, *Francis v. Sauve*, 222 Cal. App. 2d 102, 121 (1963); *see also*, *Parsons v. Easton*, 184 Cal. 764, 770-771 (1921) ("It is the shorter expectancy of life that is to be taken into consideration [in computing wrongful death damages]; for example; if as in the case here, the expectancy of life of the parents is shorter than that of the son, the benefits to be considered are those only which might accrue during the life of the surviving parents.").

These cases are grounded in the common sense reality that criminal activity presents lifestyle risks that can (and do) impact relationships and life expectancy. *See*, CACI Jury Instruction No. 3921 (wrongful death damages calculations require the jury to evaluate decedent's "***health***, habits, ***activities*** [and] ***lifestyle***….")

1   (emphasis added); *see also*, *Witkin, Summary of Cal. Law,* Wrongful Death, §

2   181.17 (10th ed. 2015) ("[E]vidence that [parties' relationship] was strained and

3   unhappy at the time of death may suffice to negate or minimize a surviving [heir's]

4   damages for loss of the decedent's society, comfort, and protection."); *Benwell v.*

5   *Dean*, 249 Cal.App.2d 345, 353 (1967) ("'It is always proper to make proof of the

6   relations of the decedent to the person for whose benefit the action is being

7   maintained, because such proof has a bearing upon the pecuniary loss suffered by

8   the person entitled to recovery…'").

9        Introduction of a decedent's criminal history is also grounded in basic notions

10   of fairness and the recognition that litigation is a search for the truth. *See*, *Agosto v.*

11   *Trusswal Systems Corp.*, 142 F.R.D. 118, 120 (E.D. Pa. 1992) ("It is Plaintiff's

12   choice to pursue claims that necessitate the introduction of life expectancy

13   information and basic fairness dictates that Plaintiff should not be allowed to make

14   a potentially large recovery against [the defendant] based on an average life span

15   when, in reality, Plaintiff may well have a shorter than average life expectancy.");

16   *see also, Lewis v. District of Columbia,* 793 F.2d 361, 363 (D.C. Cir. 1986)

17   (affirming district court's order admitting evidence of past drug use *and arrests*

18   when the evidence was probative in aiding the jury to fairly measure the extent of

19   damages for the alleged police "excessive force" claim and that its prejudicial effect

20   did not substantially outweigh its probative value).

21        Furthermore, Decedent's periods of prior incarceration are relevant to

22   Plaintiffs' damages because incarceration would reduce the amount of "society and

23   comfort" Decedent provided to Plaintiffs. *Peraza v. Dalmeter*, 722 F.2d 1455, 1457

24   (9th Cir. 1984); *Castro v. Cty. of Los Angeles*, No. 2:13-cv-06631, 2015 WL

25   4694070, at *4 (C.D. Cal. 2015). Evidence of Decedent's prior criminal convictions

26   therefore speaks directly to the nature and quality of the relationship between

27   Plaintiffs and Decedent, which is consequently relevant to the "wrongful death"

28   claimed by Plaintiffs.

**III**. <u>**Evidence of Decedent's Criminal History, Prior Contacts with Law Enforcement, and Prior Bad Acts Should not be Excluded as Character Evidence**</u>

Defendants do not seek to have the evidence admitted as character evidence, but rather to counter Plaintiffs' damages claims. While evidence of crimes, wrongdoings, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith," (Fed. R. Evid. 404(b)), such evidence is admissible for other purposes: "[u]nless the evidence of other crimes tends to only prove propensity, it is admissible. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996), internal quotation marks omitted. The intent behind the character evidence rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

Here, Decedent's criminal history speaks to the damages claims being made in this case. Such evidence is therefore not being offered to prove conformity of Decedent with a particular character trait during the incident.

**IV**. <u>**Evidence of Decedent's Criminal History, Prior Contacts with Law Enforcement, and Prior Bad Acts Should not be Excluded under Rule 403**</u>

Relevant evidence may be excluded under Rule 403 only if its probative value is "substantially" outweighed by an articulated danger or concern within the rule. This requires the court to compare the probative value of the evidence against the articulated reasons for its exclusion, "and permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

Use of Rule 403 to exclude evidence should be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172. Evidence must concededly be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can

1  tip the scales to provide a basis for exclusion. *Hankey,* 203 F.3d at 1172. The

2  balance under the rule should be struck in favor of admissibility. *Blancha v.*

3  *RaymarkIndustries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly, if the

4  evidence's probative value, and the danger of its use, are of relatively equal weight,

5  the evidence should be admitted. *Id*.

6       Plaintiffs argue that the evidence of Decedent's criminal history is likely to

7  confuse the jury or cause undue delay and waste of time by causing litigation of

8  collateral issues. On the contrary, this evidence is being offered on a central issue in

9  this case: damages. The prejudice claimed by plaintiffs is not unfair. Evidence of

10  Decedent's criminal history, which is being offered with respect to Plaintiffs'

11  damages claims, should be allowed.

12       **V**. <u>**The Evidence to be Offered on these Issues is not Subject to Exclusion**</u>

13  <u>**Based on Hearsay**</u>

14       Plaintiffs erroneously contend that Defendants will be unable to provide

15  sufficient evidence regarding Decedent's criminal history because any such records

16  are subject to exclusion based on hearsay. Defendants will seek judicial notice of

17  the certified court records. Fed. R. Evid. 201(d); *ReadyLink Healthcare, Inc. v.*

18  *State Compensation Ins. Fund* (9th Cir. 2014) 754 F3d 754, 756, fn. 1 (judicial

19  notice of California state court proceedings); *Asdar Group v. Pillsbury, Madison &*

20  *Sutro* (9th Cir. 1996) 99 F.3d 289, 290, fn. 1. These records are not hearsay because

21  they are not offered to prove the truth of the matters asserted therein but instead to

22  prove that Decedent had prior convictions that included time spent in incarceration.

23  Even if the court determines the records are hearsay, they are still admissible

24  because they fit within the hearsay exceptions for public records (Fed. R. Evid.

25  803(8) and 803(6)).

26

27

28

**VI**. <u>**Conclusion**</u>

Based on the foregoing, Defendants respectfully request this Court deny Plaintiffs' Motion in Limine No. 2 to Exclude Evidence of Decedent's Criminal History and Prior Bad Acts.

Dated:  May 10, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

 /s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputys Attorney General
*Attorneys for Defendants*
*State of California and Andrew*
*Ornelas*

LA2021603706

6