ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
EMILY WILLIAMS
Deputy Attorney General
State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
 Ph: (619) 738-9733
 Fax: (916) 731-2120
 E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,**<br><br>Defendants. | 5:21-cv-01694-JWH-DTB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DISTRICT ATTORNEY'S DECISION NOT TO PRESS CHARGES AGAINST DEFENDANT ORNELAS**<br><br>Date:        May 24, 2024<br>Time:        9:00 a.m.<br>Courtroom:   9D<br>Judge:       The Honorable John W. Holcomb<br>Trial Date:  July 1, 2024<br>Action Filed: 7/30/2021 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Preliminary Statement

This lawsuit arises out of the shooting of Decedent Charles Sesma (Decedent) by California Highway Patrol Officer Andrew Ornelas (Defendant Ornelas) (the

1  Incident). Plaintiffs' Motion in Limine No. 3 (Motion) seeks to exclude any
2  evidence, testimony, argument, or reference at trial to the results of the Ontario
3  Police Department's investigation into the Incident, including any reference to the
4  District Attorney's decision not to press charges. Additionally, Plaintiffs' Motion
5  seeks to exclude the findings and conclusions of the California Highway Patrol's
6  (CHP) internal Critical Incident Investigation Team report regarding Defendant
7  Ornelas' use of force.

8  **II**. **Evidence of the Investigation by the Ontario Police Department and**
9  **District Attorney's Decision Not to Press Charges is Relevant and Probative to**
10 **the Jury's Evaluation of Plaintiffs' Claims**

11  Defendants recognize that the conclusions of the Ontario Police Department
12 and decision by the District Attorney not to not press charges against Defendant
13 Ornelas may have a limited application in this trial. But Defendants do not believe
14 that wholesale exclusion of any mention of the Ontario Police Department's
15 findings regarding the shooting and the District Attorney's decision not to press
16 charges is warranted. Defendants do not agree to exclude the fact that the District
17 Attorney decided not to press charges. If the jury does not hear that an investigation
18 was conducted by the Ontario Police Department and the results thereof, the jury
19 may conclude that investigation was conducted only by CHP and that such
20 investigation was therefore biased and self-serving. Omission of the fact of this
21 investigation by the Ontario Police Department and the results thereof would
22 therefore be misleading and unduly prejudicial to Defendants.

23  If mention or introduction of evidence related to the Ontario Police
24 Department's investigation is limited as referenced here, Plaintiffs' concerns about
25 prejudice and confusion of the jury are eliminated, and exclusion is not warranted.

26  In addition, evidence obtained via the Ontario Police Department's
27 investigation will be relied on by both sides and admitted at trial. During its
28 investigation, among other things, the Ontario Police Department obtained

2

statements, which are relevant to the issues in this case. It is not practical to avoid mentioning the investigators' employer when this evidence is being introduced at trial. Omission of the results of this investigation – and the evidence discovered as a result thereof – would be misleading and unduly prejudicial to Defendants.

### III. Evidence of the Investigation by the California Highway Patrol is Relevant and Probative to the Jury's Evaluation of Plaintiffs' Claims and is Not Inadmissible Hearsay

Evidence of the findings and conclusions of the California Highway Patrol's internal Critical Incident Investigation Team report regarding Defendant Ornelas' use of force is relevant and probative to the jury's evaluation of Plaintiffs' claims, because it is relevant to show that Defendant Ornelas' own employer disagrees with Plaintiffs' expert on the issue of officer compliance with CHP's policy. *See, e.g., Phillips v. Bratton*, 2008 WL 11409876, at *10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008).

Additionally, evidence of these findings and conclusions is relevant as it pertains to potential award of punitive damages against Defendant Ornelas. In determining the amount of an award of punitive damages, the jury must consider "the degree of reprehensibility of the defendant's conduct" (9th Cir. Model Civil Jury Instr. 5.5). The fact that Defendant Ornelas' employer found his actions to be within policy is relevant to that inquiry.

Evidence of these findings and conclusions is not inadmissible hearsay. Federal Rule of Evidence 803(8) sets forth the public records exception to the hearsay rule. The findings of CHP qualifies under this exception. They are contained in a report from a public office that states the activities of the office in the investigation. Fed. R. Evid. 803(8)(A)(i) and (iii). Under Fed. R. Evid. 902, the report is self-authenticating.

Federal Rule of Evidence 803(6) sets forth the business records exception to the hearsay rule, which is broader than the public records exception. The findings of

CHP qualify as business records because they are contained in a report made at or near in time to when investigative information was transmitted to CHP for review, written by a knowledgeable person, kept in the course of a regularly conducted business activity, and was part of CHP's regular practice. Fed. R. Evid. 803(6). CHP also qualifies under the broad definition of a "business" because they are "organizations," "occupations," or "callings." Fed. R. Evid. 803(6)(B).

### IV. Conclusion

Based on the foregoing, Defendants respectfully request this Court deny Plaintiffs' Motion in Limine No. 3.

Dated: May 10, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputys Attorney General
*Attorneys for Defendants
State of California and Andrew Ornelas*

LA2021603706

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Case Name: | **Candido Sesma, et al. v. State of California, et al.** |
| USDC Case No. | **5:21-cv-01694-JWH-DTB** |

I hereby certify that on **May 10, 2024**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DISTRICT ATTORNEY'S DECISION NOT TO PRESS CHARGES AGAINST DEFENDANT ORNELAS**

certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **May 10, 2024**, at San Diego, California.

| A. Dotson | *[signature]* |
|---|---|
| Declarant | Signature |

LA2021603706
Opp to MIL 3 POS.docx