ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
EMILY WILLIAMS
Deputy Attorney General
State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
 Ph: (619) 738-9733
 Fax: (916) 731-2120
 E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,<br><br>Defendants. | 5:21-cv-01694-JWH-DTB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DECEDENT'S MENTAL HEALTH ISSUES**<br><br>Date:       May 24, 2024<br>Time:       9:00 a.m.<br>Courtroom:  9D<br>Judge:      The Honorable John W. Holcomb<br>Trial Date: July 1, 2024<br>Action Filed: 7/30/2021 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

This lawsuit arises out of the shooting of Decedent Charles Sesma (Decedent) by California Highway Patrol ("CHP") Officer, Defendant, Andrew Ornelas. Plaintiffs' Motion in Limine No. 4 seeks to exclude Decedent's mental health issues.

1

Decedent's mental health issues are relevant and admissible in this suit as it bears directly on the extent of plaintiffs' claimed financial damages and the reasonableness of CHP Officer Ornelas's conduct during his interactions with decedent.

## II. EVIDENCE OF DECEDENT'S MENTAL HEALTH ISSUES IS RELEVANT TO PLAINTIFFS' DAMAGES CLAIMS

Plaintiffs seek wrongful death damages. Plaintiffs' claims can only be fairly viewed in the light of Decedent's mental health issues and treatment history. This evidence is relevant because it impacts the ability of decedent to provide financial support for plaintiffs. This evidence is also relevant and probative of the nature, depth and quality of Plaintiffs' relationship with Decedent because plaintiffs were not aware of decedent's mental health issues. Accordingly, Plaintiffs' Motion in Limine should be denied.

## III. EVIDENCE OF DECEDENT'S MENTAL HEALTH ISSUES IS RELEVANT TO DETERMINE THE REASONABLENESS OF DEFENDANT'S ACTIONS IN RESPONSE TO DECEDENT'S AGGRESSIVE CONDUCT

Plaintiffs' motion in limine no. 4 seeks to exclude evidence that Decedent was schizophrenic or suffered from any mental illness. Plaintiffs argue that this information was unknown to CHP Officer Orenelas at the time of the incident and defendants should not be permitted to testify to Decedent's mental health condition because he is not medically qualified and any testimony he could render would be hearsay.

Plaintiffs first move to exclude the evidence on the ground that CHP Officer Ornelas did not know that Decedent suffered from mental illness or schizophrenia and the evidence of mental illness should be excluded on the same basis that Plaintiff seeks to exclude evidence of Decedent's bad acts (Plaintiffs' MIL No. 2). However, this issue for the Court to decide in addressing whether Decedent's

mental illness is relevant in this action is, "would the evidence make a fact of consequence in determining the action more or less probable than it would be without the evidence". Fed. R. 401. In an excessive force action, the relevant "question is whether the officers" actions are objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor,* 490 U.S. 386, 397 (U.S. 1989); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

In the instant case, CHP dispatch alerted CHP Officer Ornelas that Decedent had rammed his vehicle into multiple other vehicles in an erratic manner as he continued to drive down the highway. When CHP Officer Ornelas arrived at the scene he observed Decedent run across train tracks and pick up a jagged metal pipe and then run towards CHP Officer in a threatening manner. Clearly, in determining the reasonableness of CHP Officer Ornelas's decision to fire his weapon when decedent was running towards him with a deadly weapon, Decedent's actions prior to CHP Officer Ornelas drawing and firing his weapon are relevant. Based on his knowledge of what decedent had already alleged done and decedent's behavior observed by CHP Officer Ornelas, he believed Decedent was under the influence of something, which makes individuals very agitated and angry. Plaintiff contends that Decedent's mental health issues were causing his erratic behavior.

However, unlike Decedent's prior criminal history, which would not be evident from the observations made by CHP Officer Ornelas in interacting with Decedent, it was evident to CHP Officer Ornelas that Decedent was angry and acting in an aggressive manner. Whether Decedent's threatening conduct was due to being under the influence of a drug such as PCP or because Decedent was suffering from mental illness is relevant to determining whether the force used in this instance was reasonable. Therefore, plaintiff's motion to exclude evidence that Decedent was suffering from any mental illness should be denied.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully request this Court deny Plaintiffs' Motion in Limine No. 4 to Exclude Evidence of Decedent's Mental Health Issues.

Dated:  May 10, 2024                     Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

 /s/ David Klehm

DAVID KLEHM
EMILY WILLIAMS
Deputys Attorney General
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

LA2021603706

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Case Name: | **Candido Sesma, et al. v. State of California, et al.** |
| USDC Case No. | **5:21-cv-01694-JWH-DTB** |

I hereby certify that on **May 10, 2024**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DECEDENT'S MENTAL HEALTH ISSUES**

certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **May 10, 2024**, at San Diego, California.

| | |
|---|---|
| A. Dotson | _[signature]_ |
| Declarant | Signature |

LA2021603706