LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Judge</u>: Hon. John W. Holcomb<br><u>FPTC</u>: June 7, 2024, 9:00 a.m.<br><u>Court</u>: Ronald Reagan Federal Building, 411 W. 4th Street, Santa Ana, CA<br><u>Courtroom</u>: 9D |

1

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiffs respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties pertaining to the trial scheduled to commence on July 1, 2024.

## I. INTRODUCTION

Plaintiffs Candido Sesma and Cecilia Sesma bring this suit against the Defendants State of California and California Highway Patrol Officer Andrew Ornelas for violations of their federal civil rights stemming from the unjustified shooting of their son, Charles Sesma. Plaintiffs claim that Ornelas violated the United States Constitution and state law when he used unreasonable and excessive deadly force against Charles Sesma, resulting in his death.

On August 6, 2020, Ornelas received a call about a property-damage-only vehicle collision. Ornelas and other officers spotted Sesma walking west along train tracks near the scene of the vehicle collision and approached him. When Ornelas yelled at Sesma to "Get over here!", Sesma took two to three steps closer to Ornelas, bent over and allegedly picked up a small pipe in a non-threatening manner with his arms down to his side. Sesma then turned and slowly walked west alongside the train track, away from the officers.

As Sesma walked further away, Ornelas went back to his patrol vehicle, drove west to an overhead train track, and began walking up the embankment. After reaching the train track and communicating with another officer, Sesma stood up and was positioned west of Ornelas about 100 feet away. When Sesma started jogging easterly with his arms in a slight "pumping action", Ornelas yelled "don't move!" and fired approximately four to five shots at Sesma as he was going down to the ground. After 6-7 seconds, Ornelas fired two more shots. Sesma was struck with a total of eight shots, two of which hit his face. He was

later pronounced dead at a hospital as a result of the gunshot wounds. Ornelas was not injured.

Ornelas failed to follow contact-cover tactics and de-escalate the situation per his training and professional standards. But most importantly, when Ornelas decided to use lethal force, Sesma was only armed with a small pipe and was too far away from Ornelas to be an immediate threat of death or severe bodily injury.

Plaintiffs Candido and Cecilia Sesma, individually and as successors-in-interest to their deceased son, seek survival damages for his pre-death pain and suffering, loss of life, and loss of enjoyment of life. They also seek wrongful death damages for the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of their son. Plaintiffs request punitive damages against the individual officers and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## II. CLAIMS AND DEFENSES

**a) Plaintiffs Claims**

  <u>**Claim 1**</u>: <u>Excessive Force</u>  (Survival Claim)

Claim 1 is brought by Plaintiffs against Defendant Andrew Ornelas. Plaintiffs contend that Ornelas used excessive force against Decedent Charles Sesma in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Ornelas' use of lethal force was unconstitutional because Sesma did not pose an immediate threat of death or serious bodily injury to Ornelas or anyone else.

Plaintiffs seek survival damages, punitive damages, and reasonable attorneys' fees and costs.

<u>Elements</u>:

1. Defendant Andrew Ornelas acted under color of state law;

2. Defendant Andrew Ornelas used excessive force against Charles Sesma; and

3. Defendant Andrew Ornelas' use of force was the cause of injury, damage, loss, or harm to Charles Sesma.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.22.

**Claim 2:**   Denial of Medical Care (Survival Claim).

Claim 2 is brought by Plaintiffs against Defendant Andrew Ornelas. Plaintiffs contend that delayed medical care for Sesma in violation of his Fourth Amendment rights and 42 U.S.C. § 1983.

Plaintiffs seek survival damages, reasonable attorneys' fees, and costs.

Elements:

1. Defendant Andrew Ornelas made an intentional decision regarding the denial of needed medical care;
2. The denial of needed medical care put the Sesma at substantial risk of suffering serious harm;
3. Defendant Andrew Ornelas did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the officer's conduct obvious; and

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.30.

