**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
*Attorneys for Plaintiffs*

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM, State Bar No. 165302
Deputy Attorney General
EMILY WILLIAMS
Deputy Attorney General, State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
 Ph: (619) 738-9733
 Fax: (916) 731-2120
 E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>                    Defendants. | Case No. 5:21-cv-1694- JWH (KKx) [*Hon. John W. Holcomb*]<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br>Date:   June 7, 2024<br>Time:   1:00 p.m.<br>Place:   Courtroom 9D<br>**Trial:**<br>Date:   July 1, 2024<br>Time:   9:00 a.m.<br>Place:   Courtroom 9D |

-1-

# TABLE OF CONTENTS

1.   THE PARTIES ARE: ..................................................................4

2.   FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS: ...............................................4

3.   TRIAL ESTIMATE: .................................................................4

4.   THE TRIAL IS TO BE A JURY TRIAL ....................................4

5.   THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF: ................................................................5

6.   THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION: .............5

7.   THE PARTIES CLAIMS AND DEFENSES. ...............................5

     Plaintiffs' Claims: ...............................................................5

     (a)   Plaintiffs plan to pursue the following claims against the following defendants: .............................................5

           Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. § 1983) ..........................................5

           Claim 2:   BATTERY ..........................................................5

           Claim 3:   NEGLIGENCE ..................................................6

     (b)   The elements required to establish Plaintiffs' claims are: ...................6

           Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. § 1983) ..........................................6

           Claim 2:   BATTERY ..........................................................9

           Claim 3:   NEGLIGENCE ................................................12

     **AFFIRMATIVE DEFENSES** ................................................13

     Key Testimony: ...............................................................16

     Key Documents and Other Evidence: ..............................17

           Defendants' Evidence in Opposition .........................17

8.   REMAINING ISSUES: ..........................................................18

Plaintiffs' Contentions: ...........................................................18

Defendant's Contentions: .......................................................18

9.   ALL DISCOVERY IS COMPLETE ......................................19

2

10. ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:.............................................................................19

11. THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:.............................................................20

12. LAW AND MOTION: ...................................................................20

13. THE COURT HAS NOT ORDERED BIFURCATION OF ANY ISSUES AT THIS TIME...........................................................................21

14. CONCLUSION, ...........................................................................21

IT IS SO ORDERED. ..............................................................................22

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

**1.      THE PARTIES ARE:**

Plaintiffs:          Candido Sesma

Cecilia Sesma

Defendants:          State of California

Andrew Ornelas

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiffs' January 13, 2022 Complaint (ECF No. 25); Defendants' Answers (ECF Nos. 29, 31); the parties respective Memorandums of Contentions of Fact and Law (ECF Nos. 88, 89); and this [Proposed] Final Pretrial Conference Order.

**2.      FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS:**

Subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1343(a), and 1367 and venue is appropriate under 28 U.S.C. § 1391(b).  The facts requisite to federal jurisdiction are admitted.

**3.      TRIAL ESTIMATE:**

The parties estimate 5–7 court days for this trial.

**4.      THE TRIAL IS TO BE A JURY TRIAL**

The trial is to be a jury trial.

The parties have been and will continue to file pretrial documents according to this Court's Scheduling Order (ECF No. 67) regarding proposed jury instructions, proposed special verdict forms, and proposed *voir dire*.

**5.     THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF:**

1.     This incident occurred on August 6, 2020, at approximately 4:30 p.m.

2.     Defendant Andrew Ornelas was acting within the course and scope of his employment as a California Highway Patrol Officer.

3.     Defendant Andrew Ornelas was acting under color of law.

**6.     THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts" in Section 5 above.

**7.     THE PARTIES CLAIMS AND DEFENSES.**

Plaintiffs' Claims:

(a)     Plaintiffs plan to pursue the following claims against the following defendants:

**Claim 1:     FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. § 1983)**

Claim 1 is brought by Plaintiffs against Defendant Andrew Ornelas. Plaintiffs contend that Andrew Ornelas used excessive force against Charles Sesma in violation of his Fourth Amendment rights and 42 U.S.C. § 1983.  Andrew Ornelas' use of lethal force was unconstitutional because Charles Sesma did not pose an immediate threat of death or serious bodily injury to any person.

