LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
*Attorneys for Plaintiffs*

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
Emily Williams
Deputy Attorney General
State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
Ph: (619) 738-9733
Fax:  (916) 731-2120
E-mail:  David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>        Plaintiffs,<br><br>    vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>        Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>[*Hon. John W. Holcomb*]<br>**JOINT AGREED JURY INSTRUCTIONS** |

1    **PLEASE TAKE NOTICE** that Plaintiffs and Defendants STATE OF

2    CALIFORNIA and ANDREW ORNELAS do hereby propose the following Joint

3    Agreed Upon Jury Instructions for the Trial of this matter.

4

5    DATED: May 24, 2024                LAW OFFICES OF DALE K. GALIPO

6

7

8                                      By: _____/s/ Cooper Alison-Mayne_____

9                                          Dale K. Galipo, Esq.
                                           Cooper Alison-Mayne

10                                         Attorneys for Plaintiffs

11

12   Dated: May 24, 2024                    Respectfully submitted,

13                                          ROB BONTA
                                            Attorney General of California
14                                          DONNA M. DEAN
                                            Supervising Deputy Attorney General

15

16                                          /s/ David Klehm

17                                          DAVID KLEHM
                                            EMILY WILLIAMS
18                                          Deputy Attorney General
                                            *Attorneys for Defendants*
19                                          *State of California and Andrew*
                                            *Ornelas*
20

21

22

23

24

25

26

27

28

**2**

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| **Opening Instructions** | | | |
| 1. | Outline of Trial | 9th Cir. 1.21 | 6 |
| 2. | Duty of Jury | 9th Cir. 1.2 | 7 |
| 3. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 8 |
| 4. | What is Evidence | 9th Cir. 1.9 | 9 |
| 5. | What is Not Evidence | 9th Cir. 1.10 | 10 |
| 6. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 11 |
| 7. | Ruling on Objections | 9th Cir. 1.13 | 12 |
| 8. | Credibility of Witness | 9th Cir. 1.14 | 13-14 |
| 9. | Conduct of Jury | 9th Cir. 1.15 | 15-16 |
| 10. | Taking Notes | 9th Cir. 1.18 | 17 |
| 11. | Bench Conferences and Recesses | 9th Cir. 1.20 | 18 |
| 12. | Stipulations of Fact | 9th Cir. 2.2 | 19 |
| 13. | Transcript of Recording in English | 9th Cir. 2.5 | 20 |
| 14. | Expert Opinion | 9th Cir. 2.13 | 21 |
| 15. | Evidence in Electronic Format | 9th Cir. 2.16 | 22-23 |

| | | | |
|---|---|---|---|
| **Claims** | | | |
| 16. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | 24 |
| 17. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 25 |
| 18. | Battery by Peace Officer | CACI 1305B | 26-27 |
| 19. | Comparative Fault of Decedent | CACI 407 | 30 |
| 20. | Causation – Substantial Factor | CACI 430 | 31 |
| **Damages** | | | |
| 21. | Damages – Proof and Types of Damages | 9th Cir. 5.1, 5.2 | 32 |
| 22. | Punitive Damages—Predicate Question | 9th Cir. 5.5 | 33 |
| **Closing Instructions** | | | |
| 23. | Duty of Jury | 9th Cir. 1.4 | 34 |
| 24. | Duty to Deliberate | 9th Cir. 3.1 | 35 |
| 25. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 36-37 |
| 26. | Communication with Court | 9th Cir. 3.3 | 38 |

| 27. | Readback or Playback | 9th Cir. 3.4 | 39 |
| 28. | Return of Verdict | 9th Cir. 3.5 | 40 |

**INSTRUCTION NO. 1**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.21

## INSTRUCTION NO. 2

## DUTY OF A JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.2.

**INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.6.

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.9.

# INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.10.

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.12.

**INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.13.

# INSTRUCTION NO. 8
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

**13**

number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.14.

**INSTRUCTION NO. 9**

**CONDUCT OF JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it,

**15**

although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resources to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2020), 1.15.

**INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.18.

**INSTRUCTION NO. 11**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.20.

**INSTRUCTION NO. 12**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.

The parties have agreed that:

1) Andrew Ornelas was working within the course and scope of employment with State of California.

2) Andrew Ornelas was acting under color of law.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 2.2.

**INSTRUCTION NO. 13**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 2.5

1

**INSTRUCTION NO. 14**

2

**EXPERT OPINION**

3   You have heard testimony from Roger Clark, Scott Holdaway, Clarence

4   Chapman, Parris Ward, and Rocky Edwards, who testified to opinions and the reasons

5   for their opinions. This opinion testimony is allowed, because of the specialized

6   knowledge, skill, experience, training, or education of these witnesses.

7   Such opinion testimony should be judged like any other testimony. You may

8   accept it or reject it and give it as much weight as you think it deserves, considering

9   the witness's specialized training, knowledge, skills, experience, training, or

10   education, the reasons given for the opinion, and all the other evidence in the case.

11

12   Authority: Manual of Model Jury Instructions for the Ninth Circuit (2023), 2.13.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**INSTRUCTION NO. 15**

**EVIDENCE IN ELECTRONIC FORMAT**

3      Those exhibits received in evidence that are capable of being displayed
4  electronically will be provided to you in that form, and you will be able to view them
5  in the jury room.  A computer, projector, printer and accessory equipment will be
6  available to you in the jury room.

