LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED SPECIAL VERDICT FORM**<br><br>FPTC Date:  June 7, 2024<br>Time:           1:00 p.m.<br>Courtroom: 9D<br><br>Judge:          The Honorable John W. Holcomb<br><br>Trial Date:   July 1, 2024 |

Plaintiffs hereby submit their objections to Defendants' proposed verdict form (ECF No. 94). Although the Court did not specifically request that the parties file objections to each other's proposed verdict forms (*see* ECF No. 67 at 6), Plaintiffs nevertheless wish to provide the Court with their perspective on Defendants' proposal, given that Defendants have filed objections to Plaintiffs' proposed verdict form (ECF No. 97-2). Plaintiffs believe it will aid the Court to have both sides' positions as the court considers the verdict form that will be presented to the jury in this matter.

Respectfully submitted,

DATED: May 30, 2024                    LAW OFFICES OF DALE K. GALIPO

                                       By:  /s/ Cooper Alison-Mayne
                                            Dale K Galipo, Esq.
                                            Cooper Alison-Mayne
                                            Attorneys for Plaintiffs

We, the jury in the above-entitled action, find the following:

**QUESTION 1**: Do you find that plaintiffs have proven their claim that Officer Ornelas used excessive or unreasonable force against Charles Sesma in violation of the Fourth Amendment?

_____ YES _____ NO

**Plaintiffs' Objections**: Plaintiffs object to the language "plaintiffs have proven their claim" as unnecessary and argumentative. The jury instructions have already instructed that the plaintiffs must prove each claim so there is no need to remind the jury in each and every question. Also, Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Butler was named "Andrew Ornelas." Further, Plaintiffs object to the language "in violation of the Fourth Amendment" as unnecessary in that such information can be provided with a heading stating "Plaintiffs' Fourth Amendment Claim."

**QUESTION 2**: Do you find that plaintiffs have proven their claim that Officer Ornelas committed a battery upon Charles Sesma?

_____ YES _____ NO

**Plaintiffs' Objections**: Plaintiffs object to the language "plaintiffs have proven their claim" as unnecessary and argumentative. The jury instructions have already instructed that the plaintiffs must prove each claim so there is no need to remind the jury in each and every question. Also, Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Ornelas was named "Andrew Ornelas." Further, legal analysis under Battery is the same as the one under excessive force claim.

Therefore, having a separate verdict form question for Plaintiffs' battery claim is unnecessary and confusing to the jury.

**QUESTION 3**: Do you find that plaintiffs have proven their claim that Officer Ornelas was negligent?

_____ YES _____ NO

**Plaintiffs' Objections**: Plaintiffs object to the language "plaintiffs have proven their claim" as unnecessary and argumentative. The jury instructions have already instructed that the plaintiffs must prove each claim so there is no need to remind the jury in each and every question. Also, Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Ornelas was named "Andrew Ornelas."

*If you answered "No" to Question 1 through 3, please skip to the end, and sign and date the verdict form. If your answer to Question 1, 2 or 3 was "Yes," please continue through the remaining questions below. If your answer to Question 1 or 2 was "Yes," please answer Question 4. If you answered "No" to Questions 1 and 2, please skip to Question 57.*

**QUESTION 4:** What amount of damages, if any, do you find that Charles Sesma sustained as a result of the actions of Officer Ornelas?

$ _____

*If your answer to Question 3 was "Yes," please answer Question 57. If you answered "No" to Question 3, please continue through the remaining questions below.*

**Plaintiffs' Objections:** Plaintiffs object on the grounds that this question is

ambiguous and may be confusing to the jury, whereas Plaintiffs' verdict form proposes separate lines for "loss of life" "loss of enjoyment of life" and "pain and suffering." Moreover, placing this question before the conclusion of the liability questions will confuse the jury. Plaintiffs therefore object on that basis as well.

**QUESTION 5:** If your answer to Question 2 or 4 was "Yes," what amount of damages, if any, do you find that plaintiffs sustained as a result of the actions of Officer Ornelas for the loss of Charles Sesma (wrongful death)?

$ _____

**Plaintiffs' Objections:** Plaintiffs object on the grounds that this question is ambiguous and may be confusing to the jury, whereas Plaintiffs' verdict form proposes specified language of "wrongful death damages." Moreover, this question does not make any allowance for past and future damages as permitted by law, whereas Plaintiffs' verdict form proposes separate lines for past and future damages. Also, placing this question before the conclusion of the liability questions will confuse the jury. Plaintiffs therefore object on that basis as well.

*If you awarded any amount of damages for Questions 4 or 5, proceed to Question 6. If you awarded no damages under both Questions 4 and 5, please skipto the end, and sign and date the verdict form.*

**QUESTION 6**: Did Officer Ornelas act in self-defense?
_____ YES _____ NO

*If your answer to Question 6was "Yes," please skip to Question 9. If you answered "No" to Question 6, please continue through the remaining questions*

*below.*

**Plaintiffs' Objections**: Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Ornelas was named "Andrew Ornelas." Further, Plaintiffs object to this verdict form in that putting self-defense related question in the verdict form is incorrect and inappropriate. The jury instruction for Plaintiffs' claims have already instructed the jury to consider self-defense in their evaluation of whether defendant Ornelas's use of force was excessive, unreasonable, and negligent. This is one factor to be considered among many other factors; it should not be singled out on the verdict form simply because Defendants' would like to highlight this particular factor.

**QUESTION 7**: Do you find that Charles Sesma was negligent, and that his negligence was a substantial factor in causing his injuries and death?

_____ YES _____ NO

**Plaintiffs' Objections**: Plaintiffs object to the language of this question because there are both liability and causation questions in this question and therefore improper and confusing the jury.

*If you answered "Yes" to Question 7, please answer Question 8. If you answered "No" to Question 7, please skip Question 8, and proceed to Question 9.*

**QUESTION 8**: What percentage of fault do you assign to Officer Ornelas and Charles Sesma?  (Your total must equal 100%)

    Officer Ornelas    _____%

    Charles Sesma,    _____%

|   |   |
|---|---|
| Total | 100% |

**Plaintiffs' Objections:** Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Ornelas was named "Andrew Ornelas."

*If your answer to Question 1 or 2 was "Yes," please answer Question 9. If you answered "No" to Questions 1 and 2, please skip to the end, and sign and date the verdict form.*

**QUESTION 9**: Did Officer Ornelas act with malice or oppression or in reckless disregard of Charles Sesma's rights?

_____ YES _____ NO

**Plaintiffs' Objections:** Plaintiffs object to the language "Officer" as unnecessary and inconsistent with the language in the operative complaint in which the individual defendant Ornelas was named "Andrew Ornelas."