ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
EMILY WILLIAMS
Deputy Attorney General
State Bar No. 316724
 600 W Broadway, Ste 1800
 San Diego, CA 92101-3375
 Ph: (619) 738-9733
 Fax: (916) 731-2120
 E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California and Andrew Ornelas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDO SESMA AND CECILIA SESMA, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO CHARLES SESMA, DECEASED,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; AND DOES 1-20, INCLUSIVE,**<br><br>Defendants. | 5:21-cv-01694-JWH-DTB<br><br>**DEFENDANTS' MOTION TO ALLOW JURY SITE VISIT**<br><br>Courtroom: 9D<br>Judge: The Honorable John W. Holcomb<br>Trial Date: July 1, 2024<br>Action Filed: July 30, 2021 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This lawsuit arises out of the shooting of Decedent Charles Sesma (Decedent) by California Highway Patrol Officer Andrew Ornelas (Officer Ornelas). The shooting occurred on a railroad crossing overpass, with Officer Ornelas positioned at the top of a very steep embankment with no place to retreat to safety. The

1

steepness of the embankment, however, is not well visualized in, or demonstrated by, the available admissible evidence. Consequently, defendants California Highway Patrol and Officer Ornelas move for order that the jury shall visit the scene of the shooting.

## II. Argument

It is within the trial court's discretion to permit a view of the premises by the jury. *Hametner v. Villena*, 361 F.2d 445 (9th Cir. 1966); *Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967)*; Northwestern Nat'l Cas. Co. v. Global Moving & Storage Co.*, 533 F.2d 320, 323 (6th Cir. 1976); Jury Views, Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8C-E. In ruling on similar motions, courts take into account factors including: (1) whether other admissible evidence – such as photographs, diagrams, and testimony – sufficiently describes the scene, see, e.g., *United States v. Stuker*, 545 Fed. Appx. 609 (9th Cir. Nov. 7, 2013); (2) whether cross-examination is permitted regarding the scene itself and witnesses' ability to perceive events at the scene, *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997); (3) whether transporting the jury to view the scene will be time-consuming, logistically difficult, or otherwise cause delay, disorderliness, or inconvenience at trial, *see, e.g., United States v. Bernal*, 533 Fed. Appx. 795, 796 (9th Cir. 2013); *Crochiere*, 129 F.3d at 236; (4) whether the scene has been altered since the event in question, *United States v. Culpepper*, 834 F.2d 879, 883 (10th Cir. 1987); and (5) whether any danger could be posed to jurors by such a viewing. *United States v. Pasos-Paternina*, 918 F.2d 979, 986 (1st Cir. 1990).

In this case, a site visit will enable the jury to appreciate the steepness of the embankment. This will allow the jury to understand the position that Officer Ornelas found himself in at the time of the shooting: he had no place to safely retreat. Officer Ornelas was in imminent fear of the threat of death or serious bodily injury: the decedent was running at him with a deadly object, there was not sufficient room to move to either side, and moving backwards would have likely

caused him to fall down the very steep embankment, which was as steep as a ski slope.

Because the steepness of the embankment is not well visualized in, or demonstrated by, the available admissible evidence, it is essential that the jury visit the scene of the shooting. The admissible photographs simply do not well visualize the steepness of the embankment. By way of example, the following Ontario Police Department photograph showing the embankment does not sufficiently demonstrate the steepness of the embankment:



Similarly, Google maps images do not sufficiently demonstrate the steepness of the embankment:



Similarly, diagrams do not sufficiently demonstrate the steepness of the embankment:



As stated above, this embankment was as steep as a ski slope. Yet, even a ski slope cannot always be well visualized by photographs. The following ski racing slope is noted to be one of the steepest in the world, yet, from the picture, it does not look particularly steep:



If photographs will not sufficiently demonstrate the steepness of the embankment, then clearly admissible evidence via testimony and cross examination will also not be sufficient. This is because steepness simply cannot be established to laymen only through testimony. The jury needs to physically see the steepness so that they can have a visual image to accompany abstract testimony concerning steepness. Presumably, the jury members will not be mathematical experts who are able to easily visualize a slope based on testimony.

If a jury site visit is not allowed, Defendants will be greatly prejudiced, since the jury will be unable to appreciate that any reasonable officer in Officer Ornelas' position would have been in imminent fear. If allowed to visit the site, the jury will also have an opportunity to stand on the loose gravel/rocks, and appreciate the risk of losing one's footing and falling down the embankment.

The scene has not been significantly altered since the date of the incident. Further, this is not a particularly difficult logistical request. For example, the jurors are not asked to visit during unusual hours. Any minimal inconvenience in transporting the jurors is outweighed by the extreme prejudice to Defendants if they are unable to show the jury the steepness of the embankment. The jurors also do not need to climb up the embankment if they do not wish to; they can view it from the bottom to see the steepness. Thus, there is no risk of danger imposed to the jurors.

//
//
//
//
//
//
//
//
//

### III. Conclusion

Based on the foregoing, Defendants respectfully request this Court grant their motion for an order that the jury shall visit the scene of the shooting.

Dated: June 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

*/s/ David Klehm*
DAVID KLEHM
EMILY WILLIAMS
Deputy Attorneys General
*Attorneys for Defendants State of California and Andrew Ornelas*

LA2021603706
66830620.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Candido Sesma, et al. v. State of California, et al.** | No. | **5:21-cv-01694-JWH-DTB** |

I hereby certify that on June 5, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' MOTION TO ALLOW JURY SITE VISIT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 5, 2024, at Los Angeles, California.

| | |
|---|---|
| Lenee Pandino | */s/ Lenee Pandino* |
| Declarant | Signature |

LA2021603706
66838872.docx