**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-1694- JWH (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALLOW JURY SITE VISIT**<br><br><u>Judge</u>: Hon. John W. Holcomb<br><u>Court</u>: Ronald Reagan Federal Building,<br>       411 W. 4th Street, Santa Ana, CA<br><u>Courtroom</u>: 9D |

**1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil rights and state law tort lawsuit arises out of the fatal shooting of Charles Sesma by Defendant Andrew Ornelas. Plaintiffs Candido and Cecilia Sesma oppose Defendants California Highway Patrol and Officer Ornelas' (collectively "Defendants") Motion to Allow Jury Site Visit (ECF No. 104, hereinafter "Motion"). Defendants request that the Court conduct a jury excursion to the scene of the shooting, more than 40 miles away from the courthouse.

The Court can deny the Motion without addressing the substantive arguments because Defendants failed to confer with Plaintiffs' counsel before filing this Motion, as required by Local Rule 7-3. Nonetheless, should it reach the merits, the Court should deny the Motion because a site visit is unnecessary given the ample evidence that will be presented at trial, would be logistically difficult and inconvenient for the Court and the public, and risks creating unnecessary appealable issues that could compromise the fairness and integrity of the trial.

## II.    ARGUMENT

District courts have discretion in determining whether a motion permitting a jury visit should be granted. *Hametner v. Villena*, 361 F.2d 445 (9th Cir. 1966). Such motions are regularly denied when other evidence adequately depicts the conditions of the site. *See id.* at 445–46 (concluding a trial judge could determine a jury visit was unnecessary where there were already photographs and a surveyor's diagram in evidence); *United States v. Stuker*, 545 Fed. Appx. 609, 611 (9th Cir. Nov. 7, 2013) (concluding the district court could deny jury viewing where both sides introduced testimony, photographs, and drawings relating to a witness's view). A district court may also deny a motion for a site visit where a visit would be logistically difficult. *See United States v. Bernal*, 533 Fed. Appx. 795, 796 (9th

Cir. 2013) (concluding a trial judge could deny a motion for a jury visit where it was logistically difficult).

  Defendants argue that visiting the site will help the jury understand the steepness of the nearby embankment. However, the jury will receive ample evidence about the shooting scene, including photographs, maps, diagrams, and witness testimony. This evidence suffices for the jury to consider the site conditions when evaluating the reasonableness of Officer Ornelas's actions. Moreover, the shooting occurred nearly four years ago, and the site conditions have likely changed, so a site visit may mislead the jury. Therefore, a site visit is unnecessary and potentially harmful.

  A site visit would be logistically difficult and would inconvenience the Court and the public. The site is more than 40 miles from the courthouse and with traffic it would likely take more than an hour to get there. Accounting for the time travelling to the site, viewing it, and traveling back, the site visit would likely take a full day of trial. This would be a waste of time considering that the jury will be provided with extensive evidence about the site. Additionally, the scene of the shooting is an active train track over a busy eight-lane road. Bringing the jury to the scene would likely require closing the roadway and delaying train schedules, greatly inconveniencing the public.

  Further, Defendants' proposed excursion risks creating unnecessary appealable issues. During the extended time that jurors spend together traveling to and from the site, they may engage in impermissible discussions about the case, potentially compromising the integrity of the trial. Furthermore, there is no easy way to control what jurors see and hear at the site, and they may be exposed to objectionable or prejudicial information that would not be admissible in court. Additionally, there is no clear procedure for how objections would be made during the site visit or what kinds of arguments or demonstrations the lawyers would be

permitted to present. This lack of clarity could lead to disputes between the parties and create a basis for appeal.

      A site visit also risks confusing the jury about the relative importance of the site in their analysis. The jury is tasked with considering the totality of the circumstances Defendant Ornelas faced at the time of the shooting. A full day site visit would overemphasize the importance of the site, which is only one of many factors that make up the totality of the circumstances. Further, the visit may confuse the jury regarding the perspective from which they are supposed to view the evidence. By creating their own impressions based on what they see and experience during the visit, they may have difficulty evaluating the reasonableness of Defendant Ornelas's actions from the perspective of a reasonable officer in Defendant Ornelas's shoes.

      In light of these concerns, the potential benefits of a jury site visit are far outweighed by the substantial risks of creating appealable issues that could jeopardize the fairness and efficiency of the trial, the logistical difficulties, and the inconvenience to the Court and the public. The Court should deny the Motion and instead rely on the ample evidence that will be presented in the courtroom to provide the jury with a clear understanding of the site conditions as faced by Defendant Ornelas four years ago.

      Lastly, it is worth noting that in all but one of the cases cited by Defendants, the court had *denied* similar motions for a site visit. *See Hametner*, 361 F.2d at 446; *Hughes v. U.S.*, 377 F.2d 515, 516 (9th Cir. 1967) (trial court's ruling denying jury viewing was not an abuse of discretion); *Stuker*, 545 Fed. Appx. 609 (same); *United States v. Bernal*, 533 Fed. Appx. 795, 796 (9th Cir. 2013) (same); *United States v. Pasos-Paternina*, 918 F.2d 979, 986 (1st Cir. 1990) (same); *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997); *United States v. Culpepper*, 834 F.2d 879, 883 (10th Cir. 1987) (same); *United States v. Passos-Paternina*, 918

F.2d 979, 986 (1st Cir. 1990) (same). The one case cited by Defendants in which the Court allowed a site visit was a bench trial, where much of the logistical and evidentiary challenges of site visits are mitigated because it is much easier to organize a trip for one person and judges are better at putting aside irrelevant or prejudicial information when they evaluate the evidence in a case. *Nw. Nat. Cas. Co. v. Glob. Moving & Storage Co.*, 533 F.2d 320 (6th Cir. 1976).

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion (ECF No. 104).

Respectfully submitted,
DATED: June 7, 2024,          **LAW OFFICES OF DALE K. GALIPO**

                              */s/     Cooper Alison-Mayne*
                              Dale K. Galipo
                              Cooper Alison-Mayne
                              *Attorney for Plaintiffs*