**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
*Attorneys for Plaintiffs*

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM, State Bar No. 165302
Deputy Attorney General
TAMMY KIM
Deputy Attorney General
600 W Broadway, Ste 1800
San Diego, CA 92101-3375
Ph: (619) 738-9733
Fax: (916) 731-2120
E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants
State of California and Andrew Ornelas*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to Charles Sesma, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; ANDREW ORNELAS; and DOES 2-20, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-1694- JWH (KKx)<br><br>[*Hon. John W. Holcomb*]<br><br>**JOINT REPORT RE JURY SITE VISIT LOGISTICS; BIFURCATION; TRIFURCATION; OTHER OUTSTANDING TRIAL RELATED ISSUES** |

**TO THIS HONORABLE COURT:**

In compliance with the Court's October 28, 2024, Order, below herein is the current status of the parties discussions regarding Defendants' pending

Motion for a Jury Site Visit; Trifurcation and Bifurcation and other outstanding Trial related issues.

## 1. **JURY SITE VISIT LOGISTICS**

Defendant, California Highway Patrol, will pay for and arrange for all logistical issues regarding the transportation of the jurors, counsel, parties, court reporter and court staff to and from the scene. Transportation will include appropriate accommodations for any mobility impaired jurors. Defense counsel has obtained authorization from the owner of the property, Union Pacific Railroad, for the site visit. The owner has requested 24-48 hours advance notice prior to the site visit, which Defendants will arrange.  While the defense envisions expert testimony given at the site, to aid the jury and in the interests of economy, further details concerning testimony of witnesses during, before, and/or after the site inspection may be the discussed with opposing counsel and the Court.

Plaintiffs maintain their objection to Defendants motion for a site visit. Plaintiffs proposed a compromise that would have allowed certain new exhibits to be introduced in lieu of a site visit, but the proposal was not accepted by Defendants. Having been unable to reach an agreement, Plaintiffs maintain their objections both to the proposed site visit and to Defendants' expert's supplemental report, which contains opinions, exhibits, and demonstrative evidence that were not disclosed until two years after expert discovery was closed in this case.

First and foremost, Plaintiffs oppose Defendants proposal because it is far too vague. The Court requested that Defendants propose a plan for how the site visit would proceed, but no plan has been provided. Who will be testifying? What will they testify about? What exhibits will be used? What methods will be used by the experts to substantiate their testimony?

During our meet and confer today, Defendants' counsel, David Klehm, said that he might like his expert, Parris Ward, to bring photos from the scene so that he could show the jury where exactly certain objects were located relative to the other objects on the scene.

Based on what Plaintiffs understand of Defendants' plan for a site visit, Plaintiffs maintain their opposition to it for three primary reasons: (1) the substantial changes to the site since the incident render such a visit potentially misleading; (2) the concern that the visit will raise numerous unnecessary appellate issues as outlined in Plaintiffs' June 7, 2024 opposition brief (ECF No. 105); and (3) Defendants' attempt to use the site visit to circumvent long-closed discovery deadlines.

First, in the four years since the incident, the site has undergone significant changes that make it unsuitable for a meaningful jury visit. The southeast parking lot has been completely remodeled, likely affecting ground levels and potentially altering the slope gradient to the bridge. Additionally, the natural growth and change in vegetation over the four years since the incident presents a misleading

impression of the terrain and could materially affect the question of whether Officer Ornelas had a reasonable opportunity to tactically reposition. Finally, the incident occurred in summer and the site visit would be in winter. Current lighting conditions differ markedly from those at the time of the incident due to seasonal variations in the position of the sun.

Second, as detailed in Plaintiffs' prior opposition brief, a site visit presents substantial logistical challenges, risks of creating appealable issues, and would impose undue burdens on both the Court and the public. Instead of repeating arguments already raised, Plaintiffs incorporate their June 7, 2024 opposition brief (ECF No. 105) here.

Third, and perhaps most importantly, Defendants' request appears designed to circumvent the rule that evidence and expert opinions must be developed and disclosed during the discovery period, which closed more than two years ago. Through this site visit, Defendants seek to introduce new expert opinions about the locations of various objects found at the scene — opinions should have been disclosed during expert discovery based on evidence that should have been obtained and turned over to Plaintiffs during the discovery period. The Federal Rules of Civil Procedure are specifically designed to prevent such eleventh-hour surprises, yet Defendants' proposed site visit would allow their expert to present previously undisclosed opinions without affording Plaintiffs the opportunity for proper discovery or rebuttal.

Additionally, the timing of discovery deadlines serves the crucial purpose of ensuring evidence is collected when it is most reliable - close to the actual events in question. Defendants offer no good cause for their failure to gather detailed information about the location of objects at the scene during the discovery period and turn over that information to Plaintiffs within fact discovery or expert discovery deadlines.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for a site visit. Should the Court still be inclined to consider a site visit, Plaintiffs request that the Court demand a more detailed plan be provided by Defendants regarding how the site visit would proceed.

## 2. BIFURCATION/TRIFURCATION

Plaintiffs have decided to withdraw their request for bifurcation. Plaintiffs are also voluntarily withdrawing their punitive damages claim. Therefore, the trial can take place in one phase. After meeting and conferring on the issue, the parties agree to try the case in one phase. Plaintiffs may request that the Court give a limiting instruction when certain evidence only admissible as to damages is introduced.

DATED: November 12, 2024      LAW OFFICES OF DALE K. GALIPO

By: /s/Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

DATED:  November 12, 2024      Office of Attorney General of California

By  /s/ Tammy Kim[1]
ROB BONTA
Attorney General of California
DONNA DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Tammy Kim
Deputy Attorneys General
*Attorneys for Defendants State of California and Andrew Ornelas*

---

[1] The filer, Tammy Kim, attests that the other signatory listed, on whose behalf the filing is submitted, concurs in the contents of this filing and has authorized the filing.

6

JOINT REPORT PROPOSING CASE SCHEDULE

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Candido Sesma, et al. v. State of California, et al.** | No. | **5:21-cv-01694-JWH-DTB** |

I hereby certify that on <u>November 12, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **JOINT REPORT RE JURY SITE VISIT LOGISTICS; BIFURCATION; TRIFURCATION; OTHER OUTSTANDING TRIAL RELATED ISSUES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 12, 2024</u>, at San Francisco, California.

| | |
|---|---|
| G. Guardado | /s/ G. Guardado |
| Declarant | Signature |

LA2021603706
44399981.docx