# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to Charles Sesma, deceased,<br><br>  Plaintiffs,<br><br>  v.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS, and DOES 1-20, inclusive,<br><br>  Defendants. | Case No. 5:21-cv-01694-JWH-DTBx<br><br>**ORDER DENYING DEFENDANTS' MOTION TO ALLOW JURY SITE VISIT [ECF No. 104]** |

Presently before the Court is the Motion of Defendants State of California and Andrew Ornelas for a jury site visit.[1] Defendants contend that "[i]f a jury site visit is not allowed, [they] will be greatly prejudiced."[2] Plaintiffs Candido and Cecilia Sesma oppose by arguing, among other things, that the jury will not need a site visit, that "[a] site visit would be logistically difficult and would inconvenience the Court and the public," that "Defendants' proposed excursion risks creating unnecessary appealable issues," and that Defendants' cited legal authority does not support their Motion.[3] In October 2024, the Court conducted a hearing on the Motion.[4] For the reasons set forth below, Defendants' instant Motion is **DENIED**.

## I. BACKGROUND

**A.   Procedural History**

In July 2021, Plaintiffs Candido and Cecilia Sesma—the parents of decedent Charles Sesma—commenced this civil rights action in state court against Defendants and Does 1-20.[5] The State removed the case to this Court three months later.[6] In their First Amended Complaint, filed in January 2022, Plaintiffs assert the following seven claims for relief:

- Unreasonable Search & Seizure—Detention & Arrest (42 U.S.C. § 1983);
- Unreasonable Search & Seizure—Excessive Force (42 U.S.C. § 1983);

---

[1]   Defs.' Mot. to Allow Jury Site Visit (the "Motion") [ECF No. 104].
[2]   *Id.* at 5:8.
[3]   *See* Pls.' Opp'n to the Motion (the "Opposition") [ECF No. 105].
[4]   Min. Order re: Final Pretrial Conference (the "Minute Order") [ECF No. 113].
[5]   Compl. [ECF No. 1-1].
[6]   Not. of Removal [ECF No. 1].

- Unreasonable Search & Seizure—Denial of Medical Care (42 U.S.C. § 1983);
- Fourteenth Amendment—Substantive Due Process;
- Battery (wrongful death & survival);
- Negligence (wrongful death & survival); and
- Violation of Cal. Civ. Code § 52.1.[7]

In September 2022, the Court approved the parties' stipulation to dismiss Plaintiffs' first and third claims.[8] In February 2024, the Court granted in part Defendants' motion for summary judgment, which resulted in the dismissal of Plaintiffs' fourth and seventh claims for relief.[9] The Court dismissed the Doe Defendants at the Final Pretrial Conference,[10] so Plaintiffs' claims that remain for trial are excessive force (against Ornelas), battery (against both Defendants), and negligence (against both Defendants).

**B.  Facts**

Briefly, the Amended Complaint describes the operative events as follows: "[o]n August 6, 2020, [Charles Sesma] was at or near the intersection of Haven Avenue and Guasti Road in the City of Ontario, California."[11] "[Ornelas] and [the Does] spotted [Charles Sesma] and approached him."[12] He "was experiencing a mental health crisis."[13] "[Ornelas and the Does] fired

---

[7] First Am. Compl. (the "Amended Complaint") [ECF No. 25] ¶¶ 31-84.
[8] Order Granting Stipulation Dismissing First and Third Causes of Action [ECF No. 35].
[9] Order Regarding Defs.' Mot. for Summ. J. [ECF No. 61].
[10] *See* Minute Order.
[11] Amended Complaint ¶ 21.
[12] *Id.* at ¶ 22.
[13] *Id.* at ¶ 23.

multiple shots at [Charles Sesma], striking and injuring [him] and ultimately killing him."[14]

"At all relevant times, including during all of the shots, [Charles Sesma] was not holding a gun or a knife."[15]  "[Ornelas and the Does did not] give [Charles Sesma] a warning that deadly force would be used prior to shooting. The shooting violated [Ornelas and the Does'] training and standard police officer training, including violating training with respect to the use of deadly force."[16]  "[A]fter being shot with rounds from a lethal firearm, [Charles Sesma] was immobile [and] bleeding profusely."[17]  As a result, he died.[18]

## II.  LEGAL STANDARD

"It is well established that the granting or denial of a motion for jury view of premises rests in the discretion of the trial judge." *Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967) (citing *C.I.T. Corp. v. United States*, 150 F.2d 85, 91 (9th Cir. 1945)).  When the location to be viewed is shown by photographs or other demonstrative exhibits admitted in evidence, a court does not abuse its discretion by denying a jury view.  *See id.* (citing *United States v. Pagano*, 207 F.2d 884, 885 (2d Cir. 1955)) (affirming the denial of a jury view even though "a view of the premises by the jury might have been of some value in the cross-examination of the police officers," because "the conditions involved were shown by photographs and a drawing admitted in evidence"); *see also Sandoval v. Cty. of L.A.*, 2013 WL 12080960, at *3 (C.D. Cal. Sept. 6, 2013); *Armendariz*

---

[14]  *Id.* at ¶ 25.
[15]  *Id.* at ¶ 26.
[16]  *Id.* at ¶ 27.
[17]  *Id.* at ¶ 28.
[18]  *Id.*

*v. Knowles*, 2011 WL 3862082, at *14 (N.D. Cal. Aug. 31, 2011) (applying *Hughes*).

## III.  ANALYSIS

In their Motion, Defendants provide photographic and other demonstrative evidence showing the site of the incident.[19]  Defendants may seek to present those materials at trial; subject, of course, to any appropriate evidentiary objections that Plaintiffs may raise.  In addition, Defendants' percipient witnesses—including Defendant Ornelas—may testify and provide a description of the site.[20]  The Court finds that photographs and testimony suffice for the jury to understand the incident's physical setting.  *See Hughes*, 377 F.2d at 516.

The Court also finds compelling the arguments that Plaintiffs make in opposition to Defendants' Motion.  A site visit creates more potential problems than it resolves.  First, it appears that substantial questions exist regarding whether the site currently looks like it did at the time of the incident.[21]  Second, a site visit presents unnecessary logistical issues and safety risks.[22]  Third, it would be difficult for the Court to control what the jurors would see and otherwise perceive during a journey to the site and a visit to the site itself, including impermissible discussions among themselves.[23]  Accordingly, the Court **DENIES** the Motion.

---

[19]    *See* Motion 3:8-4:28.

[20]    *See* Opposition 3:4-6.

[21]    *See* Joint Report re Jury Site Visit Logistics [ECF No. 114] 3:22-4:6.

[22]    *See* Opposition 3:11-19.

[23]    *See id.* at 3:20-25.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' instant Motion for a jury site visit [ECF No. 104] is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 25, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE