# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,

    Plaintiffs,

v.

STATE OF CALIFORNIA, ANDREW ORNELAS, and DOES 2-20, inclusive,

    Defendants.

Case No. 5:21-cv-1694-JWH-DTBx

**FINAL PRETRIAL CONFERENCE ORDER**

Following pretrial proceedings, pursuant to Rule 16 of the Federal Rules of Civil Procedure and L.R. 16, it is hereby **ORDERED** as follows:

## I. THE PARTIES

A. **Plaintiffs:**
- Candido Sesma
- Cecilia Sesma

B. **Defendants:**
- State of California
- Andrew Ornelas

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

## II. THE PLEADINGS

The pleadings that raise the issues are:
- Plaintiffs' First Amended Complaint;[1] and
- Defendants' respective Answers.[2]

## III. JURISDICTION AND VENUE

The Court has jurisdiction over this civil matter under 28 U.S.C. §§ 1331, 1343(a), & 1367, and venue is appropriate under 28 U.S.C. § 1391(b). The facts requisite to federal jurisdiction are admitted.

## IV. TRIAL ESTIMATE

The trial is set for six six-hour days (18 hours per side), not including jury selection, beginning on December 2, 2024.

## V. JURY TRIAL

The trial is to be a jury trial.

---

[1] First Am. Compl. [ECF No. 25].

[2] Ans. [ECF Nos. 29 & 31].

The parties have been and will continue to file pretrial documents according to this Court's Scheduling Order[3] regarding proposed jury instructions, proposed special verdict forms, and proposed *voir dire*.

### VI. ADMITTED AND STIPULATED FACTS

The following facts are admitted into evidence and require no proof:

1. This incident occurred on August 6, 2020, at approximately 4:30 p.m.
2. Defendant Andrew Ornelas was acting within the course and scope of his employment as a California Highway Patrol Officer.
3. Officer Ornelas was acting under color of law.

The parties do not stipulate to any facts beyond those listed in the above.

### VII. PARTIES' CLAIMS AND DEFENSES

**A.  Plaintiffs' Claims:**

Plaintiffs plan to pursue the following claims against the following Defendants:

1. Claim 1: Fourteenth Amendment—Excessive Force (42 U.S.C. § 1983)

Claim 1 is asserted by Plaintiffs against Officer Ornelas. Plaintiffs contend that Officer Ornelas used excessive force against decedent Charles Sesma in violation of Charles Sesma's Fourteenth Amendment rights and 42 U.S.C. § 1983. Officer Ornelas's use of lethal force was unconstitutional because Charles Sesma did not pose an immediate threat of death or serious bodily injury to any person.

Plaintiffs seek survival damages, including pain and suffering, and reasonable attorneys' fees and costs.

---

[3] Scheduling Order [ECF No. 67].

### 2. Claim 2: Battery

Claim 2 is asserted by Plaintiffs against Officer Ornelas directly and against the State vicariously. Plaintiffs contend that when Officer Ornelas used excessive force against Charles Sesma, Officer Ornelas committed a battery under California law. Officer Ornelas's use of lethal force was unreasonable because it was not necessary to protect human life, as Charles Sesma did not pose an immediate threat of death or serious bodily injury to Officer Ornelas or anyone else.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

### 3. Claim 3: Negligence

Claim 3 is asserted by Plaintiffs against Officer Ornelas directly and against the State vicariously. Plaintiffs contend that Officer Ornelas, while acting in the course and scope of his employment with the State, was negligent in his pre-shooting tactics, conduct, and actions/inactions, and in his use of deadly force against Charles Sesma. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-38 (2013). Plaintiffs allege that the State is vicariously liable for the wrongful death of Charles Sesma.

Plaintiffs seek survival damages and wrongful death damages. Plaintiffs seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

**B.    Defendants' Contentions:**

1. Claim 1: Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

The elements of a § 1983 excessive force claim arising under the Fourteenth Amendment are:

- Officer Ornelas acted under color of state law;
- Officer Ornelas intentionally seized decedent's person;
- The use of force was objectively unreasonable under all of the circumstances;
- The use of force caused decedent harm; and
- Plaintiffs Candido Sesma and Cecilia Sesma are successors-in-interest to Charles Sesma.

*See* Ninth Circuit Model Civil Jury Instrs. 9.3, 9.20, 9.25; *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 n.2 (9th Cir. 2006) ("[T]he decedent's 'successor in interest' may prosecute [a section 1983] survival action if the person . . . satisfies the requirements of California law.").

