**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, ANDREW ORNELAS,<br><br>Defendants. | Case No. 5:21-cv-01694- JWH (DTBx)<br><br>Assigned to:<br>Hon. District Judge John W. Holcomb<br>Hon. Magistrate Judge David T. Bristow<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants submitted the recent en banc opinion in *Estate of Hernandez v. City of Los Angeles*, No. 21-55994 (9th Cir. June 2, 2025), in support of their opposition to Plaintiffs' Motion for New Trial or, in the Alternative, Judgment as a Matter of Law. *Hernandez* is distinguishable on both factual and legal grounds, and it does not alter the conclusion that Plaintiffs are entitled to a new trial under both federal and state law.

## I. The Circumstances Facing Officers in *Hernandez* were Significantly More Dangerous and Aggravated

The central reasoning of the en banc *Hernandez* decision turned on the fact that the decedent had committed a violent felony and remained armed with a bladed weapon while threatening civilians and police officers. As the Ninth Circuit emphasized, the decedent was an "armed and dangerous criminal who [had] recently committed a serious offense," Slip Op. at 17.

By contrast, Mr. Sesma was not armed with a bladed weapon, had not committed a violent or serious offense, and had not threatened anyone. It is undisputed that this incident began as a stop related to a non-violent traffic violation involving a minor accident where no one was seriously injured. As such, the justification underpinning the en banc court's ruling in *Hernandez* does not apply here. This case falls outside the scope of *Hernandez's* rationale.

Further, in Hernandez, the decedent remained in close proximity to civilians who he had verbally threatened to hurt with a bladed weapon. He had already acted violently, and his noncompliance created a real and immediate risk to public safety. Here, the situation involved no such threat to bystanders. There is no evidence that any civilians were in danger during the encounter with Mr. Sesma. To the contrary, Officer Ornelas's use of deadly force occurred in an isolated location, without the urgency or risk that drove the outcome in Hernandez. This further diminishes the relevance of *Hernandez* to the case before this Court.

## II. Plaintiffs' Claims Arise Under Distinct and Unaffected State Law Standards

Regardless of the effect *Hernandez* may have on the federal claims, the Ninth Circuit's en banc decision has no impact on Plaintiffs' state law claims—particularly the negligence claim—which remain governed by California law. In fact, the Hernandez court explicitly vacated the district court's grant of summary judgment on the state law claims. See Slip Op. at 27. As such, Hernandez provides no guidance on the proper application of California's use-of-force standards, which are more protective than the federal constitutional standard.

At trial, Plaintiffs presented substantial evidence—including expert testimony—that Officer Ornelas acted negligently and violated California law by using deadly force despite Mr. Sesma lacking the present ability, opportunity, or apparent intent to immediately cause death or serious bodily injury. Plaintiffs also introduced extensive evidence regarding Ornelas's unreasonable pre-shooting tactics—such as his decision to ascend the bridge without waiting for a non-lethal cover officer, who was only seconds away, and his failure to reposition after the first volley of shots. These tactical choices are directly relevant under California law. See *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639, 305 P.3d 252, 263 (2013) (explaining that "state negligence law, which considers the totality of the circumstances surrounding any use of deadly force . . . is broader than federal Fourth Amendment law").

## III. The Supplemental Authority Has No Bearing on Plaintiffs' Independent Grounds for a New Trial Based on Attorney Misconduct

Finally, Hernandez has no bearing on the separate and independent basis for a new trial arising from the pervasive attorney misconduct that occurred at trial. As detailed in Plaintiffs' Motion, defense counsel's conduct substantially undermined the fairness of the proceedings and likely influenced the jury's verdict. Counsel introduced inadmissible character evidence regarding Officer Ornelas's lack of

prior shootings, repeatedly attempted to elicit expert testimony on the ultimate issue of reasonableness in direct violation of the Court's orders, misused a demonstrative exhibit in a theatrical and inflammatory manner, and contributed to confusion that resulted in the jury submitting an incorrectly completed verdict form. Under *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 346–47 (9th Cir. 1995), and its progeny, this pattern of misconduct permeated the trial and independently warrants a new trial, particularly in light of the weakness of the evidence supporting the defense verdict.

## IV. Conclusion

For these reasons, *Estate of Hernandez* does not support denying Plaintiffs' motion for a new trial. The factual distinctions are substantial, the state law claims remain governed by California's more stringent use-of-force standards, and the attorney misconduct at trial provides an independent and compelling basis for a new trial.

Dated: June 13, 2025                    LAW OFFICES OF DALE K. GALIPO

　　　　　　　　　　　　　　　　　　　/s/ *Cooper Alison-Mayne*
　　　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　　　Cooper Alison-Mayne
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*