# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CANDIDO SESMA and CECILIA SESMA, individually and as successors in interest to CHARLES SESMA, deceased,

Plaintiffs,

v.

STATE OF CALIFORNIA, ANDREW ORNELAS, and DOES 2-20, inclusive,

Defendants.

Case No. 5:21-cv-01694-JWH-DTBx

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, JUDGMENT AS A MATTER OF LAW [ECF No. 159]**

1    Before the Court is the motion of Plaintiffs Candido Sesma and Cecilia

2    Sesma for a new trial or, in the alternative, judgment as a matter of law.[1]  The

3    Court concludes that this matter is appropriate for resolution without a hearing.

4    *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support

5    and opposition,[2] the Court **DENIES** the Motion.

## I. BACKGROUND

7    The parties are familiar with the history of this case.  As relevant here,

8    Plaintiffs asserted claims for relief under 42 U.S.C. § 1983 and California law

9    against Defendants State of California and California Highway Patrol Officer

10   Andrew Ornelas.  Plaintiffs make their claims individually and as successors in

11   interest to their son, Charles Sesma.[3]

12   Defendants moved for summary judgment in September 2022.[4]  The

13   Court granted that motion with respect to Plaintiffs' Fourteenth Amendment

14   and Bane Act claims for relief, but denied it with respect to Plaintiffs' Fourth

15   Amendment, negligence, and battery claims for relief.[5]  In December 2024, the

16   Court conducted a four-day jury trial on Plaintiffs' remaining claims, after which

---

[1]    Pls.' Mot. for New Trial or, in the Alternative, J. as a Matter of Law (the
"Motion") [ECF No. 159].

[2]    The Court considered the documents of record in this action, including
the following papers:  (1) Motion; (2) Def.'s Opp'n to the Motion (the
"Opposition") [ECF No. 163]; (3) Def.'s Notice of Errata [ECF No. 165];
(4) Pls.' Reply in Supp. of the Motion (the "Reply") [ECF No. 166]; (5) Def.'s
Notice of Suppl. Authority (the "Notice") [ECF No. 168]; and (6) Pls.'
Response to the Notice [ECF No. 169].

[3]    *See generally* First Am. Compl. (the "Amended Complaint") [ECF
No. 25].

[4]    Defs.' Mot. for Summ. J. (the "Motion for Summary Judgment") [ECF
No. 38].

[5]    *See* Order re Defs.' Motion for Summary Judgment (the "Summary
Judgment Order") [ECF No. 61].

1  the jury returned a verdict in favor of Defendants.[6]  Plaintiffs filed the instant

2  Motion in a timely manner in January 2025.[7]

## II.  LEGAL STANDARD

### A.    Rule 50(b)—Renewed Motion for Judgment as a Matter of Law

5  Rule 50(b) of the Federal Rules of Civil Procedure allows a court, after the

6  conclusion of a trial, to "direct the entry of judgment as a matter of law."  A

7  post-trial Rule 50(b) motion for judgment as a matter of law is not a

8  "freestanding motion"; it is a renewed Rule 50(a) motion, which is filed before a

9  case is submitted to a jury.  *See* Fed. R. Civ. P. 50(a) & (b); *see also E.E.O.C. v.*

10  *Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).  "Because it is a

11  renewed motion . . . a party cannot properly 'raise arguments in its post-trial

12  motion for judgment as a matter of law under Rule 50(b) that it did not raise in

13  its preverdict Rule 50(a) motion.'"  *Id.* (citing *Freund v. Nycomed Amersham*, 347

14  F.3d 752, 761 (9th Cir. 2003); *Murphy v. City of Long Beach*, 914 F.2d 183, 186

15  (9th Cir. 1990)).

16  A party seeking judgment as a matter of law has a "very high" standard to

17  meet.  *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).  When the

18  court addresses the legal questions in a Rule 50(b) motion, the "test applied is

19  whether the evidence permits only one reasonable conclusion, and that

20  conclusion is contrary to the jury's verdict."  *Josephs v. Pac. Bell*, 443 F.3d 1050,

21  1062 (9th Cir. 2006).  In other words, the court can "overturn the jury's verdict

22  and grant such a motion only if 'there is no legally sufficient basis for a

23  reasonable jury to find for that party on that issue.'"  *Costa*, 299 F.3d at 859

24  (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149 (2000)).

---

27  [6]      *See* Verdict Form [ECF Nos. 147 & 156].

28  [7]      *See* Motion.