**Claim 3:**   Battery (Wrongful Death Claim).

Claim 3 is brought by Plaintiffs against Defendant Andrew Ornelas directly and California vicariously. Plaintiffs contend that when Ornelas used excessive force against Decedent Charles Sesma he committed a battery under California

law. Ornelas' use of lethal force was unreasonable because it was not necessary to protect human life as Sesma did not pose an immediate threat of death or serious bodily injury to Ornelas or anyone else.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

<u>Elements</u>:

1. That Andrew Ornelas used deadly force on the decedent;
2. That Andrew Ornelas's use of deadly force was not necessary to defend human life;
3. That the decedent was killed; and
4. That Andrew Ornelas' use of deadly force was a substantial factor in causing the decedent's death

**Claim 4:**     <u>Negligence</u>  (Wrongful Death).

Claim 4 is brought by Plaintiffs against Defendant Andrew Ornelas directly and California vicariously. Plaintiffs contend that Defendant Andrew Ornelas, while acting in the course and scope of their employment with California, was negligent in his pre-shooting tactics, conduct, actions/inactions and the use of deadly force against the Decedent.  *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Plaintiffs allege that the California is vicariously liable for the wrongful death of Decedent.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

Elements:

1. Defendant Andrew Ornelas was negligent; and
2. Defendant Andrew Ornelas' negligence was a cause of the decedent's death.

See CACI 400, 401.

**b) Key Evidence**

Plaintiffs' claims are related. The key evidence Plaintiffs rely on for each of the claims is:

Testimony of Candido Sesma
Testimony of Cecilia Sesma
Testimony of Alex Sesma
Testimony of Scott Holdaway
Testimony of Roger Clark
Testimony of Andrew Ornelas
Testimony of Jason Steen
Testimony of Jason Nichols
Testimony of Anthony Cichella
Testimony of Christopher Bowen
Testimony of Nicholas White
Testimony of Kyle Bumanlag
Coroner's Report
Videos of incident
Family photos and other items illustrating the losses and harms
Photos from Investigation
Photos from Autopsy

**c) Defendants' Counterclaims and Affirmative Defenses**

Defendants may argue they are entitled to qualified immunity;

**d) Anticipated Evidentiary Issues**

Plaintiffs filed the following motions in limine:

1. Motion to Exclude Evidence of Decedent's Use of Drugs and Alcohol (ECF No. 70)
2. Motion to Exclude Decedent's Criminal History and Other Bad Acts (ECF No. 72)
3. Motion to Exclude Evidence of District Attorney's Decision Not to Press Charges Against Defendant Ornelas (ECF No. 74)
4. Motion to Exclude Evidence of Decedent's Mental Health Issues (ECF No. 75)

Defendants filed the following motions in limine:

1. Motion to Exclude Gruesome Post-Mortem Photographs of the Decedent (ECF No. 71)
2. Motion to Exclude Evidence of Officers Personnel Records (ECF No. 73)
3. Motion to Exclude Improper Expert Testimony (ECF No. 76)
4. Motion to Bifurcate Punitive Damages Claim (ECF No. 77)

**e) Issues of Law**

Plaintiffs are not aware of any particularly difficult issues of law that are in dispute at this time.

### III. BIFURCATION OF ISSUES

The Parties agree that the predicate question of whether Plaintiffs are entitled to punitive damages should be in Phase 1, and a Phase 2 is only for the amount of punitive damages.

Plaintiffs conditionally request bifurcation of liability and damages should the Court deny Plaintiffs' Motions in Limine. *See Est. of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## IV. JURY TRIAL

Plaintiffs have timely demanded a jury trial. Each of Plaintiffs' causes of action are triable to a jury. The parties made a timely demand for trial by jury in conformity with Rule 38 of the Federal Rules of Civil Procedure.

## V. ATTORNEYS' FEES

If Plaintiffs prevails on one of their claims under Section 1983, they will be entitled to an award of reasonable attorney's fees and costs. 42 U.S.C. § 1988(b). *Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1978), *rev'd on other grounds*, 435 U.S. 547 (1978).

## VI. ABANDONMENT OF ISSUES

Plaintiffs have abandoned their Unreasonable Detention and Arrest claim, which was brought under the Fourth Amendment, i.e., Claim 1 of Plaintiffs' First Amended Complaint for Damages (ECF No. 25).

Respectfully submitted,

DATED: May 17, 2024,                    **LAW OFFICES OF DALE K. GALIPO**

/s/     *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*