Plaintiffs seek survival damages, including pain and suffering, punitive damages, and reasonable attorneys' fees and costs.

**Claim 2:     BATTERY**

Claim 2 is brought by Plaintiffs against Defendant Andrew Ornelas directly and California vicariously. Plaintiffs contend that when Ornelas used excessive force against Decedent Charles Sesma he committed a battery under California law. Ornelas' use of lethal force was unreasonable because it was not necessary to protect human life as Sesma did not pose an immediate threat of death or serious bodily injury to Ornelas or anyone else.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

## Claim 3:   NEGLIGENCE

Claim 3 is brought by Plaintiffs against Defendant Andrew Ornelas directly and California vicariously. Plaintiffs contend that Defendant Andrew Ornelas, while acting in the course and scope of their employment with California, was negligent in his pre-shooting tactics, conduct, actions/inactions and the use of deadly force against the Decedent.  *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Plaintiffs allege that the California is vicariously liable for the wrongful death of Decedent.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

(b)   The elements required to establish Plaintiffs' claims are:

## Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. § 1983)

Elements:

1.   Defendant Andrew Ornelas acted under color of state law;

2.   Defendant Andrew Ornelas used excessive force against Charles Sesma; and

3.   Defendant Andrew Ornelas' use of force was the cause of injury, damage, loss, or harm to Charles Sesma.

Defendants' Contentions:

Claim 1 - Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983):  The elements of a section 1983 excessive force claim arising under the Fourth Amendment are:

1. Officer Ornelas acted under color of state law;

2. Officer Ornelas intentionally seized decedent's person;

3. The use of force was objectively unreasonable under all of the circumstances;

4. The use of force caused decedent harm; and

5. Plaintiffs Candido Sesma and Cecilia Sesma are successors-in-interest to Charles Sesma.

*See* Ninth Circuit Model Civil Jury Instrs. 9.3, 9.20, 9.25; *Graham v. Connor,* 490 U.S. 386, 395 (1989); *Tatum v. City & Cty. of San Francisco,* 441 F.3d 1090, 1100 n.2 (9th Cir. 2006) ("[T]he decedent's 'successor in interest' may prosecute [a section 1983] survival action if the person . . . satisfies the requirements of California law.").

In determining whether the officer used excessive force, all of the circumstances known to the officer on the scene must be considered, including:

(1) the nature of the crime or other circumstances known to Officer Ornelas at the time force was applied;

(2) whether Charles Sesma posed an immediate threat to the safety of Officer Ornelas or others;

(3) whether Charles Sesma was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Officer Ornelas had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) any effort made by Officer Ornelas to temper or to limit the amount of force;

(7) the severity of the security problem at issue;

(8) the availability of alternative methods to subdue Charles Sesma;

(9) the number of lives at risk (motorists, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(10) whether it was practical for Officer Ornelas to give warning of the imminent use of force, and whether such warning was given;

(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

Ninth Circuit Model Civil Jury Inst. 9.25.

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourth Amendment as applied in *Scott v. Harris*, 550 U.S. 372, 381-85 (2007), *Graham v. Connor*, 490 U.S. 386, 397 (1989), *Tennessee v. Garner*, 471 U.S. 1, 7-12 (1985), and *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

In assessing reasonableness, the fact-finder should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (citation omitted).  In addition, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." *See, e.g.*, *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019).  It is well-established that where a suspect threatens an officer with a weapon or where the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force.  *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres,* 610 F.3d 546, 546 (9th Cir. 2010).