7      A court technician will show you how to operate the computer and other
8  equipment; how to locate and view the exhibits on the computer; and how to print the
9  exhibits.  You will also be provided with a paper list of all exhibits received in
10  evidence.  You may request a paper copy of any exhibit received in evidence by
11  sending a note through the [clerk] [bailiff].  If you need additional equipment or
12  supplies or if you have questions about how to operate the computer or other
13  equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or
14  by one or more members of the jury.  Do not refer to or discuss any exhibit you were
15  attempting to view.

16      If a technical problem or question requires hands-on maintenance or
17  instruction, a court technician may enter the jury room with [the clerk] [the bailiff]
18  present for the sole purpose of assuring that the only matter that is discussed is the
19  technical problem.  When the court technician or any nonjuror is in the jury room, the
20  jury shall not deliberate.  No juror may say anything to the court technician or any
21  nonjuror other than to describe the technical problem or to seek information about
22  operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

23      The sole purpose of providing the computer in the jury room is to enable jurors
24  to view the exhibits received in evidence in this case.  You may not use the computer
25  for any other purpose.  At my direction, technicians have taken steps to ensure that the
26  computer does not permit access to the Internet or to any "outside" website, database,
27  directory, game, or other material.  Do not attempt to alter the computer to obtain
28  access to such materials.  If you discover that the computer provides or allows access

to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 2.16.

# INSTRUCTION NO. 16

## SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

Plaintiffs bring a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 9.1.

**INSTRUCTION NO. 17**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on a § 1983 claim against the defendant Andrew Ornelas, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Andrew Ornelas acted under color of state law;

2. The acts of Andrew Ornelas deprived the Decedent Charles Sesma of his rights under the United States Constitution as explained in later instructions; and

3. Andrew Ornelas's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Andrew Ornelas acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiffs have proved each of these elements, and if you find the plaintiffs have proved all the elements they are required to prove under Instructions ___, your verdict should be for plaintiffs on that claim.  If, on the other hand, you find that plaintiffs have failed to prove any one or more of these elements, your verdict should be for Andrew Ornelas on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2023), 9.3.

# INSTRUCTION NO. 18

## BATTERY BY PEACE OFFICER (DEADLY FORCE)

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Andrew Ornelas unnecessarily used deadly force on Charles Sesma. To establish this claim, plaintiffs must prove all of the following:

1.     That Andrew Ornelas used deadly force on the Charles Sesma;

2.     That Andrew Ornelas's use of deadly force was not necessary to defend human life;

3.     That Charles Sesma was killed; and

4.     That Andrew Ornelas' use of deadly force was a substantial factor in causing the Charles Sesma's death.

Andrew Ornelas' use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Andrew Ornelas at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Andrew Ornelas or to another person.

A peace officer must not use deadly force against a person based only on the danger that person poses to himself, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An

imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Andrew Ornelas and Charles Sesma leading up to the use of deadly force.  In determining whether Andrew Ornelas's use of deadly force was necessary in defense of human life, you must consider Andrew Ornelas's tactical conduct and decisions before using deadly force on Charles Sesma and whether Andrew Ornelas used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Andrew Ornelas knew or had reason to know that the person against whom they used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other deescalation tactics.

<u>Source</u>:  CACI 1305B (modified)

## INSTRUCTION NO. 19
## COMPARATIVE FAULT OF DECEDENT

Andrew Ornelas claims that Charles Sesma's own negligence contributed to his death.  To succeed on this defense, Andrew Ornelas must prove both of the following:

1.      That Charles Sesma was negligent; and

2.      That Charles Sesma's negligence was a substantial factor in causing his death.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in Charles Sesma's situation.

If Andrew Ornelas proves the above, plaintiffs' damages are reduced by your determination of the percentage of Charles Sesma's responsibility. I will calculate the actual reduction

Authority: CACI 407, 401

**INSTRUCTION NO. 20**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Source</u>: CACI 430.

**INSTRUCTION NO. 21**

**PLAINTIFFS' DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any of their claims, you must determine plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or decedent for any injury you find was caused by the defendants.

You should consider the following as to the decedent's damages:

1.  The nature and extent of the injuries;

2.  The loss of enjoyment of life experienced; and

3.  The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiffs:

1.  The loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

2.  Funeral and burial expenses.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2

**INSTRUCTION NO. 22**

**PUNITIVE DAMAGES, PREDICATE QUESTION**

If you find for plaintiffs on their claim under the federal statute, 42 U.S.C. § 1983, , you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the decedent was malicious, oppressive or in reckless disregard of his rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to his safety or rights, or if defendant acts in the face of a perceived risk that his actions will violate the decedent's rights. An act is oppressive if the defendant injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by misusing or abusing authority or power.

Source:      Ninth Circuit Manual of Model Jury Civil Instructions No. 5.5 (modified).

## INSTRUCTION NO. 23

## DUTY OF JURY

## (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.4.

**INSTRUCTION NO. 24**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 25**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2020), 3.2.

## INSTRUCTION NO. 26
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.3.

**INSTRUCTION NO. 27**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.4

**INSTRUCTION NO. 28**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.5.