In determining whether the officer used excessive force, all of the circumstances known to the officer on the scene must be considered, including:

- The nature of the crime or other circumstances known to Officer Ornelas at the time force was applied;
- Whether Charles Sesma posed an immediate threat to the safety of Officer Ornelas or others;
- Whether Charles Sesma was actively resisting arrest or attempting to evade arrest by flight;
- The amount of time Officer Ornelas had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

- The relationship between the need for the use of force and the amount of force used;
- Any effort made by Officer Ornelas to temper or to limit the amount of force;
- The severity of the security problem at issue;
- The availability of alternative methods to subdue Charles Sesma;
- The number of lives at risk (motorists, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;
- Whether it was practical for Officer Ornelas to give warning of the imminent use of force, and whether such warning was given;
- Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and
- Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

Ninth Circuit Model Civil Jury Inst. 9.25.

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourteenth Amendment as applied in *Scott v. Harris*, 550 U.S. 372, 381-85 (2007); *Graham*, 490 U.S. at 397; *Tennessee v. Garner*, 471 U.S. 1, 7-12 (1985); and *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

In assessing reasonableness, the factfinder should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable

officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted). In addition, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." *See, e.g.*, *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). It is well established that when a suspect threatens an officer with a weapon or when the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force. *See Garner*, 471 at 11; *Wilkinson v. Torres*, 610 F.3d 546, 546 (9th Cir. 2010).

### 2. Claim 2: Battery

The elements of a battery claim are:

- Officer Ornelas used deadly force on Charles Sesma;
- Officer Ornelas's use of deadly force was not necessary to defend human life; and
- Officer Ornelas's use of deadly force was a substantial factor in causing Charles Sesma's harm.

CACI No. 1305B (2021 Edition) (*modified*).

The elements of a claim for battery claim by a peace officer provide that a peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Officer Ornelas unnecessarily used deadly force on Charles Sesma.

To establish this claim, Plaintiffs must prove all of the following:
- That Officer Ornelas intentionally touched Charles Sesma or caused Charles Sesma to be touched;
- That Officer Ornelas used deadly force on Charles Sesma;
- That Officer Ornelas's use of deadly force was not necessary to defend human life;
- That Charles Sesma was killed;
- That Officer Ornelas's use of deadly force was a substantial factor in causing Charles Sesma's death; and
- That Plaintiffs Candido Sesma and Cecilia Sesma are successors-in-interest to Charles Sesma.

CACI No. 1305B (2021 Edition) (*modified*).

Officer Ornelas's use of deadly force was necessary to defend human life because a reasonable officer in the same situation would have believed, based upon the totality of the circumstances known to or perceived by Officer Ornelas at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Officer Ornelas.

A person being arrested/detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no

matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Ornelas and Charles Sesma leading up to the use of deadly force. In determining whether Officer Ornelas's use of deadly force was necessary in defense of human life, the jury must consider Officer Ornelas's tactical conduct and decisions before using deadly force on Charles Sesma and whether Officer Ornelas used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics. CACI No. 1305B.

The same *Graham* factors apply to the reasonableness of the use of force as under a Fourteenth Amendment claim. *See Hernandez v. City of Pomona*, 46 Cal. 4th 501, 514 (2009). As with Fourteenth Amendment claims, a claim for battery is a personal right that may not be vicariously asserted. *See* Cal. Civ. Proc. Code § 377.32. While Plaintiffs may step into the decedent's shoes to prosecute this claim on his behalf, they have no standing to do so for themselves because Officer Ornelas did not commit a battery against Plaintiffs. Indeed, it has been established that "wrongful death" damages compensate a plaintiff for his or her own independent pecuniary injury suffered by loss of the decedent and are separate and distinct from any damages recoverable by decedent had he or she survived. *See* Cal. Civ. Proc. Code §§ 377.22, 377.60;

*Earley v. Pacific Elec. Ry. Co.*, 176 Cal. 79, 81 (1917); *Justus v. Atchison*, 19 Cal. 3d 564, 572, 573 (1977).

      3.      Claim 3:  Negligence

The elements of a negligence claim are:

- Officer Ornelas used deadly force on Charles Sesma;
- Officer Ornelas's use of deadly force was not necessary to defend human life; and
- Officer Ornelas's use of deadly force was a substantial factor in causing Charles Sesma's harm.

CACI No. 441 (2021 Edition).

The elements of a negligence claim against a peace officer for use of deadly force are:

- Officer Ornelas was a peace officer;
- Officer Ornelas used deadly force on Charles Sesma;
- Officer Ornelas's use of deadly force was not necessary to defend human life;
- Charles Sesma was killed; and
- Officer Ornelas's use of deadly force was a substantial factor in causing Charles Sesma's death.

CACI No. 441 (2021 Edition).

Officer Ornelas's use of deadly force was necessary to defend human life because a reasonable officer in the same situation would have believed, based upon the totality of the circumstances known to or perceived by Officer Ornelas at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Ornelas.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist.  Tactical repositioning or other de-escalation tactics are not retreat.  A

peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain or overcome resistance.  CACI No. 441.