-3-

The court "may not make credibility determinations or weigh the
evidence." *E.E.O.C.*, 581 F.3d at 961. Rather, the court must "view the
evidence in the light most favorable to the nonmoving party . . . and draw all
reasonable inferences in that party's favor." *Josephs*, 443 F.3d at 1062. "Thus,
although the court should review the record as a whole, it must disregard all
evidence favorable to the moving party that the jury is not required to believe."
*Reeves*, 530 U.S. at 151 (citing 9A Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 2529, at 299 (2d ed. 1995)). "That is, the court
should give credence to the evidence favoring the nonmovant as well as that
'evidence supporting the moving party that is uncontradicted and unimpeached,
at least to the extent that that evidence comes from disinterested witnesses.'"
*Id.* (quoting Wright & Miller 300). Rule 50(b)'s "high hurdle recognizes that
credibility, inferences, and factfinding are the province of the jury, not [the]
court." *Costa*, 299 F.3d at 859; *see also Johnson v. Paradise Valley Unified Sch.
Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) (explaining that a court "may not
substitute its view of the evidence for that of the jury").

**B.    Rule 59(a)—Motion for a New Trial**

The Federal Rules of Civil Procedure permit a court to grant a new trial
"for any reason for which a new trial has heretofore been granted in an action at
law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Ninth Circuit has held
that "the trial court may grant a new trial only if the verdict is contrary to the
clear weight of the evidence, is based upon false or perjurious evidence, or to
prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729
(9th Cir. 2007). A district court "enjoys considerable discretion in granting or
denying the motion." *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003).

A new trial should be granted "if, having given full respect to the jury's
findings, the judge . . . is left with the definite and firm conviction that a mistake
has been committed." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d

1365, 1371–72 (9th Cir. 1987). But a "jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

### III.  ANALYSIS

**A.   Plaintiffs' Motion for a New Trial**

    **1.    Weight of the Evidence**

Plaintiffs ask the Court to order a new trial because the jury verdict belied the clear weight of the evidence. Specifically, Plaintiffs argue that the evidence admitted at trial established that it was unreasonable for Ornelas to fire the second volley of shots because (1) Sesma posed no threat to anyone when Ornelas fired the second volley of shots; (2) Defendants' expert admitted that it was against the State's policy for Ornelas to fire the second volley of shots; and (3) Ornelas's testimony was not credible.

With respect to Plaintiffs' first argument, the Court agrees that much of the evidence introduced at trial suggested that Sesma did not pose any threat to Ornelas when Ornelas fired the second volley of shots. But contrary to Plaintiffs' contentions, substantial evidence was admitted that supports the opposite conclusion. There was testimony, for example, that after Ornelas fired the first volley of shots, Sesma got up "immediately" and attempted to continue moving toward Ornelas.[8] The Court admitted video evidence of the shooting, and the jury could have interpreted that video evidence to find that Sesma continued toward Ornelas after the first volley of shots, such that Sesma was only a short distance away from Ornelas when Ornelas fired the second volley. The clear weight of the evidence thus does not necessitate a finding that, at the

---

[8]    *See, e.g.*, Opposition, Ex. A (Transcript of Proceedings, Day 2) [ECF No. 163] 97:20–98:5, 98:24-99:9, 177:6–24, & 181:8–16 (testimony of officers regarding perceived threat).

time that Ornelas fired the second volley of shots, a reasonable officer would have known that Sesma posed no threat to Ornelas. *See, e.g.*, *Estate of Hernandez v. City of Los Angeles*, 139 F.4th 790, 800 (9th Cir. 2025) (*en banc*) (concluding that "a reasonable officer could conclude" that a plaintiff who "reoriented himself in [the officer's] direction" and rose "halfway to a standing position" posed "an imminent threat").

Next, Plaintiffs argue that Defendants' police practices expert, Clarence Chapman, "concluded that the circumstances leading up to the second volley [of shots] likely did not justify the use of deadly force."[9] Plaintiffs overstate Chapman's testimony. When asked whether it would have been against police department policy to shoot Sesma if Sesma "never got up with his feet underneath him to start running" after the first volley of shots, Chapman agreed that Ornelas's decision to fire the second volley of shots "would probably" have been improper.[10] In view of the evidence that Sesma ***was*** able to rise to his feet, Chapman's admission is not dispositive in the way that Plaintiffs suggest.

Finally, Plaintiffs argue that the verdict was against the clear weight of the evidence because Ornelas's testimony was not credible. The Court is loath to decide the credibility of a witness when doing so may upset the jury's own credibility findings. *See Union Oil Co. of Cal. v. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003) ("It is not the courts' place to substitute our evaluations for those of the jurors."). That is particularly true when, as here, the Court finds that Ornelas's testimony, including his testimony regarding the inaccuracies in his prior statements, was honest and forthcoming.

---

[9]    *See* Motion 8:3–5.

[10]    Motion, Ex. C (Transcript of Proceedings, Day 4) [ECF No. 159-3] 218:15–25.