**Claim 2:    BATTERY**

    Elements:

1.    Andrew Ornelas used deadly force on Charles Sesma;

2.    Andrew Ornelas use of deadly force was not necessary to defend human life; and

3.      Andrew Ornelas use of deadly force was a substantial factor in causing Charles Sesma's harm.

<u>Source</u>: CACI No. 1305B, (2021 Edition) (*modified*).

    <u>Defendants' Contentions</u>:

    <u>Claim 2 - Battery</u>: The elements of a claim for battery claim by a peace officer are: A peace officer may use deadly force only when necessary in defense of human life.  Plaintiffs claim that Officer Ornelas unnecessarily used deadly force on Charles Sesma. To establish this claim, plaintiffs must prove all of the following:

    1. That Officer Ornelas intentionally touched Charles Sesma or caused Charles Sesma to be touched;

    2. That Officer Ornelas used deadly force on Charles Sesma;

    3. That Officer Ornelas's use of deadly force was not necessary to defend human life;

    4. That Charles Sesma was killed;

    5. That Officer Ornelas's use of deadly force was a substantial factor in causing Charles Sesma's death; and

    6. That Plaintiffs Candido Sesma and Cecilia Sesma are successors-in-interest to Charles Sesma.

<u>Source</u>: CACI No. 1305B, (2021 Edition) (*modified*).

    Officer Ornelas's use of deadly force was necessary to defend human life because a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Ornelas at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Officer Ornelas.

    A person being arrested/detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Ornelas and Charles Sesma leading up to the use of deadly force. In determining whether Officer Ornelas's use of deadly force was necessary in defense of human life, you must consider Officer Ornelas's tactical conduct and decisions before using deadly force on Charles Sesma and whether Officer Ornelas used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so. A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics. CACI 1305B.

The same *Graham* factors apply to the reasonableness of the use of force as under a Fourth Amendment claim. *Hernandez v. City of Pomona*, 46 Cal. 4th. 501, 514 (2009). As with Fourth Amendment claims, a claim for battery is a personal right that may not be vicariously asserted. See, Cal. Civ. Proc. Code § 377.32.

1   While plaintiffs may step into decedent's shoes to prosecute this claim on his behalf,
2   they have no standing to do so for themselves because Officer Ornelas did not
3   commit a battery against plaintiffs.  Indeed, it has been established that "wrongful
4   death" damages compensate a plaintiff for his or her own independent pecuniary
5   injury suffered by loss of the decedent, and are separate and distinct from any
6   damages recoverable by decedent had he or she survived.  *See*, Cal. Civ. Proc. Code
7   §§ 377.22, 377.60; *Earley v. Pacific Elec. Ry. Co*., 176 Cal. 79, 81 (1917); *Justus v.*
8   *Atchison*, l 9 Cal.3d 564, 572, 573 (1977).

9

10  **Claim 3:**     **NEGLIGENCE**

11       Elements:

12       1.       Andrew Ornelas used deadly force on Charles Sesma;
13       2.       Andrew Ornelas use of deadly force was not necessary to defend
14               human life; and
15       3.       Andrew Ornelas use of deadly force was a substantial factor in causing
16               Charles Sesma's harm.

17  Source: CACI No. 441, (2021 Edition).

18       Defendants' Contentions:

19       Claim 3 - Negligence:   The elements of a negligence claim against a peace
20  officer for use of deadly force are:

21       1. Officer Ornelas was a peace officer;

22       2. Officer Ornelas used deadly force on Charles Sesma;

23       3. Officer Ornelas's use of deadly force was not necessary to defend human
24  life;

25       4. Charles Sesma was killed; and

26       5. Officer Ornelas's use of deadly force was a substantial factor in causing
27  Charles Sesma's death.

28  Source: CACI No. 441, (2021 Edition).

Officer Ornelas's use of deadly force was necessary to defend human life because a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Ornelas at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Ornelas.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain or overcome resistance. CACI 441.