Plaintiffs contend that Defendants are liable for negligence based upon alleged tactical mistakes prior to the shooting.  Under California law, negligence liability "can arise if the tactical conduct and decisions leading up to the use of deadly force [by law enforcement] show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Hayes v. County of San Diego*, 57 Cal. 4th 622, 626 (2013).  The California Supreme Court has held that:

> Where the preshooting conduct did not cause the plaintiff any injury independent of the injury resulting from the shooting, the reasonableness of the officers' preshooting conduct should not be considered in isolation. Rather, it should be considered in relation to the question whether the officers' ultimate use of deadly force was reasonable.

*Id.* at 632.

## VIII.  AFFIRMATIVE DEFENSES

**A.     Defendants Plan to Pursue the Following Affirmative Defenses:**

<u>Affirmative Defense 1:</u>  Qualified immunity against the § 1983 claim.

<u>Affirmative Defense 2:</u>  Self-defense and defense of others against the state law negligence and battery claims.

<u>Affirmative Defense 3:</u>  Comparative fault of decedent.

<u>Affirmative Defense 4:</u>  Immunity under Cal. Govt. Code § 820.2.

<u>Affirmative Defense 5:</u>  Immunity under Cal. Govt. Code § 820.4.

<u>Affirmative Defense 6:</u>  Immunity under Cal. Penal Code §§ 835 & 835a.

<u>Affirmative Defense 7:</u>  Immunity under Cal. Govt. Code § 845.8(b)(3).

<u>Affirmative Defense 8:</u>  Immunity under Cal. Penal Code § 196(b).

<u>Affirmative Defense 9:</u>  Immunity under Cal. Govt. Code § 815.2(b).

**B.     The Elements Required to Establish Defendants' Affirmative Defenses Are:**

<u>Affirmative Defense 1</u>:  Qualified immunity is a legal defense for the Court to decide when raised by a non-suit or post-verdict motion.  *See Ortiz v. Jordan*, 562 U.S. 180, 191 (2011) (holding that qualified immunity must be raised by a Rule 50 motion following trial when disputed facts precluded resolution on summary judgment).

<u>Affirmative Defense 2</u>:  The elements of self-defense are:
- Officer Ornelas reasonably believed decedent was going to harm him; and
- Officer Ornelas only used the amount of force necessary to protect himself.

CACI No. 1304—Self-Defense/Defense of Others.

<u>Affirmative Defense 3</u>:  The elements of comparative fault are:
- Charles Sesma was negligent; and
- Charles Sesma's negligence was a substantial factor in causing his death or plaintiffs' harm.

CACI 406, Comparative Fault.

<u>Affirmative Defense 4</u>:  Immunity under Cal. Govt. Code § 820.2.  The elements for this affirmative defense are:
- Officer Ornelas exercised discretion in using force on Charles Sesma;
- The discretion was vested in Officer Ornelas pursuant to his duties as a peace officer.

<u>Affirmative Defense 5</u>:  Immunity under Cal. Govt. Code § 820.4.  The elements for this affirmative defense are:
- Officer Ornelas was exercising due care;
- Officer Ornelas was enforcing the law.

<u>Affirmative Defense 6</u>:  Immunity under Cal. Penal Code §§ 835 & 835a.  The elements for this affirmative defense are:

- Officer Ornelas had reasonable cause to believe Charles Sesma committed a public offense;
- The force used was reasonable to overcome Charles Sesma's resistance and in protection of the life and safety of Officer Ornelas;
- Charles Sesma was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Ornelas.

<u>Affirmative Defense 7</u>: Immunity under Cal. Govt. Code § 845.8(b)(3). The element for this affirmative defense is that Charles Sesma was resisting arrest at the time he was injured.

<u>Affirmative Defense 8</u>: Immunity under Cal. Penal Code § 196(b). The elements for this affirmative defense are such that Officer Ornelas is not liable for the death of Charles Sesma so long as:

- Officer Ornelas had reasonable cause to believe Charles Sesma committed a public offense;
- The force used was reasonable to overcome Charles Sesma's resistance and in protection for the life and safety of Officer Ornelas; and
- Charles Sesma was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Ornelas.

<u>Affirmative Defense 9</u>: Immunity under Cal. Govt. Code § 815.2(b). The State is not "liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

## C.  Plaintiffs' Contentions

Qualified immunity does not apply here for the reasons discussed in Plaintiffs Opposition to Defendants' Motion for Summary Judgment[4] and this Court's order denying qualified immunity.[5]

---

[4]   Opp'n to Mot. for Summary J. [ECF No. 43].

[5]   Order regarding Mot. for Summary J. [ECF No. 61].