### 2.    Defense Counsel's Alleged Misconduct

Plaintiffs argue that a new trial is necessary because Defendants' counsel committed various prejudicial errors during the trial.  Specifically, Plaintiffs argue that defense counsel (1) "introduced inadmissible character evidence regarding Officer Ornelas's lack of prior shootings"; (2) "repeatedly attempted to elicit prohibited expert testimony on the ultimate issue of reasonableness"; (3) "misused a demonstrative exhibit by engaging in theatrical displays that served only to inflame the jury's passions"; and (4) "caused such confusion and inflamed sentiment that the jury submitted an incorrectly completed verdict form."[11]  The Court disagrees on each point.

First, Plaintiffs rely upon *Gates v. Rivera*, 993 F.3d 697 (9th Cir. 1993), and *Hesselbein v. Beckham*, 168 F. Supp. 3d 1252 (E.D. Cal. 2016), to argue that it was prejudicial error for Defendants' counsel to tell the jury during Defendants' opening statement that Ornelas had never before used lethal force.[12]  As Plaintiffs note, counsel in *Gates* and *Hesselbein* objected to that evidence at trial, but Plaintiffs' counsel did not object to Defendants' opening statement.  *See United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015) ("When a [party] fails to object to an evidentiary ruling, we review for plain error.").  Additionally, whereas *Gates* and *Hesselbein* involved evidence that was improperly introduced through witness testimony, the statement regarding Ornelas's prior use of force was made during an opening statement.[13]  The jury was instructed that the statements and arguments of counsel are not evidence and that they should not be considered as evidence, which renders any potential

---

[11]    Motion 12:3–9.

[12]    *See id.* at 12:13–13:24.

[13]    Motion, Ex. A (Transcript of Proceedings, Day 1) [ECF No. 159-1] 50:20–21.

1    prejudice negligible.  *See Gates*, 993 F.3d at 701 (noting that improper character

2    evidence does not require a new trial if the introduction of the evidence was

3    harmless).

4        Second, Plaintiffs argue that the jury was unduly prejudiced by

5    Defendants' attempt to elicit expert testimony regarding the ultimate issue in

6    this case.[14]  But Plaintiffs' counsel objected to each question that may have

7    elicited such testimony, and the Court sustained those objections.[15]  And while

8    Plaintiffs argue that the questions themselves were enough to mislead the jury,

9    Plaintiffs have not provided any support for that argument.[16]

10       Third, Plaintiffs contend that defense counsel inflamed the jury by using a

11   pipe as a demonstrative exhibit.[17]  But, as Plaintiffs note, the parties stipulated

12   that the pipe could be used as a demonstrative exhibit.[18]  And while Plaintiffs

13   speculate that defense counsel brandished the pipe in a way that overstated the

14   danger that that object could have reasonably posed to Ornelas, the Court

15   disagrees.  Although Defendants' counsel certainly used the pipe in a way that

16   was favorable to Ornelas, that usage was consistent with evidence that was

17   introduced at trial, including evidence that was admitted through Ornelas's

18   testimony.

19       Fourth, Plaintiffs assert that Defendants' counsel confused the jury by

20   providing a misleading and trivializing analogy during counsel's closing

21   argument and that such confusion is evident from the jury's failure to complete

22

23

---

24   [14]    *See* Motion 13:25–16:6.

25   [15]    *Id.* at 14:5–15.

26   [16]    *See id.* at 13:25–16:6.

27   [17]    *See id.* at 16:7–17:5.

28   [18]    *See id.* at 16:9–11.

the verdict form correctly.[19]  In context, however, the analogy was neither
misleading nor confusing—counsel simply made a point about whether three
seconds can be considered "immediate."[20]  And while Plaintiffs are correct that
the jury unnecessarily noted on the verdict form that Sesma's negligence was
the cause of his death, that mistake suggests that the jury believed that Sesma
posed an unreasonable risk of harm to Ornelas, not that the jury was confused
about the legal standard for deadly harm.

Accordingly, Plaintiffs' Motion for a New Trial is **DENIED.**

**B.    Plaintiffs' Motion for Judgment as a Matter of Law**

Plaintiffs' arguments in support of their Rule 50(b) motion are duplicative
of the arguments that they make in their Motion for a New Trial.  The Court
therefore also **DENIES** Plaintiffs' Motion for Judgment as a Matter of Law.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiffs'
instant Motion [ECF No. 159] is **DENIED.**

**IT IS SO ORDERED.**

Dated:  August 12, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[19]    *See id.* at 17:6–19:4.

[20]    Opposition, Ex. E (Transcript of Proceedings, Day 6) [ECF No. 163]
184:25–185:7.