Plaintiffs contend that defendants are liable for negligence based on alleged tactical mistakes prior to the shooting.  Under California law, negligence liability "can arise if the tactical conduct and decisions leading up to the use of deadly force [by law enforcement] show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Hayes v. County of San Diego*, 57 Cal. 4th 622, 626 (2013).  The California, Supreme Court has held that:

> [Wlhere the preshooting conduct did not cause the plaintiff any injury independent of the injury resulting from the shooting, the reasonableness of the officers' preshooting conduct should not be considered in isolation. Rather, it should be considered in relation to the question whether the officers' ultimate use of deadly force was reasonable.

*Hayes*, 57 Cal. 4th at 632.

## **AFFIRMATIVE DEFENSES**

(a) Defendants plan to pursue the following affirmative defenses:

<u>Affirmative Defense 1:</u>  Qualified immunity against the Section 1983 claim.

<u>Affirmative Defense 2</u>: Self-defense and defense of others against the state law negligence and battery claims.

<u>Affirmative Defense 3</u>: Comparative fault of decedent.

<u>Affirmative Defense 4:</u> Immunity under California Government Code § 820.2.

<u>Affirmative Defense 5</u>: Immunity under California Government Code § 820.4.

<u>Affirmative Defense 6</u>: Immunity under California Penal Code §§ 835, 835a.

<u>Affirmative Defense 7</u>: Immunity under California Government Code § 845.8(b)(3).

<u>Affirmative Defense 8</u>: Immunity under California Penal Code § 196(b).

<u>Affirmative Defense 9</u>: Immunity under California Government Code § 815.2(b)

(b) The elements required to establish Defendants' affirmative defenses are:

<u>Affirmative Defense 1:</u>  Qualified immunity is a legal defense for the Court to decide when raised by a non-suit or post-verdict motion.  *Ortiz v. Jordan*, 562 U.S. 180, 191 (2011) (holding qualified immunity must be raised by a Rule 50 motion following trial where disputed facts precluded resolution on summary judgment).

<u>Affirmative Defense 2</u>: The elements of self-defense are:

1. Officer Ornelas reasonably believed decedent was going to harm him; and

2. Officer Ornelas only used the amount of force necessary to protect himself. CACI 1304 - Self-Defense/Defense of Others.

<u>Affirmative Defense 3</u>:  The elements of comparative fault are:

1. Charles Sesma was negligent; and

2. Charles Sesma's negligence was a substantial factor in causing his death or plaintiffs' harm.

CACI 406, Comparative Fault.

<u>Affirmative Defense 4</u>: Immunity under California Government Code § 820.2.  The elements for this affirmative defense are:

1.      Officer Ornelas exercised discretion in using force on Charles Sesma;

14

2.      The discretion was vested in Officer Ornelas pursuant to his duties as a peace officer.

Affirmative Defense 5: Immunity under California Government Code § 820.4.  The elements for this affirmative defense are:

1.      Officer Ornelas was exercising due care;

2.      Officer Ornelas was enforcing the law.

Affirmative Defense 6: Immunity under California Penal Code §§ 835, 835a.  The elements for this affirmative defense are:

1.      Officer Ornelas had reasonable cause to believe Charles Sesma committed a public offense;

2.      The force used was reasonable to overcome Charles Sesma's resistance and in protection of the life and safety of Officer Ornelas;

3.      Charles Sesma was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Ornelas.

Affirmative Defense 7: Immunity under California Government Code § 845.8(b)(3).  The element for this affirmative defense is:

Decedent was resisting arrest at the time he was injured.

Affirmative Defense 8: Immunity under California Penal Code § 196(b).  The elements for this affirmative defense are:

Officer Ornelas is not liable for the death of Charles Sesma so long as:

1.      Officer Ornelas had reasonable cause to believe Charles Sesma committed a public offense;

2.      The force used was reasonable to overcome Charles Sesma's resistance and in protection for the life and safety of Officer Ornelas; and

3.      Charles Sesma was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Ornelas.

Affirmative Defense 9: Immunity under California Government Code § 815.2(b).  Defendant State of California is not "liable for an injury resulting from an

act or omission of an employee of the public entity where the employee is immune
from liability."