None of the immunities raised by Defendants applies here. Plaintiffs are prepared to provide supplemental briefing on this issue if the Court would find that helpful.

Regarding comparative fault, Plaintiffs agree that it is appropriate for the jury to determine that issue.

In brief, the key evidence Plaintiffs rely on for each of the claims is identical for each of the claims because each claim arises out of the same set of events and is based upon similar factors.

1. Key Testimony:
- Testimony of Candido Sesma
- Testimony of Cecilia Sesma
- Testimony of Alex Sesma
- Testimony of Scott Holdaway
- Testimony of Roger Clark
- Testimony of Andrew Ornelas
- Testimony of Jason Steen
- Testimony of Jason Nichols
- Testimony of Anthony Cichella
- Testimony of Christopher Bowen
- Testimony of Nicholas White
- Testimony of Kyle Bumanlag

2. Key Documents and Other Evidence:
- Videos of incident
- Family photos
- Coroner's Report
- Photos of Scene
- Photos of Officers
- Photos from Autopsy

3. Defendants' Evidence in Opposition

The key relevant evidence in opposition to plaintiffs' claims and in support of their affirmative defenses will be:

- The prior statements and testimony of Officer Ornelas.
- Testimony by eyewitnesses.
- Testimony by Charles Sesma's family and friends.
- Evidence gathered of the incident, including but not limited to, photographs, witness statements, dispatch recordings and logs, videos, and the reports and testimony of law enforcement investigators and forensic specialists regarding the evidence.
- Charles Sesma's prior employment and medical records.
- Charles Sesma's writings.
- Plaintiffs' responses to discovery.
- Expert testimony by Clarence Chapman regarding police procedures, including all the underlying evidence he relied on in reaching his conclusions.
- Expert testimony by Rocky Edwards regarding shooting reconstruction, including all the underlying evidence he relied on in reaching his conclusions.
- Expert testimony by Parris Ward regarding the forensic analysis of audio and video evidence, including all the underlying evidence he relied on in reaching his conclusions.

## IX.  REMAINING ISSUES

A. **Plaintiffs' Contentions:**

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

- Whether the Officer Ornelas used excessive or unreasonable force (Claims 1–3);
- Whether Officer Ornelas was negligent in his use of force considering his pre-shooting tactics (Claim 3);
- Whether Charles Sesma was comparatively negligent (Claim 3); and
- The amount of damages (Claims 1–3).

### B. Defendant's Contentions

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

- Whether Officer Ornelas used excessive and unreasonable force against the Charles Sesma;
- Whether Officer Ornelas's use of excessive and unreasonable force (if proved) was a substantial factor in causing Charles Sesma's death;
- Whether Officer Ornelas was negligent with respect to his conduct toward Charles Sesma during the incident;
- Whether Officer Ornelas's negligence was a substantial factor in causing injury, harm, and/or damage to the plaintiffs;
- The amount of damages to be awarded to plaintiffs, if any;
- Whether Officer Ornelas is entitled to qualified immunity as to the § 1983 claim;
- Whether Officer Ornelas acted in self-defense or defense of others as to the state law negligence and battery claims;
- Whether the negligence of Charles Sesma was a substantial factor in causing his death with respect to the negligence claim;
- Whether Officer Ornelas is entitled to immunity under Cal. Govt. Code § 820.2;
- Whether Officer Ornelas is entitled to immunity under Cal. Govt. Code § 820.4;

- Whether Officer Ornelas is entitled to immunity under Cal. Penal Code §§ 835 & 835a.
- Whether Officer Ornelas is entitled to immunity under Cal. Govt. Code § 845.8(b)(3); and
- Whether Officer Ornelas is entitled to immunity under Cal. Penal Code § 196(b).
- Whether the State is entitled to immunity under Cal. Govt. Code § 815.2(b).

## X.  DISCOVERY

All discovery is complete.

## XI.  DISCLOSURES

All disclosures pursuant to Rule 26(a)(3) have been made.

## XII.  EXHIBITS

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

## XIII.  WITNESSES

The joint witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).  The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh.  For this purpose, the following deposition transcripts shall be lodged with the Clerk as required by L.R. 32-1:

- Deposition of Andrew Ornelas
- Deposition of Jason Nichols
- Deposition of Susan Sesma
- Deposition of Alex Sesma
- Deposition of Ashleigh Guardado
- Deposition of Brittany Sesma

- Deposition of Candido Sesma
- Deposition of Cecilia Sesma
- Deposition of Roger Clark
- Deposition of Scott Holdaway
- Deposition of Clarence Chapman

## XIV. LAW AND MOTION

All law-and-motion matters, including Plaintiffs' and Defendants' respective Motions *in Limine*, have been decided.

## XV. BIFURCATION ISSUES

The case will not be bifurcated.

## XVI. CONCLUSION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: November 25, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-18-