Plaintiffs' Contentions:

Qualified immunity does not apply here for the reasons discussed in Plaintiffs
Opposition to Defendants' Motion for Summary Judgment (ECF No. 43) and this
Court's order denying qualified immunity (ECF No. 61).

None of the immunities raised by Defendants apply here. Plaintiffs are
prepared to provide supplemental briefing on this issue if the Court would find that
helpful.

Regarding comparative fault, Plaintiffs agree that it is appropriate for the jury
to determine that issue.

(c)   In brief, the key evidence Plaintiffs rely on for each of the claims is
identical for each of the claims because each claim arises out of the same set of
events and is based on similar factors:

Key Testimony:

1.   Testimony of Candido Sesma

2.   Testimony of Cecilia Sesma

3.   Testimony of Alex Sesma

4.   Testimony of Scott Holdaway

5.   Testimony of Roger Clark

6.   Testimony of Andrew Ornelas

7.   Testimony of Jason Steen

8.   Testimony of Jason Nichols

9.   Testimony of Anthony Cichella

10.   Testimony of Christopher Bowen

11.   Testimony of Nicholas White

12.   Testimony of Kyle Bumanlag

Key Documents and Other Evidence:

1. Videos of incident
2. Family photos
3. Coroner's Report
4. Photos of Scene
5. Photos of Officers
6. Photos from Autopsy

**Defendants' Evidence in Opposition**

The key relevant evidence in opposition to plaintiffs' claims and in support of their affirmative defenses will be:

1. The prior statements and testimony of Officer Ornelas.
2. Testimony by eyewitnesses.
3. Testimony by decedent's family and friends.
4. Evidence gathered of the incident, including but not limited to, photographs, witness statements, dispatch recordings and logs, videos, and the reports and testimony of law enforcement investigators and forensic specialists regarding the evidence.
5. Decedent's prior employment and medical records.
6. Decedent's writings.
7. Plaintiffs' responses to discovery.
8. Expert testimony by Clarence Chapman regarding police procedures, including all the underlying evidence he relied on in reaching his conclusions.
9. Expert testimony by Rocky Edwards regarding shooting reconstruction, including all the underlying evidence he relied on in reaching his conclusions
10. Expert testimony by Parris Ward regarding the forensic analysis of audio and video evidence, including all the underlying evidence he relied on in reaching his conclusions.

**8.     REMAINING ISSUES:**

**Plaintiffs' Contentions:**

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

1.     Whether the Defendant Andrew Ornelas used excessive or unreasonable force (Claims 1–3);

2.     Whether Andrew Ornelas was negligent in his use of force considering his pre-shooting tactics (Claim 3);

3.     Whether Charles Sesma was comparatively negligent (Claim 3)

4.     Whether the Defendant Officers conduct was malicious, oppressive, or in reckless disregard to the rights of Plaintiffs' rights (Claim 1);

5.     The amount of punitive damages for which the individual Defendant Officers are liable (Claim 1);

6.     The amount of damages (Claim 1–3);

**Defendant's Contentions:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1.     Whether Officer Ornelas used excessive and unreasonable force against the Decedent;

2.     Whether Officer Ornelas's use of excessive and unreasonable force (if proved) was a substantial factor in causing Decedent's death;

3.     Whether Officer Ornelas was negligent with respect to his conduct toward Decedent during the incident;

4.     Whether Officer Ornelas's negligence was a substantial factor in causing injury, harm, and/or damage to the plaintiffs;

5.     Whether Officer Ornelas acted with malice or oppression, or in reckless

18

disregard of Decedent's rights;

6.   The amount of damages to be awarded to plaintiffs, if any;

7.   Whether Officer Ornelas is entitled to qualified immunity as to the Section 1983 claim;

8.   Whether Officer Ornelas acted in self-defense or defense of others as to the state law negligence and battery claims;

9.   Whether the negligence of Decedent was a substantial factor in causing his death with respect to the negligence claim;

10.   Whether Officer Ornelas is entitled to immunity under California Government Code § 820.2;

11.   Whether Officer Ornelas is entitled to immunity under California Government Code § 820.4;

12.   Whether Officer Ornelas is entitled to immunity under California Penal Code §§ 835, 835a.

13.   Whether Officer Ornelas is entitled to immunity under California Government Code § 845.8(b)(3); and

14.   Whether Officer Ornelas is entitled to immunity under California Penal Code § 196(b).

15.   Whether State of California is entitled to immunity under California Government Code § 815.2(b).

**9.   ALL DISCOVERY IS COMPLETE**

**10.   ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Counsel agrees that this is not the final joint exhibit list,

and that counsel will file an Amended Joint Exhibit List as soon as practicable 10 days before the trial begins.

## 11. <u>THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:</u>

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh.  For this purpose, the following deposition transcripts shall be lodged with the Clerk as required by L.R. 32-1:

Deposition of Andrew Ornelas

Deposition of Jason Nichols

Deposition of Susan Sesma

Deposition of Alex Sesma

Deposition of Ashleigh Guardado

Deposition of Brittany Sesma

Deposition of Candido Sesma

Deposition of Cecilia Sesma

Deposition of Roger Clark

Deposition of Scott Holdaway

Deposition of Clarence Chapman

## 12. <u>LAW AND MOTION:</u>

Plaintiffs filed the following motions in limine:

1. Motion to Exclude Evidence of Decedent's Use of Drugs and Alcohol (ECF No. 70)

2. Motion to Exclude Decedent's Criminal History and Other Bad Acts (ECF No. 72)

3.  Motion to Exclude Evidence of District Attorney's Decision Not to Press Charges Against Defendant Ornelas (ECF No. 74)

4.  Motion to Exclude Evidence of Decedent's Mental Health Issues (ECF No. 75)

Defendants filed the following motions in limine:

1.  Motion to Exclude Gruesome Post-Mortem Photographs of the Decedent (ECF No. 71)

2.  Motion to Exclude Evidence of Officers Personnel Records (ECF No. 73)

3.  Motion to Exclude Improper Expert Testimony (ECF No. 76)

4.  Motion to Bifurcate Punitive Damages Claim (ECF No. 77)

**13.   THE COURT HAS NOT ORDERED BIFURCATION OF ANY ISSUES AT THIS TIME**

The Parties agree that liability and punitive damages should not be tried together. The parties are still meeting and conferring regarding whether they can come to an agreement on whether they would like request trifurcation such that compensatory damages and then punitive damages would be tried in separate trials only if necessary after the liability phase of the trial is complete.

Plaintiffs will advise the Court of Plaintiffs' preference regarding trifurcation at the Final Pretrial Conference on June 7, 2024.

**14.   CONCLUSION,**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

1  **IT IS SO ORDERED.**

2

3  Dated: _____, 2024

4  _____

   Honorable John W. Holcomb
5  United States District Court
   Central District of California
6

7

8  Approved as to form and content:

9

10

11  DATED: May 24, 2024        **LAW OFFICES OF DALE K. GALIPO**

12

13                            _/s/ Cooper Alison-Mayne_
                              _____
14                            Dale K. Galipo
                              Cooper Alison-Mayne
15                            _Attorneys for Plaintiffs_

16

17  Dated: May 24, 2024                ROB BONTA
18                                     Attorney General of California
                                       DONNA M. DEAN
19                                     Supervising Deputy Attorney General

20                                     _/s/ David Klehm_

21
                                       DAVID KLEHM
22                                     EMILY WILLIAMS
                                       Deputy Attorney General
23                                     _Attorneys for Defendants State of
                                       California and Andrew Ornelas_
24

25

26

27

28